IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.04–0034C<br>(Judge Christine Miller) |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Defendant, the United States, respectfully requests that the Court enlarge the time within which (1) defendant must respond to plaintiff's amended complaint and (2) the parties must file a joint status report proposing further proceedings by 11 days, to and including January 14, 2005. Pursuant to this Court's order dated December 3, 2004, both of these pleadings are due to be filed on January 3, 2005. Defendant has not previously requested an enlargement of time for this purpose. Counsel for defendant contacted counsel for plaintiff, Delmarva Power & Light Company ("Delmarva"), on Tuesday, December 29, 2004, regarding this motion, but has not yet been informed of plaintiff's position.

As the Court is aware, Delmarva's amended complaint alleges both breach of contract and takings damages relating to the same nuclear reactors that are involved in PSEG Nuclear, LLC v. United States, No. 01-551C (Fed. Cl.), and that were involved in Exelon Generation Company, LLC v. United States, No. 04-102C (Fed. Cl.). Although the Exelon case has been amicably resolved, the PSEG Nuclear case is still pending in this Court. On December 10, 2004, soon after the Court issued its December 3, 2004 order, the Government, after evaluating the issues in this case and comparing them to the issues and claims in PSEG Nuclear, requested that Delmarva provide the Government with copies of the assignments that it made to PSEG Nuclear, LLC

("PSEG"), and to Exelon Generation Company, LLC ("Exelon").[1] Without an understanding of the interaction of the claims that Delmarva, PSEG, Exelon, and a fourth plaintiff with claims relating to the same nuclear reactors, Atlantic City Electric Company (Docket No. 04-0036C (Fed. Cl.)), have filed in this Court, we cannot reasonably understand the degree to which these claims overlap or potentially create inconsistent or duplicative liabilities. On December 23, 2004, counsel for Delmarva provided us with selected pages from various purchase agreements through which Delmarva and Atlantic City Electric Company purported to assign claims to PSEG and Exelon. Unfortunately, because numerous individuals are on previously scheduled leave during the weekend between the December 24 and December 31 Federal holidays, it has not been possible effectively to evaluate these assignments or their effect upon this litigation, to discuss this matter with PSEG to determine whether it is willing to reduce its claim to account for Delmarva's or Atlantic City's claims, or to determine the most appropriate means to pursue any resolution of these issues. However, we have requested that Delmarva provide us with a complete copy of at least one of the purchase agreements in which these assignments are contained so that we can evaluate the assignments in their totality, but have not yet received a complete copy of that document. Further, in light of these assignments, and in light of the nature of Delmarva's claims here for the diminished sales price that it allegedly realized upon the sale of its interests in the nuclear reactors at issue to PSEG and Exelon, we must determine whether, when we file our response to Delmarva's amended complaint, it is necessary and appropriate to request some type of joinder or involvement of PSEG and/or Exelon – the alleged beneficiaries

[1] We also requested assignment documents from PSEG Nuclear, but we have not received a response to that request.

of the reduced sales price – in this action. Since soon after the Court's issuance of its December 3, 2004 order, we have been in contact with counsel for PSEG to attempt to discuss an appropriate mechanism for dealing with the various claims arising out of PSEG's contracts, and we expect to continue that discussion.

Because of personal plans relating to the Federal holiday on December 24, 2004, counsel for defendant was out of the office on December 27, 2004, and he is scheduled to be out of the country on previously scheduled annual leave from December 29, 2004, until January 6, 2005. Accordingly, he will be unable to continue his evaluation of these matters or further to discuss these matters with counsel for Delmarva or counsel for PSEG during that time period. To allow counsel for defendant to return from his previously scheduled annual leave, to attempt to continue to work with Delmarva and PSEG to determine the most appropriate means by which to proceed in this matter, and to develop an appropriate response to Delmarva's amended complaint, we respectfully request that the Court grant us an enlargement of time of 11 days to file the pleadings required by the Court's December 3, 2004 order.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

December 29, 2004

CERTIFICATE OF FILING

I hereby certify that on this 29th day of December, 2004, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner