IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.04–0034C |
| v. | ) | (Judge Christine Miller) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's order dated December 3, 2004, plaintiff, Delmarva Power & Light Company ("Delmarva"), and defendant, the United States, respectfully submit this status report "proposing a course of further proceedings."

POSITION OF DEFENDANT

Following the parties' conference with the Court on December 3, 2004, the Government has requested, and Delmarva has provided to the Government, copies of the assignments of claims that Delmarva gave to PSEG Nuclear, L.L.C. ("PSEG"), and Exelon Generation Company, the current contract holders for the contracts associated with the nuclear reactors identified in Delmarva's amended complaint: Salem Nuclear Generation Station Units 1 and 2, and Peach Bottom Atomic Power Station Units 2 and 3. Counsel for defendant has reviewed those assignments, and the Government is currently attempting to understand the scope of those assignments and to determine their effect upon this litigation. Unfortunately, because of his absence from the office from December 24, 2004, through January 6, 2005, and the subsequent need to complete extensive post-trial briefing and responses to the plaintiffs' post-trial proposed findings of fact in Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), and Maine

Yankee Atomic Power Co. .v United States, No. 98-474C (Fed. Cl.), which were filed on January 13, 2005, counsel for defendant has not yet been able to meet with counsel for plaintiff seriously to discuss the possibility of an amicable resolution of this case and a related case, Atlantic City Electric Co. v. United States, No. 04-0036C (Fed. Cl.), which was recently reassigned to the judge assigned to this case.

Nevertheless, both in December 2004 and January 2005, counsel for defendant has consulted with the attorney for PSEG regarding the possibility of a meeting between counsel for PSEG, counsel for plaintiff, and counsel for defendant to discuss the assignment issues that will affect any resolution of this case.[1] Although the Government believes that a meeting which includes PSEG is more likely to be productive in allowing the parties to determine whether the possibility of an amicable resolution of this dispute exists, counsel for defendant anticipates that, if the Government is unable to involve PSEG in that discussion, counsel would meet with counsel for plaintiff to determine whether, absent the involvement of PSEG in resolving the assignment issue, there are alternative means of resolving this case while assuring the Government that it would not be subject to potentially duplicative exposure for any claims resolved, as well as to discuss the specific claims and damages that Delmarva and Atlantic City would seek in any amicable resolution. Defendant proposes that the parties attempt to arrange

[1] It is defendant's position that any amicable resolution of any dispute between Delmarva and the Government, and between Atlantic City and the Government, would need to eliminate any possibility that another party could seek damages duplicative of those being sought by Delmarva and Atlantic City, based upon these assignments of claims. The scope of the assignment provisions of the Nuclear Waste Policy Act, 42 U.S.C. § 10222(b)(3) are currently being litigated in other spent nuclear fuel cases, including Rochester Gas & Electric Co. v. United States, No. 04-118C (Fed. Cl.), but are not yet decided. Because the Government has already settled its dispute with Exelon Generation Company, we do not see a basis at this time for involving Exelon in these discussions.

and conduct this meeting on or before January 31, 2005, at which time they will report to the Court regarding their views as to further proceedings and the likelihood of an amicable resolution.

POSITION OF DELMARVA POWER & POWER COMPANY
AND ATLANTIC CITY ELECTRIC COMPANY

At the conclusion of the hearing with the Court on December 3, 2004, counsel for Delmarva met with counsel for the Government in the courtroom and advised that Delmarva was interested in meeting as soon as possible to discuss settlement and was available virtually at any time. A meeting date was not scheduled because counsel for the Government was unable to do so at that time. Subsequently, in response to the December 14, 2004 letter from counsel for the Government requesting copies of the assignments from Delmarva to PSEG and Exelon, counsel for Delmarva responded with a December 22, 2004 letter enclosing extracts from the relevant purchase agreements regarding the assignment provisions requested. Counsel for Plaintiff stated in the letter that counsel looked forward to meeting with counsel for the Government to discuss possible resolutions of these matters at the earliest convenience for counsel for the Government. The next day, counsel for the Government sent a December 23, 2004 letter to counsel for Delmarva requesting opening copies of the five separate purchase agreements involved in these transactions. By letter of January 3, 2005 counsel for Delmarva provided the complete copy of the purchase agreement involved and advised that the other agreements were identical. The January 3 letter closed with the same request to meet with counsel for the Government to discuss resolution of this matter as soon as possible.

Upon receiving no response from the Department of Justice to Delmarva's request to meet to discuss settlement, on January 11, 2005 counsel for Delmarva telephoned counsel for the Government to request a meeting this week to discuss settlement. No response to that telephone call was received until this morning, and thus the parties have yet to meet to discuss settlement. Counsel for Delmarva also represents Atlantic City Electric Company in case number 04-0036C, which was recently assigned to Judge Christine Miller. Counsel for both Delmarva and Atlantic City remains ready, willing and able to meet with counsel for Defendant at any time to discuss settlement and to move these cases towards an amicable resolution. Defendant has today proposed that the parties attempt to arrange and conduct a meeting on or before January 31, 2005 to discuss the likelihood of a amicable resolution. While we are certainly willing to meet on or before that date, we request that a meeting date be accelerated so that the parties can begin assessing the parameters of a possible settlement and avoid any further time and expense devoted to preparation of pleadings in these two matters. Simply stated, counsel for Delmarva and Atlantic City believe that the attorneys involved in these cases could more profitably devote their time and energies towards settlement activities as opposed to continued preparation of pleadings. We therefore propose that a meeting be scheduled for the week of January 17 so that the parties may begin developing the parameters of an acceptable resolution of these matters.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

January 14, 2005

Respectfully submitted,

s/ Richard J. Conway by Harold D. Lester, Jr.

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY, LLP
2101 L Street, N.W.
Washington, DC 20037
Tele: (202) 785-9700

*Counsel for Delmarva Power & Light Company*