IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.04–0034C |
| v. | ) | (Judge Christine Miller) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE
TO DEFER SEEKING JOINDER OF THIRD PARTIES

Defendant, the United States, respectfully requests that the Court grant defendant leave temporarily to defer requesting that the Court issue notice to third parties pursuant to RCFC 14 or join third parties as third-party defendants in this case. Pursuant to RCFC 14(b)(2), motions that the Court issue notices or summons under RCFC 14 are to be filed by the United States on or before the date on which the answer is required to be filed. Our answer in this case is due today. For the reasons identified below, we believe it appropriate to attempt to reach an agreement with the plaintiff and the third parties before seeking the Court's intervention through a RCFC 14 motion.

In this case, it is clear that the plaintiff's claims implicate the claims of another plaintiff with a case pending before this Court, PSEG Nuclear, L.L.C. ("PSEG"), in a case docketed as No. 01-551C, as well as a former plaintiff in a case that has now been settled, Exelon Generation Company ("Exelon"). The plaintiff in this case sold its rights in nuclear reactors at Salem to PSEG, assigned claims to PSEG, sold its right in nuclear reactors at Peach Bottom to Exelon, and now asserts that PSEG and Exelon paid it a lesser price upon the sale than they would have had the Department of Energy not breached the Standard Contract. If, in fact, plaintiff is entitled to

recover its "diminished value" damages from the United States, it appears that the United States should, as part of any judgment in favor of PSEG in PSEG's lawsuit relating to the Salem reactor, be entitled to account for the reduced price that PSEG paid in that sale. In addition, it would appear appropriate to ensure that any issues surrounding the assignment of the plaintiff's claims to PSEG and to Exelon are resolved consistently to eliminate the possibility that the United States could be found liable to two different sets of plaintiffs for the same damages.

At this time, however, we are attempting to determine the most efficient manner in which to deal with these issues. Given that PSEG has a case currently pending before this Court, it may be appropriate to consolidate these cases so that a single judgment will resolve all of these issues in a consistent manner. In that case, notices and summons pursuant to RCFC 14 would appear unnecessary. We hope to work with PSEG and the plaintiff over the course of the next few weeks to attempt to resolve these issues, with the hope that a mutually agreeable manner of dealing with these issues will be possible without burdening the Court with disputed motions that the Court will have to resolve. So that we can attempt to resolve the issue of PSEG's involvement in this litigation through consultation with PSEG and the plaintiff before seeking the Court's involvement, and to allow us to determine whether there is any need to seek Exelon's involvement in this litigation in any way, we respectfully request that the Court allow us temporarily to defer filing our motion to join a party or issue notice to a third party pursuant to RCFC 14.

For the foregoing reasons, we respectfully request that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

January 14, 2005

CERTIFICATE OF FILING

I hereby certify that on this 14th day of January, 2005, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO DEFER SEEKING LEAVE TO JOIN THIRD PARTIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.