IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.04–0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

JOINT STATUS REPORT

Pursuant to the Court's order dated March 7, 2005, plaintiffs, Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic City"), and defendant, the United States, respectfully submit this status report "stating with particularity the status of settlement."

DEFENDANT'S STATEMENT

During the past few weeks, the parties have met on two occasions, and have engaged in additional telephonic conversations, to discuss the possibility of an amicable resolution of this litigation. During this time, the plaintiffs have also provided the Government with information, for settlement purposes only and subject to the restrictions of Federal Rule of Evidence 408, regarding some of the monetary claims that they expect to pursue in this litigation. Defendant has evaluated this information and attempted to understand the bases of the plaintiffs' claims. As part of defendant's effort to determine whether a reasonable possibility of an amicable resolution of this litigation exists, defendant has investigated several legal issues that complicate any resolution of this particular litigation, including the relationship between the plaintiffs' diminished value claims, the pending claim of one of the plaintiffs' two contract assignees for all costs incurred and to be incurred for storage of SNF (without reduction for a "reduced" sales

price in purchasing the plaintiffs' interests), and the prior settlement of the claims of the plaintiffs' other assignee, Exelon. Based upon these and other unresolved legal issues, as well as the amount of the plaintiffs' damages claims, defendant believes that, at the present time, there is not a sufficient likelihood of settlement to defer proceedings in these two consolidated cases upon the basis of a possible settlement. Nevertheless, once defendant has obtained greater information through discovery regarding the support for the plaintiffs' claimed damages, further efforts at an amicable resolution of these two cases may prove warranted. However, because we are not presently in a position to continue to pursue immediate settlement of this action, we believe it appropriate for the Court to schedule a due date for the parties' Joint Preliminary Status Report, in which the parties can identify proposals for further proceedings.

PLAINTIFF'S STATEMENT

Plaintiffs are disappointed that the Defendant has elected not to continue settlement negotiations as discussed at this Court’s December 3, 2004 hearing. The decision by the Defendant to cease further discussions is not the result of an impasse between the parties as to the appropriate amount of settlement to be agreed upon. Plaintiffs, in good faith, presented to Defendant a detailed settlement proposal setting forth the basis for their respective claims for “just compensation”. All of the data, information and settlement proposals put forth to date have been provided by the Plaintiffs to Defendant.

Specifically, on February 4, 2005, just prior to when the parties first met in person on February 7, 2005, at Defendant’s request, Plaintiffs, pursuant to Federal Rule of Evidence 408 (“FRE 408”), provided Defendant with information regarding the elements of their “just compensation” claims that would serve as the bases for their settlement proposal. At the

February 7, 2005 meeting, Plaintiff produced several of its experts, who provided counsel for Defendant a detailed Powerpoint presentation setting forth the bases of the proposed settlement. Defendant participated in this meeting solely through Counsel. No expert or representative from the U.S. Department of Energy ("DOE") attended the meeting. In an effort to foster settlement Plaintiffs indicated at the outset of the February 7, 2005 meeting that their settlement proposal was purposely conservative in that it did not include all the claim elements that they intended to introduce at trial. The following day, Counsel for Plaintiffs voluntarily forwarded to Defendant, pursuant to FRE 408, a complete copy of the Powerpoint settlement presentation in order that Defendant could have the benefit of further analysis of Plaintiffs' proposal with the input of an expert on its behalf.

On February 11, 2005, Defendant submitted three follow-up questions seeking additional clarification of elements of the presentation, along with a document request. Plaintiffs met with their experts and on February 23, 2005 provided Counsel for Defendant with complete written responses to Defendant's questions, as well as copies of the requested documents.

The next substantive settlement discussion did not occur until the parties met for the second time on March 7, 2005. At the March 7th meeting, Plaintiffs again provided Defendant access to their experts for purposes of further exploring the bases of their proposed settlement. In addition to Counsel, Defendant was represented by an expert and an individual from the DOE.

At the outset, Defendant announced that before any meaningful settlement negotiations could continue, it needed to resolve a "threshold" issue, namely, the relationship between Plaintiffs' claims for just compensation and the breach of contract damage claims of their buyers, one of which, Exelon, has already been settled by Defendant. Defendant expressed a concern

with the possibility that it could be put in the position of paying twice for the same claim. After a lengthy discussion regarding the merits and substance of the threshold issue, Counsel for Plaintiffs proposed what Plaintiffs believe to be a reasonable and effective resolution to that issue. The balance of the March 7th meeting was limited to a few further clarifying questions by Defendant's expert, to which responses were immediately provided. The meeting ended with Defendant not providing any counterproposal to Plaintiffs' proposed settlement submission.

Defendant has made no affirmative proposal directed towards reaching a settlement of these matters. Defendant has not provided a counter offer of any kind, nor has it proffered a proposed settlement amount or even responded to Plaintiffs' suggested resolution of Defendant's "threshold" issue. Other than communications regarding enlargement of time for the filing of this report, there have been no further substantive communications regarding settlement from Defendant until today, when it advised Counsel for Plaintiffs that it had several open questions that needed to be resolved before settlement discussions could be continued.

Plaintiffs believe that they have provided Defendant with an effective proposal to resolve the threshold issue identified at the March 7 meeting. As noted above, Plaintiffs have not received any response to their proposal in this regard, nor have they been advised of, nor been requested to respond to, any other issues that Defendant believes stand in the way of continuing settlement discussions.

Plaintiffs remain ready and willing to continue settlement discussions with Defendant, but so far the only substantive settlement proposals that have been proffered have been initiated by them. Plaintiffs are frustrated with the lack of progress towards achieving a settlement of their cases. Plaintiffs continue to believe that their cases can be amicably resolved with the

Defendant, especially in light of Defendant's ability to enter into a settlement in another matter with one of Plaintiffs' buyers, which settlement involves some of the very same nuclear assets involved in Plaintiffs' cases. Plaintiffs would welcome a hearing before this Court in order to explore this matter further. Plaintiffs await further direction from the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

Respectfully submitted,

s/ Richard J. Conway by s/ Nicholas W. Mattia

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY, LLP
2101 L Street, N.W.
Washington, DC 20037
Tele: (202) 785-9700

*Counsel for Delmarva Power & Light Company & Atlantic City Electric Company*

March 11, 2005