IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04–0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF ATLANTIC CITY ELECTRIC COMPANY'S AMENDED COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge of information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11; denies the remaining allegations contained in the second sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 4.

5. Denies.

6. Denies.

7. Denies.

8. The allegations contained in paragraph 8 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. Denies the allegations contained in paragraph 10 for lack of knowledge of information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge of information sufficient to form a belief as to their truth.

12. Admits.

13. The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 26 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Defendant admits the allegation contained in the sixth sentence of paragraph 26 that plaintiff was not a signatory to the cited contract; the remaining allegations contained in the sixth sentence of paragraph 26 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the seventh sentence of paragraph 26 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in the first sentence of paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 28.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; avers that plaintiff, which was not a signatory to a contract, has not been obligated to pay any

monies into the Nuclear Waste Fund. Denies the allegation contained in the second sentence of paragraph 29; avers that parties to the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11, pay fees into the Nuclear Waste Fund, rather than "consumers of nuclear-generated power;" further avers that, although contract holders have paid more than $13 billion into the Nuclear Waste Fund, they have not paid $19 billion into that fund.

30. Denies.

31. Admits the allegations contained in paragraph 31 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. The allegations contained in the first sentence of paragraph 32 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the statute and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 32. The allegations contained in the second sentence of paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 32 that, since the initiation of the 1 mil/kwh fee in 1983, the Department of Energy has not adjusted the fee, but avers that, pursuant to 42 U.S.C. § 10222(a)(4), the Department of Energy is not authorized to adjust the fee on its own accord and that Congress must review any fee adjustment proposal; denies the remaining allegations contained in the third sentence of paragraph 32. Denies the allegations contained in the fourth

sentence of paragraph 32. Admits the allegations contained in the fifth sentence of paragraph 32 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 33. Admits the allegations contained in the second and third sentences of paragraph 33 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 33. Admits the allegations contained in the fourth sentence of paragraph 33.

34. Admits the allegations contained in the first and second sentences of paragraph 34 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 34. Denies the allegations contained in the third sentence of paragraph 34.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies.

37. The allegations contained in the first sentence of paragraph 37 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 37 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 37.

38. Denies the allegations contained in the first sentence of paragraph 38. The allegations contained in the second and third sentences of paragraph 38 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Admits the allegations contained in the first and second sentence of paragraph 39 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 39. The allegations contained in the third sentence of paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 39 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 39.

40. Denies the allegations contained in the first sentence of paragraph 40. Admits the allegations contained in the second and third sentences of paragraph 40 that DOE has not yet begun the disposal of SNF under the standard contract published at 10 C.F.R. § 961.11; denies the remaining allegations contained in the second and third sentences of paragraph 40.

41. Denies.

42. The allegations contained in paragraph 42 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

43. Denies.

44. Admits the allegations contained in the first sentence of paragraph 44. Denies the allegations contained in the second sentence of paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the petition for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 46.

47. Admits the allegations contained in the first and second sentences of paragraph 47 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 47. The allegations contained in the third sentence of paragraph 47 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. Admits the allegations contained in paragraph 48 to the extent supported by the petition for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 48.

49. The allegations contained in paragraph 49 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits that DOE has not yet begun the disposal of SNF under the standard contract published at 10 C.F.R. § 961.11, that there is not yet an operational repository constructed pursuant to the requirements of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270, that DOE has publicly announced that it does not currently anticipate beginning SNF acceptance under the standard contract until at least 2010, and that many contract holders are still paying the

1 mil/kwh fee into the Nuclear Waste Fund; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in the first sentence of paragraph 50. Admits the allegations contained in the second sentence of paragraph 50 to the extent supported by the briefs that defendant filed with this Court, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 50. The allegations contained in the third sentence of paragraph 50 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in the first sentence of paragraph 52 to the extent supported by the complaints cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 52. The allegations contained in the second, third, and fourth sentences of paragraph 52 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

53. The allegations contained in the first sentence of paragraph 53 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 53 to the extent supported by the operating licenses cited, which are the best evidence

of their contents; otherwise denies the allegations contained in the second sentence of paragraph 53. Denies the allegations contained in the third sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Denies the allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. The allegations contained in paragraph 55 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. Denies the allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Denies the allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Denies the allegations contained in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. Denies the allegations contained in the first sentence of paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 60 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. Admits the allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 61 to the extent supported by the brief cited, which is the best evidence of

its contents; otherwise denies the allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 61. The allegations contained in the sixth sentence of paragraph 61 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. The allegations contained in paragraph 66 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. Admits the allegations contained in the first sentence of paragraph 68 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 68. Denies the allegations contained in the second and third sentences of paragraph 68. The allegations contained in the fourth sentence of paragraph 68 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best evidence of its contents; defendant otherwise denies the allegations contained in the fourth sentence of paragraph 68. Denies the allegations contained in the fifth sentence of paragraph 68.

69. The allegations contained in paragraph 69 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

70. The allegations contained in paragraph 70 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

73. The allegations contained in paragraph 73 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

76. Defendant's response to paragraphs 1 through 75 of the amended complaint are incorporated by reference.

77. Admits the allegations contained in the first sentence of paragraph 77 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 77. Denies the allegations contained in the second sentence of paragraph 77.

78. The allegations contained in paragraph 78 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits the allegation contained in paragraph 78 that DOE has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11; defendant otherwise denies the allegations contained in paragraph 78.

79. The allegations contained in paragraph 79 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

80. Defendant's response to paragraphs 1 through 79 of the amended complaint are incorporated by reference.

81. The allegations contained in paragraph 81 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. Denies.

84. Defendant's response to paragraphs 1 through 83 of the amended complaint are incorporated by reference.

85. The allegations contained in paragraph 85 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

86. The allegations contained in paragraph 86 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

87. The allegations contained in paragraph 87 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

90. The allegations contained in paragraph 90 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

91. Denies.

92. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 91, or to any relief whatsoever.

93. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

94. Plaintiff has failed to state a claim upon which relief can be granted.

95. Plaintiff's claims are barred by the doctrine of assignment.

96. Plaintiff's claims are barred by the doctrine of estoppel.

97. Plaintiff's claims are barred by the statute of limitations.

WHEREFORE, defendant request that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 6, 2005

CERTIFICATE OF FILING

I hereby certify that on this 6th day of April, 2005, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFF ATLANTIC CITY ELECTRIC COMPANY'S AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner