IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) | No.04–0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court amend its scheduling order dated April 7, 2005, to grant the Government an additional seven days, to and including April 28, 2005, within which to file its renewed motion for summary judgment and to grant the parties an additional seven days, to and including April 28, 2005, within which to file their Joint Status Report ("JSR") regarding consolidation or coordination of this case with PSEG Nuclear, LLC v. United States, No. 01-551C (Fed. Cl.). Those pleadings are currently due to be filed on April 21, 2005. Because of this change in schedule, defendant further requests that the Court modify the remaining schedule identified in the Court's April 7, 2005 order as follows: to permit plaintiff to file its response to the Government's brief by May 17, 2005 (rather than May 10, 2005, the day on which it is currently scheduled to be filed), and to permit defendant to file its reply by May 24, 2005 (rather than May 18, 2005). The currently scheduled oral argument, to be held at 10 a.m. on Tuesday, May 24, 2005, could be moved to Thursday, May 26, 2005, or any other date and time that the Court prefers. Counsel for plaintiffs, Richard Conway, has represented that plaintiffs, Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic City"), does not oppose this request.

With respect to the joint status report, soon after the parties' conference with the Court on April 7, 2005, counsel for defendant contacted Alex D. Tomaszczuk, counsel for the plaintiff in the PSEG Nuclear case, to discuss the issue of consolidation of the Delmarva and PSEG cases. Mr. Tomaszczuk has responded, both by telephone and by letter dated April 20, 2005, that PSEG Nuclear opposes consolidation of these cases and, it appears, sees no need for any significant coordination of the cases. As we explained in prior proceedings, the nature of the plaintiffs' diminished value claims in this case – alleging that the purchaser of their interests, PSEG Nuclear, paid a diminished purchase price for those interests because PSEG Nuclear knew that it would have to pay extended on-site storage costs and, in essence, compensated itself for at least some of those future on-site storage costs through a reduced purchase price – mandates that, if the plaintiffs here are successful, PSEG Nuclear's pending damages claims for future on-site storage costs should be reduced in an equal amount. We are discussing internally the most appropriate means of responding to PSEG Nuclear's opposition to consolidation and coordination, but need additional time to determine the most appropriate means of proceeding.

With regard to the Government's motion for summary judgment, the plaintiffs' new breach of contract claims, raised in their amended complaints, raise issues relating to the plaintiffs' assignments of their contracts and their claims to PSEG Nuclear and to Exelon Generation Company. We underestimated the amount of research time that would be necessary to respond to the breach of contract claims and have not yet been able to complete that research. The time that we have available to devote to that research has been complicated by several pre-trial issues that arose during the weeks of April 12 and 18, 2005, in one of the spent nuclear fuel cases, Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.), that required

immediate attention,[1] expert witness depositions in the TVA case, and document production issues in several other spent nuclear fuel cases. Because of the nature of the issues in this spent nuclear fuel case, we need additional time to complete our research and to prepare an appropriate motion.

For the foregoing reasons, defendant respectfully requests that the Court grant this unopposed motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 21, 2005

---

[1] The TVA case is scheduled to begin trial in Chattanooga, Tennessee, on June 21, 2005, and various pre-trial submissions are due shortly.

CERTIFICATE OF FILING

I hereby certify that on this 21st day of April, 2005, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.