**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DELMARVA POWER AND LIGHT COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-0034C** |
| | ) | **(Judge Christine Miller)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's April 7, 2005 Order, as modified on April 22, 2005, Delmarva Power and Light Company ("Delmarva") and the United States herein provide the Court with a Joint Status Report on consolidating *PSEG Nuclear, L.L.C. v. United States*, No. 01-551C ("PSEG"), with the instant cases or bringing PSEG into the cases by another means.

## I. DELMARVA AND PSEG OPPOSE CONSOLIDATION AND/OR JOINDER

Delmarva Power and Light Company ("Delmarva") does not believe that there is any need to consolidate or join PSEG Nuclear, L.L.C. ("PSEG") with Delmarva's case currently pending before the Court. As stated previously, case consolidation would not address any of the concerns raised by the Government during the April 7, 2005 status conference, but would in fact severely prejudice Delmarva by raising a variety of time-consuming issues concerning future actions that have nothing to do with Delmarva's claims. As the attached letter from counsel for PSEG demonstrates, PSEG shares Delmarva's views regarding consolidation.[1] Likewise, joinder pursuant to Rule 14 of the Rules of the Court of Federal Claims ("RCFC") would severely prejudice both Delmarva and PSEG's interests. The Court should deny the Government's

[1] *See* April 20, 2005 letter from Alex D. Tomaszczuk to Richard J. Conway and Harold D. Lester ("PSEG Nuclear is opposed to participation in the Delmarva case as a party."), attached hereto as Exhibit 1.

request for a RCFC 14(b) notice, which was made for the first time in this status report. Rule 14(b)(1) clearly states that the Court can only consider a RCFC 14(b) notice upon "its own motion or on the motion of a party." No motion is pending before the Court, and therefore, the Government's request should be denied.

Moreover, participation by PSEG in the *Delmarva* case has been rendered moot by Judge Futey's decision late last week to deny PSEG's motion for reconsideration of Judge Sypolt's January 31, 2005 Opinion and Order which dismissed on jurisdictional grounds PSEG's claims for breach of contract against the United States. *See* April 22, 2005 Opinion and Order in *PSEG Nuclear, L.L.C. v. United States*, No. 01-551C. In light of the Court's April 22, 2005 Opinion, PSEG does not now have a breach claim pending before the Court that is capable of being consolidated with *Delmarva*. Additionally, PSEG's takings claims cannot be joined or consolidated with Delmarva's because the Court stayed any consideration of those claims until the Federal Circuit resolves Judge Sypolt's underlying decision regarding jurisdiction. In any event, the nature of Delmarva's and PSEG's takings claims make joinder or consolidation unnecessary. In light of the Court's conclusion that it lacks jurisdiction over PSEG's breach of contract claims and its decision to stay PSEG's remaining takings claims, there can be no present risk to the Government of inconsistent or duplicative damages recoveries. As such, Delmarva requests that the Court maintain the status quo with respect to the present litigation. If the status of the PSEG matter should change in the future because of actions by the Federal Circuit, this issue can be addressed at that time.

## II. POSITION OF THE UNITED STATES

Pursuant to this Court's orders dated April 7 and 22, 2005, defendant provides its views "on consolidating PSEG Nuclear, L.L.C. v. United States, No. 01-551C, with the instant cases or bringing PSEG into the cases by another means."

After the parties' status conference on April 7, 2005, counsel for defendant contacted counsel for the plaintiff in the PSEG Nuclear case, PSEG Nuclear, L.L.C. ("PSEG"). Counsel for PSEG subsequently informed us that PSEG opposes any joinder of PSEG in this action or consolidation of this action with the PSEG case. As an initial matter, defendant believes that the Court should issue notice to PSEG in the Delmarva case, pursuant to RCFC 14(b) and the Contract Settlement Act, 41 U.S.C. § 114(b). Under 41 U.S.C. § 114(b), the Court may notify any party having a possible interest in any pending suit or proceeding to appear and assert or defend its interests. Should a notified party fail to appear, "any and all claims or interests in claims of any such person against the United States, in respect to the subject matter of such suit or proceeding, shall forever be barred." 41 U.S.C. § 114(b); see Del-Rio Drilling Programs, Inc. v. United States, 17 Cl. Ct. 844, 849 (1989) ("third parties who fail to appear may nonetheless be bound in a later suit in another court by certain determinations made in this court without the third party's presence"). Notice is appropriate where third parties "hav[e] possible interests [in] any suit or proceeding of any nature." 41 U.S.C. § 114(b). "The rationale behind the issuance of a notice is the prevention of numerous proceedings and determinations on an identical set of facts." Philadelphia Suburban Corp. v. United States, 211 Ct. Cl. 354, 355 (1976). "Thus it is in furtherance of the conservation of judicial time and effort that the [Court] determines that notice shall issue where interest is apparent." Id. "Should a noticed person decline to appear . . . he cannot be forced so to do, though he may nevertheless be bound, in a later suit in another court, by certain determinations of this court." Uram v. United States, 216 Ct. Cl 418, 420 (1978).

Here, the plaintiffs in this case are seeking to recover the diminished sales price that PSEG allegedly paid for their interests in the Hope Creek and Salem reactors, claiming that PSEG essentially compensated itself for the anticipated costs of future storage of its spent nuclear fuel. However, PSEG, in its case, is seeking to recover all of its costs of SNF storage that it allegedly has and will incur for continuing SNF storage. Further, as discussed in the motion for summary judgment that defendant is filing today, both of the plaintiffs in these two consolidated cases assigned their interests in the Standard Contract and their claims to PSEG and to PECO, but the effect and validity of these assignments is unresolved. Accordingly, absent coordination of these cases and the PSEG case, the Government will be faced with conflicting claims and potentially conflicting liabilities. For these reasons, issuance of notice pursuant to RCFC 14(b) and the Contract Settlement Act would reduce the possibility of the need for duplicative fact-finding proceedings, the possibility of conflicting factual findings, and the possibility of conflicting and possibly duplicative damages determinations.

In addition to our request pursuant to RCFC 14(b) and the Contract Settlement Act, defendant believes that, if the Court denies the dispositive motion that the Government is filing today, these two consolidated cases, despite PSEG's opposition, will need to be further consolidated with the PSEG case. Defendant believes that a decision regarding consolidation can be deferred until resolution of the Government's pending motion, which could render consolidation unnecessary. However, defendant cannot allow its willingness to defer consolidation until resolution of the Government's dispositive motion to prejudice the Government's right to seek consolidation. To the extent that the Court believes it appropriate for the Government to seek consolidation of these cases prior to resolution of the dispositive motion being filed today, defendant will expeditiously file the appropriate motion, in the manner contemplated by the Court's rules, upon notice of the Court's views. In any event, defendant's

position is that, if both these consolidated cases and the PSEG case proceed in this Court beyond consideration of the Government's dispositive motion, the cases must all be consolidated.[2]

[2] In PSEG, the Court, by opinion dated January 31, 2005, has ruled that PSEG's contract claims were time-barred. PSEG filed a motion for reconsideration of that opinion, and, by order dated April 22, 2005, the Court denied the motion for reconsideration. The parties in the PSEG case are to file a status report proposing further proceedings in that case on May 20, 2005. PSEG's petition for permission to appeal the January 31, 2005 interlocutory order is pending with the United States Court of Appeals for the Federal Circuit.

Date: April 28, 2005

Respectfully submitted,

/s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

*Counsel of Record for*
*Delmarva Power and Light Company*

Of Counsel:

Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

Todd L. Goodman
CONECTIV
P.O. Box 231
Wilmington, DE 19899-0231
(302) 429-3786

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2005, a copy of the foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine



DSMDB.1919790.1