Pillsbury
Winthrop
Shaw
Pittman LLP

725 South Figueroa Street
Suite 2800
Los Angeles,
CA 90017-5406
Tel 213.488.7100
Fax 213.629.1033
www.pillsburylaw.com

April 20, 2005

Alex D. Tomaszczuk
Phone: 213.488.7110
alex.tomaszczuk@pillsburylaw.com

VIA FACSIMILE AND U.S. MAIL

Richard J. Conway, Esq.
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, D.C. 20037

Harold D. Lester, Jr., Esq.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, DC 20530

Re: April 7 Orders entered by Judge Miller in Delmarva Power & Light Co. v. United States

Dear Messrs. Conway and Lester:

I write in response to the Orders entered by Judge Miller on April 7, 2005 in Delmarva Power & Light Co. v. United States, Nos. 04-34C & -36C ("Delmarva"), concerning the possibility of bringing my client, PSEG Nuclear, L.L.C., ("PSEG Nuclear") into the Delmarva case in some capacity. As I communicated to both of you last Friday by phone, PSEG Nuclear is opposed to participation in the Delmarva case as a party. PSEG Nuclear's amended complaint seeks damages from the Government for partial breach of contract, breach of the obligation of good faith and fair dealing, and for taking its real property interests. PSEG Nuclear understands that Delmarva is pursuing various legal theories, such as diminution in value, which PSEG Nuclear simply has no interest or desire to prosecute or defend. PSEG Nuclear is also opposed to consolidating its pending case, No. 01-551C (J. Futey), with the Delmarva case because the cases are in completely different procedural postures. In particular, at the present time Judge Futey is considering PSEG Nuclear's motion for reconsideration of Judge Sypolt's decision of January 31, 2005 determining that the Court of Federal Claims lacks jurisdiction over PSEG Nuclear's claim for breach of contract. Indeed, Judge Sypolt's decision has

Pillsbury
Winthrop
Shaw
Pittman LLP



Pillsbury Winthrop Shaw Pittman LLP
Alex D. Tomaszczuk
alex.tomaszczuk@pillsburylaw.com

actually dismissed PSEG Nuclear's claim for partial breach of contract, which further evidences the disparate procedural nature of the two cases.

In the event the motion for reconsideration is granted, PSEG Nuclear plans to ask Judge Futey to turn to the various other dispositive and partially dispositive motions that are pending in that case (such as, for example, PSEG Nuclear's motion for summary judgment on liability on its claim for partial breach of contract, and the parties' cross-motions for summary judgment on the acceptance rate issues). Those particular motions have been pending for more than two years. As we discern from reading Judge Miller's April 7 Order, a wholly different set of motions is apparently being briefed and will be argued on May 24, 2005 in the Delmarva case. The fact that the two cases are in such different procedural postures augurs strongly against any consolidation of the two cases at the present time. See, e.g., Judge Lettow's Order in Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 803 (2004) (denying Government's motion to consolidate on the ground, inter alia, that the cases were in different procedural postures).

Although PSEG Nuclear opposes its joinder to or consolidation with the Delmarva case, as I mentioned to you in my phone call PSEG Nuclear is not opposed to the transfer of the Delmarva and PSEG Nuclear cases such that they are on the docket of a single judge. In essence, this means that the Delmarva case would have to be transferred to Judge Futey or the PSEG Nuclear case would have to be transferred to Judge Miller. Either result would help ensure that the cases are handled in a uniform and efficient manner, even if not technically consolidated, and that any discovery is coordinated to avoid duplicative effort.

I would be most appreciative if you would communicate the views of PSEG Nuclear, as expressed herein, to Judge Miller in the status reports that are due to be filed in the Delmarva case on April 21. Finally, please note that this letterhead contains new contact information for me at my Los Angeles office; however, I continue to maintain my Tysons

Pillsbury
Winthrop
Shaw
Pittman LLP



Pillsbury Winthrop Shaw Pittman LLP
Alex D. Tomaszczuk
alex.tomaszczuk@pillsburylaw.com

Corner office, and you should continue to use my Tysons Corner office for purposes of certificates of service and other official communications. Your cooperation in this matter is greatly appreciated. Please contact me with any questions or comments.

Sincerely yours,

Alex D. Tomaszczuk
Counsel for PSEG Nuclear, L.L.C.