IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DELMARVA POWER AND LIGHT COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendants. | No. 04-0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

**PLAINTIFFS' MOTION TO EXCEED THE PAGE LIMIT**

Delmarva Power & Light Company ("Delmarva") and Atlantic Electric Company ("Atlantic") respectfully request that, pursuant to Rule 5.2(b)(2) of the Rules of this Court ("RCFC"), the Court grant leave to exceed the page limitations established in RCFC 5.2(b)(2) with regard to Delmarva's and Atlantic's Opposition to the Defendant's Motion for Summary Judgment. Delmarva's and Atlantic's brief is presently 41 pages in length, which is 21-pages above the 20-page limitation established in RCFC 5.2(b)(2.). A copy of the opposition brief which Delmarva and Atlantic seek leave to file accompanies this motion.

As the Court is aware, Defendant filed a 37-page Memorandum in Support of its Motion for Summary Judgment. The only written opportunity Delmarva and Atlantic have to be heard on these arguments is reflected in their Opposition to the Motion for Summary Judgment. Defendants, on the other hand, may file a reply, possibly raising new issues. Delmarva and Atlantic are all too familiar with the Government's approach to raising new ideas and additional case law in its reply, and Delmarva and Atlantic seek to minimize the effect that practice will have on the Court and this matter. In an effort to adequately discuss the legal issues that relate to the

arguments contained within the Motion for Summary Judgment, Delmarva and Atlantic found it necessary to exceed this Court's page limitation.

In addition, the issues in this case are complex, necessitating additional pages for their discussion. For instance, the Government not only attacks each of Delmarva's and Atlantic's claims, but also argues that the assignment claims in Delmarva's and Atlantic's asset purchase and sale agreements preclude them from pursuing breach claims. This contradicts a position the Government has taken in other SNF cases, namely that purchasers of utilities are barred from pursuing pre-purchase SNF claims that were assigned to them by the utilities' sellers. Twenty pages is not enough space to allow for sufficient discussion of all of the issues raised by the Government in its 37-page supporting memorandum.

For the forgoing reasons, Delmarva and Atlantic respectfully request that the Court grant leave to exceed the page limitations set forth in RCFC 5.2(b)(2) by 21 pages.




DOCSNY.150193.1

Date: May 25, 2005

Respectfully submitted,

s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Todd Goodman, Esq.
Assistant General Counsel
Conectiv
P. O. Box 231
Wilmington, DE 19899
(302) 429-3786




DOCSNY.150193.1

**CERTIFICATE OF FILING**

I hereby certify that on May 25, 2005, a copy of the foregoing "Plaintiffs Motion to Exceed the Page Limit" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*


DOCSNY.150193.1