IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04–0034C, into which has |
| v. | ) | been consolidated No. 04-0036C |
| | ) | (Judge Christine Miller) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE MATERIAL
SUBMITTED IN SUPPORT OF PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(e) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court strike two documents from the record included in the appendix ("Pl. App."), submitted by plaintiffs Delmarva Power & Light Company ("Delmarva"), and Atlantic City Electric Company ("Atlantic City"), in support of their response to the Government's motion for summary judgment, because both documents constitute hearsay and do not fall under any exception. First, the document entitled "Nuclear Energy Overview," beginning at Pl. App. 37, is an industry newsletter by the Nuclear Energy Institute and is being offered as evidence that the Department of Energy announced in the early 1990s that it would be unable to open a Federal repository until 2010. Second, the February 2005 article from the Greenwire news service found at Pl. App. 50, is being offered as evidence that Yucca Mountain may not open until 2012. Because both of these documents are being offered for the truth of the matter asserted, they constitute impermissible hearsay. Additionally, the Greenwire news article has absolutely no relevance to the issues raised by plaintiffs in this case. Therefore, we respectfully request that these two documents be struck from plaintiffs' appendix, as well as the corresponding references in

plaintiffs' response brief and response to the Government's proposed findings of uncontroverted fact.

BACKGROUND

In response to our motion for summary judgment, plaintiffs have submitted an appendix that includes, among other things, a February 9, 2004 newsletter entitled "Nuclear Energy Overview," published by the Nuclear Energy Institute, and a February 7, 2005 news article from Greenwire, entitled "Yucca Mountain Repository Opening No Sooner Than 2012, Official Says." See Pl. App. 37-48, 50. The Nuclear Energy Overview article contains various news stories related to the nuclear industry, including issues related to the budget requests for Yucca Mountain and potential legislation to change the funding for the Federal waste disposal program. Pl. App. 37-48. The Greenwire article discusses certain setbacks in the Government's waste disposal program, and provides several quotes from the Department of Energy's then-director of the Office of Civilian Radioactive Waste, Dr. Margaret Chu. Pl. App. 50.

In plaintiffs' response to the Government's proposed finding of uncontroverted fact number 2, plaintiffs rely upon the Nuclear Energy Overview article for the proposition that, by 1990, "DOE's revised deadline for a permanent repository had slipped to 2010." Additionally, in their brief, plaintiffs rely upon the Greenwire article in contending that, "[d]espite the Government's recalcitrance, the owners of the Nuclear Stations were forced to make immediate accommodations for the interim storage of such waste in the absence of a permanent federal repository capable of accepting SNF on or before January 31, 1998." Pl. Resp. 38-39.

## DISCUSSION

### I. TWO OF THE DOCUMENTS CONTAINED IN PLAINTIFFS' APPENDIX ARE INADMISSIBLE BECAUSE THEY CONTAIN HEARSAY AND ARE NOT SUBJECT TO ANY EXCEPTION

It is axiomatic that a party opposing summary judgment must rely upon admissible evidence. See Davis v. G.N. Mortgage Corp., 396 F.3d 869, 874 n.3 (7th Cir. 2005) (explaining that a party may not rely upon hearsay statements to oppose a motion for summary judgment). RCFC 56(e) requires that "[s]upporting and opposing affidavits . . . shall set forth such facts as would be admissible in evidence . . . . Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." RCFC 56(e).

Federal Rule of Evidence 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or the hearing, offered in evidence to prove the truth of the matter asserted." As explained in Federal Rule of Evidence 802, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Furthermore, pursuant to Federal Rule of Evidence 805, "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Courts have routinely recognized that documents such as the ones included in plaintiffs' appendix constitute hearsay. See Mayor of The City of Philadelphia v. Educational Equality League, 415 U.S. 605, 618 n.19 (1973) (acknowledging that newspaper account of events constituted hearsay); Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (concluding that newspaper article should have been stricken from summary judgment filing because it constitutes inadmissible hearsay).

Both the"Nuclear Energy Overview" industry newsletter and the Greenwire news article constitute inadmissible hearsay. Plaintiffs have offered both documents for the truth of the matters asserted in these documents: namely, that in the early 1990s, the Department of Energy announced that a Federal repository would not open until 2010, and that, more recently, an individual within the Department of Energy asserted that Yucca Mountain would not open until 2012 at the earliest. Indeed, even if the statements of Dr. Chu contained in the Greenwire news article are statements of a party opponent, and therefore qualify as an exception to the hearsay rule, the Greenwire article itself constitutes hearsay. See Horta, 4 F.3d at 8 (recognizing that statements made in newspaper article constitutes hearsay within hearsay and, therefore, should not have been considered for purposes of deciding summary judgment motion). Furthermore, neither of these documents fall under any of the exceptions to the hearsay rule. Consequently, these documents should be stricken from plaintiffs' appendix, as should the corresponding references to these documents in plaintiffs' response brief and their response to the Government's proposed findings of uncontroverted fact.

## II. ALTERNATIVELY, THE COURT SHOULD STRIKE THE GREENWIRE ARTICLE BECAUSE IT IS NOT RELEVANT TO THE ISSUES RAISED IN THIS CASE

Federal Rule of Evidence 401 defines the term "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In this case, Dr. Chu's statements in 2005 that Yucca Mountain may not open until 2012 has absolutely no relevance to the issues that plaintiffs raise in this case. Atlantic City sold its minority interests in the Hope Creek, Salem, and Peach Bottom nuclear generating facilities on October 18, 2001, and

Delmarva sold its minority interests in the Salem and Peach Bottom generating facilities on December 29, 2000. See Atlantic Amend. Compl. ¶2; Delmarva Amend. Compl. ¶2. Plaintiffs are seeking damages for the alleged diminution in value of their nuclear facilities upon sale of the facilities to third parties in 2000 and 2001, as well as damages based upon the Secretary of Energy's fee collection practices under the Nuclear Waste Fund. Neither of these damages theories are based upon any actions currently being taken by the Department of Energy, and, consequently, plaintiffs' inclusion of the February 2005 Greenwire article stating that the Department of Energy may not open Yucca Mountain until 2012 is irrelevant.

CONCLUSION

For these reasons, the United States respectfully requests that the Court strike the following materials offered by plaintiffs in support of its response to the Government's motion for summary judgment: (1) the February 9, 2004 industry newsletter entitled "Nuclear Energy Overview" found at pages 37 through 48 of plaintiffs' appendix, and the related reference in plaintiffs' response to the Government's proposed findings of uncontroverted fact; and (2) the February 7, 2005 Greenwire news article found at page 50 of plaintiffs' appendix, and the corresponding reference to the article contained on pages 38 and 39 of plaintiffs' response brief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

June 7, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2005, a copy of foregoing "DEFENDANT'S MOTION TO STRIKE MATERIAL SUBMITTED IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Joshua E. Gardner