IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER AND LIGHT COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendants. | ) | No. 04-0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE MATERIAL SUBMITTED IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic City") (collectively "Plaintiffs"), hereby submit their Response to the Government's Motion to Strike Material Submitted in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment ("Motion"), and hereby request that this Court deny the Government's Motion. Neither the *Nuclear Energy Overview*, nor the article from *Greenwire* news service (collectively, "the Articles") constitute impermissible hearsay under Federal Rule of Evidence ("FRE") 802.[1] First, the quotes from Margaret Chu contained within the *Greenwire* article are an admission by a party opponent under FRE 801(d)(2) and thus, not hearsay. Second, both articles satisfy the market reports and commercial publications exception pursuant to FRE 803(17) to the hearsay rule. To the extent that the Court determines that the articles do not fall within the market reports and commercial publications exception, Plaintiffs argue in the alternative that neither article is being offered for the truth of the

[1] Significantly, the Government does not contest the accuracy or completeness of the facts as stated by Ms. Chu in the Articles, but only the form in which they are presented to the Court.

matter asserted. Rather, the articles can be considered by the Court as evidence of the nuclear power industry's expectations and perceptions of when the Department of Energy ("DOE") was going to finally open a permanent repository.

Even if the Court deems the Articles to be hearsay, they should still be admitted into evidence in accordance with FRE 403. The relevance and probative value of both articles far exceeds any unfair prejudice they may cause, and the Articles do not confuse the issues, mislead the Court, cause undue delay, or waste the Court's time; nor is the inclusion of the articles a needless presentation of cumulative evidence. FRE 403. The Government has already conceded as much as the Articles have been submitted as evidence in prior SNF proceedings for identical purposes with nary an objection from the Government. The Government's failure to object previously to the Articles demonstrates that it is the Government's Motion that is causing undue delay and wasting both Plaintiffs' and the Court's resources in defending and hearing the Motion.

Finally, this Court should take into consideration that the Government filed its Motion for Summary Judgment before the Plaintiffs had the opportunity to take discovery in this matter. The Plaintiffs have been limited to citing the best evidence available to them regarding the Government's actions and omissions related to its failure to dispose of SNF in a timely manner. Accordingly, the Motion should be denied.

## BACKGROUND

On May 25, 2005, Plaintiffs submitted their Brief in Response to the Government's Motion for Summary Judgment ("Response"), their Response to the Government's Proposed Findings of Fact ("Plaintiffs' RPFF"), and an Appendix. In response to the Government's Proposed Finding of Fact No. 2, wherein the Government

described the statutory purposes of the NWPA, including the development of a repository to store hazardous SNF, the Plaintiffs' cited an issue of the trade publication *Nuclear Energy Overview*. Plaintiffs' RPFF p. 5. Specifically, *Nuclear Energy Overview* reported, reflecting a belief of the industry, that "DOE's revised deadline for a permanent repository had slipped to 2010." Appendix p. 41.

In its Response, Plaintiffs also cite Margaret Chu, the Director of the Department of Energy's Office of Civilian Radioactive Waste – who was quoted in the *Greenwire* article in the following manner: ". . . DOE would not file a license application for such a federal repository until the end of 2005 . . . Ms. Chu further reported that 'we're [DOE] hoping 2012' will be the year that a permanent repository begins accepting nuclear waste." Response pp. 38-39.

## DISCUSSION

### I. The Quotations From Ms. Chu Contained Within The *Greenwire* Article Are An Admission By A Party Opponent And Thus Not Hearsay

In accordance with FRE 801(d)(2)(D) a statement is not hearsay if "(1) the statement is offered against a party and (2) is a statement by the party' agent or servant concerning a matter within the scope of the agency or employment, (3) made during the existence of the relationship." Ms. Chu's statements fall within this rule. "It is a widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility." *Long Island Savings Bank v. United States*, 63 Fed. Cl. 157, 164 (2004), *quoting Globe Savings Bank F.S.B. v. United States*, 61 Fed. Cl. 91, 96-97 (2004), *Aliotta v. National R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003). Other courts have similarly admitted documentary and testimonial evidence under FRE 801(d)(2). *See Beck v. Haik*, 63 Fed. Cl. 157 377 F.3d 624, 638-40 (6th Cir. 2004)

(reversing the district court's exclusion of two letters written by a government consultant, and admitting them under FRE 801(d)(2)(D)); *see also United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (finding that statements were made in witnesses capacity as government official and as such, statements are of a party-opponent and therefore not hearsay); *United States v. American Telephone &Telegraph Company*, 498 F.Supp. 353 (D.C.D.C. 1980) (finding statements made by officials of Executive Branch agencies at proceedings before the Federal Communications Commission were admissible under the admissions by a party-opponent exception to the hearsay rule).

Ms. Chu's comments satisfy all three requirements of 801(d)(2)(D). First, Plaintiffs offer Ms. Chu's comments against the Government. "To qualify as an admission, no specific against interest component is required." *Long Island Sav,* 63 Fed. Cl. at 164, *quoting Globe Sav.*, 61 Fed. Cl. at 94-95. Second, as qualified in the Plaintiffs' Response, Ms. Chu is the director of the Department of Energy's Office of Civilian Radioactive Waste. Thus she was certainly an agent of the Government and was speaking well within the scope of her employment when she discusses the timetable for opening a permanent nuclear waste repository. Finally, as the article indicates, Ms. Chu was a "DOE official" at the time the article was published and as such, Ms. Chu was speaking during the time of her employment with the Government, satisfying the third requirement. Accordingly, Ms. Chu's statement does not constitute hearsay per FRE 801(2)(D) and should be admitted by the Court.

## II. Both the *Greenwire* Article And The *Nuclear Overview* Publication Satisfy The Market Reports and Commercial Publications Exception to the Hearsay Rule

The Articles may also be admitted under the market reports and commercial publications exception to the hearsay rule. FRE 803(17) provides that "market

quotations, tabulations, lists directories, or other published compilations, generally used and relied upon by the public or persons in particular occupations" are not excluded by the hearsay rule. While the Articles are not simply lists of data, they do meet the basis for trustworthiness, which is the "general reliance by the public or a particular segment of it," and the motivation of the author and publisher "to foster reliance by being accurate," as contemplated by the Federal Rules of Evidence Advisory Committee. Advisory Committee's Notes to FRE 803(17). In fact, the Advisory Committee's Note on Rule 803(17) includes newspaper reports as publications that may qualify for the exception. *Id.; see also United States v. Anderson*, 532 F.2d 1218, 1225 (9th Cir. 1976) (noting the use of the Wall Street Journal in context of FRE 803(17) as publication that is "accepted and trustworthy"). For instance, in *Coast Federal Bank v. United States*, 48 Fed. Cl. 402 (2000), the court admitted a Wall Street Journal article that reported stockholder lawsuits against plaintiff and another thrift. "While reporting of this kind is less objective than unadorned lists of numbers reflecting rises and falls in the market, the subjective aspect is minimal in this case." 48 Fed. Cl. at 449. As industry publications, both Articles meet the standards of FRE 803(17).

The Articles meet the requisite basis for trustworthiness as required by market report/commercial publications exception. The quotations and data taken from the Articles state the same general proposition, namely, that the date for the opening of a nuclear waste repository has been altered from the date originally contemplated. The articles are offered for the same general reason – for the industry's understanding of when a nuclear waste repository will be open. Moreover, the Articles come from publications that are relied upon by the nuclear energy industry for their accuracy. *Nuclear Energy Overview* is an industry trade publication, which is marketed as "a

weekly report to members of the nuclear energy institute." *Greenwire* is a leading source for comprehensive, daily coverage of environmental and energy politics and policy. As such, there is a segment of the nuclear energy community which relies upon the accuracy of these publications, and due to this reliance, the publishers have a vested interest in being accurate. Accordingly, the articles offered by Plaintiffs are not hearsay, but rather, fall within the market reports and public records exception to the hearsay rule.[2]

**III. Alternatively, Neither the *Greenwire* Article Nor The *Nuclear Energy Overview* Publication Are Hearsay As They Are Not Being Offered For The Truth Of The Matter Asserted**

To the extent that the Court determines that FRE 803(17) does not apply to the Articles, Plaintiffs argue that the Articles not be considered for the truth of the matter asserted therein, but rather, be considered as evidence of the understanding within the industry regarding the Government's intended acceptance of SNF. In order to qualify as inadmissible hearsay, the proposed statements must be offered for the "truth of the matter asserted." FRE 801(c). In so far as exceptions to the hearsay rule are not applicable, the Articles can be offered to demonstrate the industries' perception and belief about the opening of a nuclear waste facility. The Articles in fact demonstrate that the industry believed that a nuclear waste facility was delayed from the date originally established in the Nuclear Waste Policy Act ("NWPA") – January 31, 1998 – and acted according to this belief. The Articles clearly demonstrate that the industry

---

2 The Government's Motion also argues that that the *Greenwire* article constitutes double hearsay. According to FRE 805, however, "hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Since the substance of the *Greenwire* article is an admission by a party opponent and the article itself is a market report/commercial publication, Plaintiffs have successfully addressed the double hearsay argument raised by the Government.

perceived a lengthy delay in the fulfillment of the Government's obligations pursuant to the NWPA and the Standard Contract. As such, the hearsay rule does not preclude the Court's consideration of the Articles.

## IV. The Relevancy And Trustworthiness Of Both Publications Outweigh Any Danger Of Unfair Prejudice They Might Pose

Finally, the Articles are relevant and do not offend any of the concerns outlined by FRE 403, and as such, should be considered by the Court for the purposes offered by Plaintiffs. As demonstrated above, and contrary to the Government's allegations, the Articles are relevant in proving that Government officials have stated publicly that the opening of a nuclear waste facility was delayed substantially beyond January 31, 1998 and that the nuclear industry perceived such a delay as well. The Articles are also relevant in proving there was an actual and perceived delay in the Government's disposal of SNF. As such, Plaintiffs were forced to make arrangements for the storage of additional SNF. The perceived alteration of the date on which a nuclear waste facility would open also impacted the sale of Plaintiffs' facilities, causing the diminished value of nuclear power generators (due to the buyers' perception that they would have to undertake additional responsibility for the SNF storage until the Government acted).

The Articles do not pose a danger of unfair prejudice, confusion of the issues, misleading the Court, causing undue delay, wasting time, or of being needlessly cumulative. FRE 403. The best evidence that the Government will not be prejudiced is its own failure to object to this very evidence in the past. In *Boston Edison v. United States* (Case No. 99-447), a case in which the undersigned counsel represents the Plaintiff, the *Nuclear Energy Overview* publication was presented for identical purposes. In *Canal Electric Company v. United States* (Case No. 04-0035), the *Greenwire* article –

including the exact same quotes from Ms. Chu – was quoted. Yet this is the first time that the Government has challenged their admission. The Government's failure to object to this evidence on prior occasions demonstrates its relevance and the Government's prior view that the Articles are admissible.

Finally, given the relative infancy of this case, there is little to no risk that admitting the Articles will cause undue delay, waste time, or be cumulative of other evidence already admitted. In fact, the Government filed its Motion for Summary Judgment, prior to the initiation of discovery in these matters. Plaintiffs have not been afforded the opportunity to propound document requests, interrogatories, or requests for admissions, let alone be given the chance to elicit deposition testimony that might assist Plaintiffs in proving the allegations in their complaint. Without discovery the Plaintiffs have been forced to respond to a Motion for Summary Judgment relying upon the best evidence available to them. The Court should account for this and deny the Government's request to strike the Plaintiffs' evidence.

## CONCLUSION

For the foregoing reasons, Delmarva and Atlantic respectfully request that the Court deny the Defendant's Motion to Strike.

Date: June 24, 2005

Respectfully submitted,

s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Todd Goodman, Esq.
Assistant General Counsel
Conectiv
P. O. Box 231
Wilmington, DE 19899
(302) 429-3786

**CERTIFICATE OF FILING**

I hereby certify that on June 24, 2005, a copy of the foregoing Plaintiffs Delmarva Power and Light Company's and Atlantic City Electric Company's "Response to Defendant's Motion to Strike Material Submitted in Support of Plaintiffs' Motion for Summary Judgment" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700
*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*