# In the United States Court of Federal Claims

Nos. 04-34C & 04-36C
(Filed July 1, 2005)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **DELMARVA POWER & LIGHT CO.,** | * | **NOT TO BE PUBLISHED** |
| | * | |
| | * | |
| Plaintiff, | * | Contracts; breach of contract; takings; |
| | * | summary judgment; Spent Nuclear Fuel |
| v. | * | cases; assignment. |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant, | * | |
| ---------------------------------------- | * | |
| **ATLANTIC CITY ELECTRIC CO.,** | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Richard J. Conway, Washington, DC, for plaintiffs. Nicholas W. Mattia, Jr., Bradley D. Wine and Jeffery P. Becherer, Dickstein Shapiro Morin & Oshinsky LLP, Washington, DC, and Todd Goodman, Assistant General Counsel, Conectiv, Wilmington, DE, of counsel.

Joshua E. Gardner, Washington, DC, with whom was Assistant Attorney General Peter D. Keisler, for defendant. Jane K. Taylor, U.S. Department of Energy, of counsel.

## MEMORANDUM OPINION and ORDER

**MILLER**, Judge.

Before the court after argument is defendant's motion for summary judgment on all counts pleaded in plaintiffs' amended complaints in these consolidated cases, which are two

of sixty six similar cases pending before this court related to the Federal Government's failure to meet its obligations to dispose of Spent Nuclear Fuel ("SNF") pursuant to a "Standard Contract." Defendant's motion is the second dispositive motion filed in these two actions, and all of the SNF cases have proved to be litigious actions wherein the Government is attempting to avoid paying damages for breaches of contract. In these circumstances it is not inappropriate to recognize how the Government has elected to dedicate its enormous personnel and financial assets. While the United States expends its resources in defense of its SNF failures (and while SNF continues to stockpile), at least one other country, Japan – according to The Wall Street Journal – is completing an SNF plant which could fuel 10% of Japan's nuclear-fuel needs and help move it towards "energy self-sufficiency." 1/

Plaintiffs are former owners of minority interests in certain nuclear facilities and nonsignatories to the Standard Contract. By their amended complaints, plaintiffs seek relief under three counts for violation of the takings clause of the Fifth Amendment, breach of contract, and breach of the covenant of good faith and fair dealing.

Plaintiffs Delmarva Power and Light Co. ("Delmarva") and Atlantic City Electric Co. ("Atlantic") filed separate complaints on January 13, 2004, seeking relief solely on a takings theory. Atlantic City Electric Co. v. United States, No. 04-36C (Fed. Cl. filed Jan. 13, 2004); Delmarva Power & Light Co. v. United States, No. 04-34C (Fed. Cl. filed Jan. 13, 2004). Both Delmarva and Atlantic were owners of minority interests in two nuclear stations (Atlantic held an ownership interest in a third nuclear station, as well). They sold their interests to PSEG Power LLC ("PSEG") and PECO Energy Company ("PECO") at separate times during the 2000 and 2001 years. The Government's failure to dispose of the SNF (the history of which has been set forth succinctly in, among many other cases, Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1337-39 (Fed. Cir. 2000)), according to plaintiffs, reduced the value of their property and caused plaintiffs to receive a diminished price when they sold their interests to PSEG and PECO.

Defendant moved to dismiss both complaints on May 12, 2004. On December 2, 2004, one day prior to the hearings on these motions, both plaintiffs filed what they deem as their "protective" amended complaints, Pls.' Br. filed May 25, 2005, at 6, adding to the takings claim two additional claims for breach of contract. At the hearing on defendant's motion to dismiss in Delmarva Power & Light Co., this court informed the parties that it would defer ruling on defendant's motion because the amended complaint had just added claims and because defendant's central argument was made only in its reply brief.

---

1/ Carla Anne Robbins & Gordon Fairclough, Chain Reaction: North Korea Sparks Proliferation Fears Throughout Asia, Wall St. J., June 16, 2005, at A1.

Consequently, in order to ensure Delmarva the opportunity to be fully heard, the court presented defendant with the option of proceeding by subsequent motion. An order dated December 3, 2004, entered to that effect.

Judge George W. Miller denied the motion to dismiss Atlantic's complaint, Atlantic City Electric Co., No. 04-36C (Fed. Cl. Jan. 11, 2005) (unpubl.), and transferred the case to the undersigned by order entered on January 11, 2005. The cases were consolidated by order entered on January 21, 2005, which also allowed the parties a requested opportunity to attempt settlement. During that period the parties vacillated with respect to coordinating a related case brought by PSEG Nuclear LLC, a purchaser of plaintiffs' interests (and the purported assignee of the claims), see PSEG Nuclear LLC v. United States, No. 01-551BAF (Fed. Cl. filed Sept. 26, 2001) (currently stayed pending ruling by United States Court of Appeals for the Federal Circuit on jurisdictional issue that court has not yet decided to accept at this juncture). The settlement efforts produced no results. On April 28, 2005, defendant filed a motion for summary judgment on all counts against both Delmarva and Atlantic.

In its renewed motion, defendant argues that plaintiffs should be estopped from asserting claims for breach of contract and breach of covenant of good faith and fair dealing because they, as owners, assigned these claims to the purchasers of their interests. The court understands defendant's argument to invoke the standing doctrine, even if defendant did not articulate it as such. See Boston Edison Co. v. United States, 64 Fed. Cl. 167, 179-86 (2005). Alternatively, defendant contends that plaintiffs cannot support causes of action on these counts because their damages – the diminished value of their properties – are too remote and thus not recoverable. With respect to plaintiffs' takings claims, defendant argues that neither plaintiff has identified any cognizable taking and, accordingly, judgment should enter in its favor.

Defendant challenges plaintiffs' standing based on the assignment of their claims to the purchasers. Regardless of any inconsistent position in either the cases brought by the sellers or those brought by the purchasers, defendant argues that plaintiffs cannot plead or go forward with claims that they admit have been assigned because they do not seek to invalidate the assignment in these cases. This court is not impressed with this argument, given the litigation position that the Government has taken in these cases.

Plaintiffs pleaded two prophylactic counts to protect the timeliness of breach claims. 2/ They are pleaded in the event that defendant succeeds on its inconsistent position

---

2/ Their amended complaints recite that each plaintiff "maintains that the transfer of those claims was proper[,]" but, "[t]o the extent that the Court concurs with [defendant] on

pressed in at least PSEG Nuclear, No. 01-551BAF. Plaintiffs are entitled to assume that defendant will continue to press for invalidation of the assignments, notwithstanding defendant's assertion that it "has not challenged the assignments *in this case*." Def.'s Br. filed June 7, 2005, at 1 (emphasis supplied). Plaintiffs candidly admit that they consider the assignments to be valid, see Pls.' Br. filed May 25, 2005, at 9, and they provide defendant with an opportunity to resolve these problems so long as defendant concedes that the assignments are valid: "To the extent that the Government is willing to make such a concession, [plaintiffs] would be willing to dismiss the breach claims in the amended complaints." Id. at 8, n.4. Until defendant articulates a position in response to this offer, this court will allow plaintiffs to proceed "protectively" to develop their cases with respect to a breach at their election.

Another judge of this court recently addressed the same arguments against breach of contract claims with respect to recoverability of the damages that plaintiffs seek in these cases. Judge Lettow issued an opinion in Boston Edison Co. v. United States, 64 Fed. Cl. 167 (2005), wherein he examines the propriety of a claim for diminished value of property in another SNF case. Id. at 179-84. Although Boston Edison addresses the ability of a plaintiff to recover damages in the context of finding that the plaintiff had sufficient injury-in-fact for purposes of establishing standing, the reasoning is applicable in this context, and the court adopts that portion of the opinion as well-reasoned, based on good law, and applicable to a similar issue. The ruling in Boston Edison applies to deny defendant's motion insofar as plaintiffs will not be precluded at this time from pursuing damages as incurred and reflected by the diminished value of the nuclear stations at issue, subject to proof at trial that the damages are not consequential.

The United States Court of Federal Claims has also issued rulings on the same motion for summary judgment that defendant filed against plaintiffs' takings claims. This court refers to its earlier order denying a motion to dismiss the complaint in Detroit Edison Co. v. United States, 56 Fed. Cl. 299 (2003), which, at the time, was issued as one part of a coordinated effort to address individual issues through designated judges. Detroit Edison explicates the reasons why a SNF claimant can maintain a takings claims, in addition to a breach claim, insofar as the takings claims is not predicated upon any rights emanating from the Standard Contract. See Detroit Edison, 56 Fed. Cl. at 302-03.

---

this point, and does not agree with [plaintiffs] that [their] transfer of claims is valid, [plaintiffs] . . . assert[] claims for breach of contract and breach of the duty of good faith and fair dealing." First Amended Compl. ¶¶ 60-61, Atlantic City Electric Co., No. 04-36C (Fed. Cl., filed Dec. 2, 2004); First Amended Compl. ¶¶ 60-61, Delmarva Power & Light Co., No. 04-34C (Fed. Cl., filed Dec. 2, 2004).

Regarding the merits of the takings claims – whether plaintiffs met their burden in showing a cognizable property interests and governmental acts that constituted taking– this court refers to and adopts Judge Lettow's reasoning in Boston Edison, wherein the court found it inappropriate to enter summary judgment against a SNF claimant in the same circumstances. Boston Edison, 64 Fed. Cl. at 187-88. The dispute over the existence and origin of each plaintiff's right subject to a taking, as well as the acts which constituted the taking, if any, are factual and material, and therefore inappropriate to resolve on summary judgment. See id.

Plaintiffs articulate three distinct property interests which are cognizable for purposes of a takings claim: (1) the real property interests in the property used for storage of the SNF necessitated by the government's actions; (2) the property interests in the assets associated with the nuclear stations; and (3) the ability to enjoy the use and benefit of the nuclear stations. Pls.' Br. filed May 25, 2005, at 26. Plaintiffs seek recovery on theories of regulatory and physical takings, and plaintiffs must have the benefit of discovery insofar as the takings claims seeks to prove up the fact-intensive analysis of Penn Central Transp. Co. v. New York City, 438 U.S. 104 (1978). A more fully developed record is required. See Boston Edison, 64 Fed. Cl. 167; Sacramento Mun. Utility Dist. v. United States, 61 Fed. Cl. 438, 441-43 (2004).

This court understands that its respected colleague Judge Hodges recently rejected an SNF plaintiff's takings claim in essentially the same case with the same counsel, Canal Elec. Co. v. United States, __ Fed. Cl. __, 2005 WL 1389124 (June 9, 2005), but this court views the rulings in Boston Edison and Sacramento Municipal Utility District more aligned with the teachings of Penn Central. Finally, notwithstanding the legal difficulties posed under the Federal Circuit's recent ruling in Stearns Co. v. United States, 396 F.3d 1354 (Fed. Cir. 2005), this court finds that it would serve little purpose to preclude plaintiffs from pursuing a physical takings at this juncture. See Sacramento Mun. Utility Dist., 61 Fed. Cl. at 442-43.

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1. Defendant's motion for summary judgment is denied without prejudice to renewal.

2. Pursuant to RCFC 56(d), the facts recited above, the facts stipulated by the parties, and the facts not disputed in response to proposed findings of fact are deemed not in dispute. The following material facts remain in dispute: the origin of the rights subject to the alleged taking; the reasonableness of any investment-backed expectations; whether any cognizable

rights were taken as that term is defined under Fifth Amendment jurisprudence; whether the Government committed any acts which violate the implied duty of good faith and fair dealing.

3. Defendant's motion to strike is denied, and defendant's right to object to introduction at trial of the challenged documents is preserved.

4. The parties will submit by July 15, 2005, a schedule for all discovery, pretrial proceedings, and trial, not to exceed 10 days, to begin on May 8, 2006.

s/ Christine O.C. Miller
________________________________________
**Christine Odell Cook Miller**
Judge