IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY, Plaintiff, | ) | No.04–0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |
| v. | ) | |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Pursuant to the Court's order dated July 1, 2005, defendant respectfully submits this status report, identifying a proposed "schedule for all discovery, pretrial proceedings, and trial, not to exceed 10 days, to begin on May 8, 2006."

The parties have conferred regarding a proposed schedule, but, unfortunately, have not been able to agree upon a schedule of proceedings. Their main disagreement appears to relate to the timing of the disclosure of plaintiffs' expert reports in this case. The plaintiffs' main claim here appears to be an economic argument: that the value of their minority ownership interests in nuclear reactors in which PSEG Nuclear, LLC, and/or Exelon Generation Company held majority ownership interests was diminished because of the Department of Energy's delay in beginning spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") acceptance under the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste" ("Standard Contract"). Although the parties have agreed that initial disclosures can be made on August 30, 2005, the parties disagree about the timing of the plaintiffs' disclosure of its detailed identification of the economic basis and analysis to support its claimed damages.

The plaintiffs have suggested to us that they would provide the Government with their expert reports, including their economic analyses supporting their diminished value claims, in mid-February 2006 and that the Government should provide responsive expert reports in mid-March 2006. Given that the plaintiffs apparently believe that they need take seven months to prepare expert analyses and reports to support a diminished value claims, and given that the Government will not know the specifics or the analytical bases of the plaintiffs' diminished value claims until it receives those reports, it seems inconscienable to expect the Government to develop a complete response to the plaintiffs' damages claims only one month after the plaintiffs have provided the Government with the information necessary to analyze and evaluate them. Certainly, the plaintiffs do not need discovery from the Government to identify their diminished value damages, given that the Government is not involved in analyzing the economics and profit capabilities of commercial nuclear reactors. Instead, the party without any information to assist it in evaluating any diminished value claims in this litigation is the Government. If the plaintiffs actually need seven months to prepare their analyses, even though they do not need discovery from the Government to assist them in developing those damages claims,[1] it seems likely that the Government will need a significant period of time to evaluate and develop a response to them. Further, based upon the plaintiffs' representations during settlement discussions regarding the

[1] Even if the plaintiffs needed discovery from the Government to develop their damages claims, they have had access to the extensive database of documents that the Government has produced to all of the SNF plaintiffs in this Court since October 2004, as well as to the large number of transcripts of depositions taken of current and former Government employees by other SNF plaintiffs. Accordingly, the plaintiffs have had ample time to review and digest that discovery. Conversely, the plaintiffs have not produced any documents, damages claims, or other discovery to the Government, leaving the parties in unequal positions regarding the discovery process.

amount of the damages that they plan to seek in this litigation, the mere anticipated size of the damages claims suggests that extensive and time-consuming analysis and evaluation will be warranted.

The scheduling proposal that the plaintiffs have identified to us is simply unfair. Although we can take some discovery while we await the plaintiffs' analyses and development of the bases and quantification of their diminished value claims, the plaintiffs' plan to allow the Government only one month to evaluate and take discovery upon the bases and quantification of those claims, once developed, is simply an insufficient period of time for us to complete such activities. Absent an adequate opportunity to conduct a full analysis of the plaintiffs' damages claims, once quantified and fully developed, the Government will be highly prejudiced.

To eliminate this prejudice, we propose the following schedule, which, even then, will require the Government's attorneys to work extremely aggressively to meet the schedule:

> As the parties have agreed, the parties will exchange their initial disclosures, in accordance with RCFC 26(a)(1), by **August 30, 2005**.
>
> Plaintiffs will provide the Government with its expert reports by **December 6, 2005**.
>
> The Government will provide its responsive expert reports by **March 24, 2006**.
>
> Fact and expert discovery will close simultaneously on **April 7, 2006**.
>
> The parties will exchange the information required by paragraph 13 of RCFC Appendix A by **April 7, 2006**.
>
> The plaintiffs' contentions of fact and law, witness list, and exhibit list, as required by paragraphs 14, 15, and 16 of RCFC Appendix A, will be filed by **April 18, 2006**.

The Government's contentions of fact and law, witness list, and exhibit list, as required by paragraphs 14, 15, and 16 of RCFC Appendix A, will be filed by **April 28, 2006**.

A pre-trial conference will be held during the week of May 1, 2006.

In addition to these scheduling matters, the parties and the Court still need to define a means by which the parties to which the plaintiffs sold and assigned their interests, PSEG Nuclear, LLC ("PSEG"), and Exelon Generation Company, may be bound by the results of the Court's findings in this case. As the Court is aware, PSEG has a case pending in this Court, in which it is seeking significant damages from the Government for the breach of the Standard Contract at issue in this case. Defendant anticipates that it will address this issue in a separate pleading in the near future.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

July 15, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 15th day of July, 2005, a copy of foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.