**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DELMARVA POWER & LIGHT COMPANY**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 04-0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller)** |

**STATUS REPORT**

Pursuant to the Court's Order dated September 30, 2005, Plaintiffs Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic"), by and through their undersigned counsel, hereby submit this Status Report. On September 29, 2005, the Court conducted an off-the-record status conference, at which time plaintiffs reported to the Court regarding their efforts to obtain documents from PSEG Nuclear LLC ("PSEG") on a cooperative basis. In light of PSEG's refusal to produce documents voluntarily, plaintiffs served PSEG and several of its related entities with a subpoena *duces tecum* on September 28, 2005.

Although PSEG produced a select number of documents in response to the Delmarva and Atlantic subpoenas, PSEG refused to produced several categories of documents. In particular, PSEG withheld documents relating to:

1. the direct, rebuttal, and/or supplemental testimony, and exhibits, together with discovery responses related thereto, submitted by or on behalf of PSEG in New Jersey Board of Public Utilities Docket Nos. EO97070462 and EO97070461, relating to issues of nuclear asset valuation and/or stranded cost determinations,

2. all regulatory data requests and responses made in connection with the above state regulatory proceedings,

3. all documents, testimony, or data requests and responses related to the funding of decommissioning costs made in connection with the above state regulatory proceedings, and

4. all documents related to the testimony of Dr. Colin J. Loxley filed on behalf of PSEG in the above proceedings, including all work papers, notes, studies, or analyses whether submitted as part of the proceedings or not and specifically including the cash flow and/or discounted cash flow studies and associated discount rates and market power forecasts incorporated in those studied.

Counsel for PSEG argued that plaintiffs' requests were unduly burdensome, as the documents in question were likely available through other sources.

Following PSEG's initial refusal to produce these documents, counsel for plaintiffs and counsel for PSEG engaged in negotiations in an effort to narrow their disputes and resolve this matter without the need to seek the Court's intervention. As part of those negotiations, counsel for plaintiffs performed an exhaustive search for the requested documents from alternative sources, including the NJBPU, the New Jersey Attorney General's office, the New Jersey Department of the Ratepayer Advocate, and plaintiffs' former outside counsel, LeBoeuf, Lamb, Green, & MacRae LLP. Counsel for plaintiffs was unable to obtain the documents from these or any other source, and apprised PSEG of these efforts throughout the month of December. Finally, on January 4, 2006, counsel for PSEG informed counsel for plaintiffs that PSEG would continue to withhold the documents in question until Delmarva and Atlantic provide a declaration or affidavit detailing their efforts to locate the relevant documents and why the documents are not available from other sources.

Given PSEG's continued refusal to produce these documents, documents that are vital to the development of the damages analysis in this case, plaintiffs are unable to provide the Court with a revised proposed schedule at this time. Plaintiffs intend to file a Motion to Compel and request for expedited consideration on this matter next week.

Upon resolution of the motion and the production of the documents in question, plaintiffs will be prepared to provide the Court with a revised proposed schedule for the matters contained in ¶¶ 2-4 of the July 19, 2005 order.

Date: January 6, 2006

Respectfully submitted,

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Todd Goodman, Esq.
Assistant General Counsel
Conectiv
P. O. Box 231
Wilmington, DE 19899
(302) 429-3786

**CERTIFICATE OF FILING**

I hereby certify that on January 6, 2006, a copy of the foregoing "Status Report" was filed electronically via the Court's Electronic Case Filing System ("ECF"). I understand that notice of this filing will be sent to all parties by operation of the ECF and that parties may access this filing through the Court's system. Pursuant to the Court's Order dated February 9, 2004, plaintiffs have also delivered to chambers a courtesy copy of the foregoing Status Report.

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700
*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*