IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DELMARVA POWER AND LIGHT COMPANY,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM PUBLIC SERVICE ENTERPRISE GROUP, INC., PUBLIC SERVICE ELECTRIC AND GAS COMPANY, AND PSEG POWER, LLC, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic") (collectively, "Plaintiffs"), respectfully move the Court for expedited consideration of their Motion to Compel the production of documents from Public Service Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC (collectively, "PSEG"). Plaintiffs hereby request that PSEG be required to file its response to Plaintiffs' Motion to Compel, which was filed with the Court and served on PSEG simultaneously herewith, within seven (7) calendar days from the service of the present motion to and including Thursday, January 19, 2006. Plaintiffs' reply briefs will be filed no later than Tuesday, January 24, 2006.

On September 29, 2005, the Court conducted an off-the-record status conference, at which time Plaintiffs detailed their efforts to obtain documents vital to their damages case from PSEG. As the Court was informed at that time, Plaintiffs had engaged in a months-long effort to obtain the necessary documents through cooperative means. Due to the failure to secure the cooperation of PSEG in these efforts, Plaintiffs

informed the Court that they were required to subpoena the documents from PSEG, an effort that would be more time consuming than the then-pending trial schedule anticipated. Accordingly, the Court granted Plaintiffs' request to vacate the trial schedule and asked the parties to update the Court on the status of their efforts by December 28, 2005. The Court also offered that it would expedite consideration of any discovery motions Plaintiffs would be required to file in pursuit of their third-party discovery efforts with PSEG. Such expedited consideration is necessary, particularly given the impact that further delay of this matter will have on the scheduling of this case for trial.

As discussed during the September 29, 2005 status conference and in the accompanying Motion to Compel, the documents requested from PSEG are essential to the development of Plaintiffs case. Because Plaintiffs are the sellers of nuclear facilities, as the Court noted during a June 28, 2005 status conference, Plaintiffs have limited documents relating to the facilities. Plaintiffs must therefore look to the purchasers of their interests, and the purchasers' joint owners, for the documents needed to fully prepare their case. To obtain those records, Plaintiffs filed their subpoena more than three months ago. In the interim, Plaintiffs have engaged in a comprehensive effort to narrow their requests and seek PSEG's compliance without the need to seek the Court's intervention in this matter. To date, Plaintiffs efforts have proven unsuccessful.

Furthermore, as fully outlined in the Motion to Compel, Plaintiffs undertook substantial effort to obtain the documents from entities other that PSEG, to no avail. Plaintiffs also undertook substantial effort to obtain the documents from PSEG without the need for a subpoena or through the subpoena issued by the United States. Those efforts were also unsuccessful.

As a result of these stymied efforts, Plaintiffs were left with no choice but to file the Motion to Compel. Given the lengthy negotiations between the parties relating to the documents at issue, the fact that the parties' positions have been fully articulated in numerous letters, electronic mail messages, and verbal exchanges, Plaintiffs do not believe PSEG would suffer undue burden in responding to the Motion to Compel within seven (7) calendar days. PSEG has been aware since at least October 18, 2005 (only 6 days after it filed it objections) of Plaintiffs intent to file a Motion to Compel if resolution was not obtained. (*See* Oct. 18, 2005 letter from Richard J. Conway to Alex Tomaszczuk (attached to the Motion to Compel as Exhibit F).)

Based on the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Expedited Consideration and provide such other and further relief as may be necessary. Plaintiffs further request that following receipt of Plaintiffs' reply brief, the Court hold an expedited hearing on the Motion to Compel if the Court deems one necessary.

Date: January 12, 2006

Respectfully submitted,

s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Todd Goodman, Esq.
Assistant General Counsel
Pepco Holdings, Inc.
P. O. Box 231
Wilmington, Delaware 19899
(302) 429-3786

**CERTIFICATE OF FILING**

I hereby certify that on January 12, 2006, a copy of the foregoing "Plaintiffs' Motion for Expedited Consideration of Plaintiffs' Motion to Compel the Production of Documents from Public Service Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Additionally, the foregoing "Plaintiffs' Motion for Expedited Consideration of Plaintiffs' Motion to Compel the Production of Documents from Public Service Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC" was served by facsimile and U.S. Mail (postage pre-paid, first class) this 12th day of January, 2006, upon:

Public Service Enterprise Group Incorporated
80 Park Plaza
Newark, New Jersey 07101-0000
SERVE ON: Edward J. Biggins, Jr.

Public Service Electric and Gas Company
80 Park Plaza
Newark, New Jersey 07101-0000
SERVE ON: Robert S. Smith

PSEG Power LLC
80 Park Plaza
Newark, New Jersey 07101-0000
SERVE ON: Edward J. Biggins, Jr.

And by electronic mail and facsimile this 12th day of January, 2006 upon:

Alex D. Tomaszczuk
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017
Alex.tomaszczuk@pillsburylaw.com

Counsel for Public Service Enterprise Group Incorporated
Public Service Electric and Gas Company, and
PSEG Power LLC

s/ Bradley D. Wine
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700
*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **DELMARVA POWER AND LIGHT COMPANY,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 04-0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller)** |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Expedited Consideration of its Motion to Compel the Production of Documents by Public Service Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC (collectively, "PSEG"), and the Court, having reviewed the motion and finding good cause for the relief requested, hereby **ORDERS** that PSEG file its response, if any, to Plaintiffs' Motion to Compel within seven (7) calendar days of service upon it of the Motion.

______________________________

Christine Odell Cook Miller
Judge