**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 18, 2006)

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0034C into which has been consolidated No. 04-0036C (Judge Christine Miller) |

**EXPEDITED RESPONSE OF THIRD-PARTY PSEG NUCLEAR, LLC**
**TO PLAINTIFFS' MOTION TO COMPEL**

Third-party PSEG Nuclear, LLC (and related third-parties Public Service Electric and Gas Company, Public Services Enterprise Group, Inc. and PSEG Power, LLC) (together "PSEG") respectfully submit this response to the motion to compel filed by Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic") (collectively, "Plaintiffs"). For the reasons set forth herein, Plaintiffs' motion should be denied or held in abeyance until January 26, 2006.[1]

The issue now before the Court is Plaintiffs' motion to compel documents responsive to requests 18 through 21 in a subpoena duces tecum served on PSEG on September 29, 2005. These documents concern New Jersey Board of Public Utilities ("NJBPU")

[1] In submitting this expedited response, PSEG assumes the Court in its Order of January 13, 2006 was directing PSEG to file a response to Plaintiffs' Motion To Compel by January 18, 2006. However, since the Order directs "Defendant" to file a response by that date and since PSEG is not "Defendant," PSEG's assumption may be inaccurate. If that is the case, PSEG would welcome the opportunity to brief this

Footnote continued on next page

proceedings held approximately eight years ago in which the Plaintiffs participated as parties and were represented by the law firm LeBoeuf Lamb Greene & McRae LLP ("LeBoeuf"). Although Plaintiffs' have submitted affidavits detailing their efforts to locate those documents, the affidavits do not explain why the documents are not available to them or their counsel. Notably, the affidavits do not state that the requested documents do not exist in the files of the Plaintiffs or their counsel, but rather state only the documents cannot be located readily. Indeed, the affidavits do not even state that all the client files retained by the LeBoeuf firm have actually been requested by Atlantic from LeBoeuf and reviewed by Atlantic or its representatives.[2] In short, while Plaintiffs have made some efforts to locate the NJBPU documents, those efforts establish only that Plaintiffs cannot readily locate the NJBPU documents they now deem "essential." See Motion to Compel at 8. Ironically, PSEG faces the same situation in locating the requested documents as do Plaintiffs. Indeed, were the documents as readily available to PSEG as Plaintiffs opine, they would have been produced with the other eleven (11) boxes of material PSEG located and produced.

Equally telling is the fact that the affidavits completely fail to explain why the NJBPU documents (which apparently pre-date the sale of Plaintiffs' interests to PSEG) are "essential" to a diminution in value claim based upon Atlantic's and Delmarva's subsequent sale (in 1999) of their minority interests (approximately 8%) in the affected nuclear plants. Obviously, even without the documents, Plaintiffs apparently are sufficiently knowledgeable

---

Footnote continued from previous page

issue with more than the two working days apparently allotted by the Court for PSEG's response.

[2] According to paragraph 13 of Mr. Goodman's affidavit, his contact with the LeBoeuf firm was through a former lawyer at the firm (Mr. Mucci), not with LeBoeuf directly.

to contend that PSEG's internal valuation of the plants resulted in a "dollar per kilowatt value very similar to that which PSEG paid to Plaintiffs." See Motion to Compel at 3. Plaintiffs are also able to submit Rule 26 disclosures to the Government valuing their claims in the range of $200-800 million, and have identified a score of fact witnesses and consultants who have knowledge and will presumably testify in support of Plaintiffs' claims (even without the NJBPU materials).

Rather than address these key issues squarely, Plaintiffs seek simply to foist the burden of searching for and locating the documents onto PSEG, which has no interest in the case or the claims of Delmarva and Atlantic. As this Court itself recently noted in a spent nuclear fuel case discovery dispute, however, "The proper standard for discovery requests is to 'balance the burden on the interrogated party against the benefit to the discovering party of having the information.'" Pacific Gas and Electric Company v. United States, No. 04-74C, 2005 WL 3497801 at *3 (Fed. Cl., Dec. 22. 2005) (denying plaintiff's motion to compel production of NRC documents) (internal quotation omitted). In balancing the competing interests at stake here, the clear weight of interests favors PSEG, not Atlantic or Delaware.

As an operating utility and the owner of the Salem and Hope Creek nuclear plants in question, PSEG has day-to-day obligations to its customers and shareholders and limited resources to devote further time and money to the litigation pursuits of Atlantic and Delmarva, neither of which is in any way involved today in either generating nuclear energy or in having to address at its facilities the on-going cost of storing spent nuclear fuel (which the Government was obligated to begin disposing in 1998). The administrative burden on PSEG now is particularly severe given that a pending merger involving PSEG and Exelon is itself the subject of on-going hearings at the NJBPU, involving many of the same company

officials who were involved in the NJBPU proceedings concerning the sale of Plaintiffs' interests to PSEG. Thus, in balancing the burdens at issue here, the Court must consider that (1) Plaintiffs at one time clearly had access to the documents, (2) Plaintiffs cannot explain why the documents cannot be located in their own files or the files of their counsel, (3) Plaintiffs have made no showing why testimony of their own experts and fact witnesses would not establish their claim that DOE's breach caused them to receive a reduced value for their minority interest in the plants, and (4) PSEG has already expended substantial resources in securing and producing thousands of pages of responsive documents and should not be required effectively to shoulder all of the burden of litigating Plaintiffs' claim. For these reasons, the Court should deny Plaintiffs' Motion to Compel.

However, assuming the Court rejects these arguments, and notwithstanding the fact that PSEG has already produced approximately 27,000 pages of material to the Plaintiffs and the Government,[3] in a further show of good faith PSEG is willing to undertake a search for documents responsive to requests 18 through 21 and to report back to the Court and parties on or before Thursday, January 26, 2006 detailing its efforts to locate the documents. If the documents can be located, PSEG will make them available for review by counsel for the parties at a mutually agreed date at PSEG's facilities in New Jersey.[4]

---

[3] Plaintiffs' assertion that PSEG did not produce a privilege log is inaccurate. A privilege log was compiled and sent to Plaintiffs' and Defendant's counsel with CD-ROMs of document images under cover letters dated September 19, 2005 and December 9, 2005. See Attachments A & B.

[4] Given that the normal time period for a response to a motion to compel under the Court's rules would be 14 days (not including any extra time depending upon the mode of service), January 26 is the same date that PSEG's response to Plaintiffs' motion to compel would have otherwise been due (but for the grant of expedited consideration).

Finally, PSEG continues to object to Plaintiffs' assertions that it has the right to bring this underlying action or that this Court has somehow sanctioned it. As to the first point, Atlantic and Delmarva transferred all claims against the Department of Energy to PSEG in connection with the Purchase and Sale agreements dated September 1999. While this Court has denied the Government's motion to dismiss or for summary judgment directed to those claims against the Government, it has never adjudicated – nor does it possess jurisdiction to adjudicate – the obligations of Atlantic and Delmarva vis-à-vis PSEG under the parties' Purchase and Sale agreements. The rights and obligations of the parties under those Purchase and Sale agreements are subject to the disputes provision contained therein, including the

clause requiring binding arbitration, and PSEG fully reserves its right to invoke those provisions as this matter proceeds and as circumstances may dictate.

Dated: January 18, 2006

Respectfully Submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk

Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd.
McLean, VA 22102-4859
Telephone: (703) 770-7940
Fax: (703) 770-7901
Counsel for
PSEG Nuclear, LLC
Public Service Electric and Gas Company
PSEG Power LLC
Public Service Enterprise Group, Inc.

**OF COUNSEL**
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street NW
Washington, DC 20037-1128
Telephone: (202) 663-8000
Fax: (202) 663-8007