IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER AND LIGHT COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

**PLAINTIFFS' REPLY TO THE EXPEDITED RESPONSE OF PSEG NUCLEAR, LLC TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM PUBLIC SERVICE ENTERPRISE GROUP, INC., PUBLIC SERVICE ELECTRIC AND GAS COMPANY, AND PSEG POWER, LLC**

Plaintiffs Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic") (collectively, "Plaintiffs"), respectfully submit this Reply to the Expedited Response of PSEG Nuclear, LLC to Plaintiffs' Motion to Compel the Production of Documents from Public Services Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC (together, "PSEG"). In light of the need to resolve this outstanding dispute in an expeditious fashion, Plaintiffs request that the Court conduct a hearing on the Motion to Compel at the Court's earliest convenience next week.

There can be little doubt that Plaintiffs' need for the documents clearly outweighs any alleged incidental burden on PSEG. *See* Motion at 2-3, 11-13, 17. The documents Plaintiffs seek contain the analyses, working assumptions, and methodologies underlying PSEG's valuation of the Nuclear Assets (including the impact of spent nuclear fuel on such valuation) in connection with its transfer from PSEG's regulated utility to its unregulated subsidiary shortly before Plaintiffs' sale of their interests in the very same Nuclear Assets. PSEG's internal transfer of the Nuclear

Assets was part of a major regulatory proceeding to restructure PSEG's utility operations conducted before the New Jersey Board of Public Utilities ("NJBPU"). That proceeding resulted in the NJBPU approving the transfer of the Nuclear Stations from PSEG's books to its unregulated affiliate's books and establishing the fair market value for the Nuclear Stations that would govern that transaction. The NJBPU Order resulting from that proceeding (attached hereto as Exhibit A) specifically references the valuation studies and analyses performed by PSEG, and that those studies and analyses were entered into the record of that proceeding. *See* Exhibit A at 58, 102-103. PSEG's speculative claim that Plaintiffs can utilize experts and consultants in lieu of the documents does not relieve PSEG of its responsibility to produce the documents, particularly given their probative value. The facts surrounding the transfer of the Nuclear Stations from PSEG to its unregulated affiliate will likely be central to Plaintiffs' experts' analyses and their "diminished value" damages claims.

PSEG's ongoing efforts to deny Plaintiffs the opportunity to fully discover facts essential to their damages claims are based upon a faulty legal premise. Without any support in the law or facts, PSEG argues that Plaintiffs have failed to obtain the documents from sources other than PSEG. According to PSEG, Plaintiffs were required to "explain why the documents are not available to them or their counsel" and prove that the "requested documents do not exist in the files of the Plaintiffs or their counsel." Response at 2. Despite PSEG's assertions, Plaintiffs have amply satisfied their burden to "take *reasonable steps* to avoid imposing undue burden or expense on a person subject to that subpoena." Rules of the Court of Federal Claims ("RCFC") 45(c)(1) (emphasis added). Indeed, as described in the three affidavits and numerous exhibits attached to the Motion, Plaintiffs have gone to great lengths (and at significant expense) to obtain

the documents in question through other means. Plaintiffs' efforts have included an exhaustive search of their own files, the files of their outside counsel and agents, and various regulatory agencies – including the case files of the NJBPU, as well as from PSEG voluntarily.[1] *See* Motion at 2-9. Plaintiffs are not required to "explain *why* the documents are not available to them or their counsel." Response at 2 (emphasis added). Rather, Plaintiffs are only required to demonstrate that they engaged in a reasonable effort to obtain the documents through other means, and that those efforts were unsuccessful. In this regard, Plaintiffs have more than satisfied their burden of demonstrating that they have taken reasonable steps to avoid imposing an undue burden on PSEG.

Plaintiffs have also proven that their need for the documents in question outweighs the burden on PSEG (*if any*) of producing them. PSEG cites *Pacific Gas and Electric Company v. United States*, No. 04-0074 (Fed. C., Dec. 22, 2005) ("*PG&E*") for the proposition that Plaintiffs' request for documents is unduly burdensome. Response at 3. In *PG&E*, the Court weighed Pacific Gas & Electric's need for documents against the burden on the Nuclear Regulatory Commission ("NRC") to produce them. The Court concluded that Pacific Gas & Electric, the party issuing the subpoena to the NRC, failed to "allege that it does not have the documents or that the documents have been lost," while the NRC was able to prove the burdensome nature of Pacific Gas & Electric's requests through the affidavit of a Government employee. *See Id.* at *6, citing *Lamoureux v. Genesis Pharmacy Servs., Inc.*, 226 F.R.D. 154, 158 (D. Conn. 2004). Weighing Pacific

[1] PSEG argues that Plaintiffs must have reviewed "*all* of the client files retained by" their outside counsel. *See* Response at 2. LeBoeuf, Lamb, Green & McRae, LLC ("LeBoeuf") has represented Plaintiffs in numerous cases and has various and voluminous case files from those representations. As such, Plaintiffs requested only those files which would reasonably contain the requested materials.

Gas & Electric's lack of evidence against the NRC's compelling evidence of burden, the Court ordered Pacific Gas & Electric to narrow its document request. *PG&E* at *6.

In the present case, the exact *opposite* circumstances exist. Plaintiffs have offered substantial evidence of their need for the documents in question and their efforts to obtain the documents through other sources. Plaintiffs have provided the Court with three affidavits and numerous exhibits in support of the Motion to Compel, while PSEG has failed to offer any evidence in support of its claim of burden. As the *PG&E* Court noted, "[w]hile the court may limit discovery, the court should do so based on *evidence of the burden involved*, not on a *mere recitation* that the discovery request is unduly burdensome." *PG&E*, at *4 (emphasis added). At best, PSEG has merely suggested that Plaintiffs' discovery request is unduly burdensome. Such a suggestion is not sufficient to relieve PSEG of its obligation to comply with a subpoena of this Court.

Moreover, on its face, PSEG's claim of undue burden is baseless. The documents sought are, among other things, regulatory filings which are likely housed in archive files at PSEG's corporate headquarters, not at the plant site. PSEG's efforts to produce these documents will not impact its ability to generate power for its customers. Further, with respect to PSEG's pending merger with Exelon, the requested files may have already been pulled from archives as part of Exelon's due diligence review in that transaction. If this proves to be the case, PSEG's pending merger with Exelon would not be a hindrance to production, but rather, would have the effect of making the documents even more readily available. Indeed, PSEG has likely already compiled the documents in anticipation of discovery on its own claims. *See PSEG Nuclear LLC v. United States*, No. 01-551BAF (Fed. Cl. filed Sept. 26, 2001) (currently pending appeal on jurisdictional issue).

PSEG's burden argument seems even less plausible in light of its request to have until January 26, 2006 to "report back to the Court" on its "efforts to locate the documents." Response at 4. PSEG's request suggests that it has not taken a single step to locate the documents in question, even though Plaintiffs first requested the documents from PSEG in January of 2005. *See* Motion, Exhibit C. PSEG's complete disregard of Plaintiffs' considerable, ongoing efforts is nothing more than a waste of Plaintiffs' time and resources resulting in the *substantial* delay of the schedule in this matter, including the necessity to have the May 2006 trial date vacated.

In light of the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and direct PSEG to immediately produce the documents being sought. Plaintiffs further request that the Court convene a hearing on the Motion to Compel at the Court's earliest convenience next week.

Date: January 20, 2006

Respectfully submitted,

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Todd L. Goodman, Esq.
Assistant General Counsel
Pepco Holdings, Inc.
P. O. Box 231
Wilmington, Delaware 19899
(302) 429-3786

**CERTIFICATE OF FILING**

I hereby certify that on January 20, 2006, a copy of the foregoing "Plaintiffs' Reply to the Expedited Response of Third Party PSEG Nuclear, LLC to Plaintiffs' Motion to Compel the Production of Documents from Public Service Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Additionally, the foregoing "Plaintiffs' Reply to Expedited Response of Third Party PSEG Nuclear, LLC to Plaintiffs' Motion to Compel the Production of Documents from Public Service Enterprise Group, Inc., Public Service Electric and Gas Company, and PSEG Power, LLC" was served by facsimile and U.S. Mail (postage pre-paid, first class) this 20th day of January, 2006, upon:

Public Service Enterprise Group Incorporated
80 Park Plaza
Newark, New Jersey 07101-0000
SERVE ON: Edward J. Biggins, Jr.

Public Service Electric and Gas Company
80 Park Plaza
Newark, New Jersey 07101-0000
SERVE ON: Robert S. Smith

PSEG Power LLC
80 Park Plaza
Newark, New Jersey 07101-0000
SERVE ON: Edward J. Biggins, Jr.

And by electronic mail and facsimile this 20th day of January, 2006 upon:

Alex D. Tomaszczuk
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017
Alex.tomaszczuk@pillsburylaw.com

Counsel for Public Service Enterprise Group Incorporated
Public Service Electric and Gas Company, and
PSEG Power LLC

s/ Bradley D. Wine
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700
*Counsel of Record for*
*Delmarva Power & Light Company &*
*Atlantic City Electric Company*