IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04–0034C, into which has |
| v. | ) | been consolidated No. 04-0036C |
| | ) | (Judge Christine Miller) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO**
**RESPOND TO PLAINTIFFS' PROPOSED PRE-TRIAL SCHEDULE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests leave to respond to the proposed schedule that the plaintiffs, Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic"), have submitted to the Court pursuant to the Court's order dated January 27, 2006. In its January 27, 2006 order, the Court requested that plaintiffs submit a proposed schedule, but did not expressly provide for a response from the Government. So that we have an opportunity to address our concerns regarding the plaintiffs' proposed schedule, we respectfully request leave to submit a response to it. Our response appears below.

As the Court is aware, the Court's original scheduling order in this case was issued on July 19, 2005, and provided for expedited discovery and trial in these consolidated cases. Subsequently, however, Delmarva and Atlantic City requested that the Court provide them with a significant period of time within which to obtain discovery from third parties, PSEG Nuclear L.L.C ("PSEG") and Exelon Generation Company ("Exelon"), and, by order dated September 30, 2005, the Court vacated its prior scheduling order and deferred entering a new scheduling order to provide Delmarva and Atlantic City with additional time to pursue this discovery. Earlier today, six months after the Court's original scheduling order was issued, Delmarva and

Atlantic City have submitted a new proposed scheduling order in which they seek an additional seven months to continue developing their case before they have to provide the Government with any detailed statement of the damages claims that they are making in this litigation or the support for those claims. Under their proposed schedule, Delmarva and Atlantic City will have taken more than a year of discovery since the Court's original scheduling order was entered before they have to detail for the Government the damages claims that they will be presenting in this litigation. Then, under their proposed schedule, the Government will have approximately three-and-a-half months to digest the entirety of the plaintiffs' damages claims and issue responsive expert reports. Subsequently, the plaintiffs will have two-and-a-half months to take discovery upon the Government's expert reports.[1]

Given that Delmarva and Atlantic City are seeking permission to take more than a year of discovery before they have to disclose to the Government the scope of and support for their claimed damages, their request that the Government be granted only three-and-a-half months – a period including the Christmas and New Year's holiday period, and just over one month before the two-week trial in System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) – seems inequitable. To date, the Government has not received any detailed damages claim from Delmarva or Atlantic City upon which it is entitled to rely in this litigation or identification of the support for any claimed damages, and, at present, we do not expect to receive this

[1] In an earlier draft of their proposed scheduling order, which the plaintiffs shared with us last week, the plaintiffs had identified a date for the issuance of their own rebuttal reports, which would have followed the issuance of the Government's expert reports by three months. The request for rebuttal reports was not included in the proposed scheduling order that Delmarva and Atlantic City submitted to the Court. Accordingly, we presume that the plaintiffs are no longer requesting permission to submit rebuttal reports.

information until we receive the plaintiffs' expert reports.[2] Unlike a contract case arising under the Contract Disputes Act ("CDA"), we do not have in this non-CDA case a claim submission by the plaintiffs or a history of communications between the plaintiffs and a contracting officer reviewing that claim that would provide us with a detailed understanding of the plaintiffs' claimed damages and identification of the main evidence that the plaintiffs believe support those damages. Although we can attempt to take discovery in these consolidated cases now and identify some evidence that would rebut what we anticipate the plaintiffs might claim, much of our discovery will likely be inefficient and overbroad until the plaintiffs identify the specific damages that they will claim and the support upon which they will rely for those claimed damages. Accordingly, the plaintiffs' request that the Government be provided only little more than three months following the plaintiffs' 14-month damages claim preparation period to respond fully to the plaintiffs' claimed damages is simply inequitable.

Originally, the Court imposed an expedited discovery and trial period in these consolidated cases. The plaintiffs requested that the Court slow the progress of these cases to allow them to attempt to locate evidence to support the claims that they wanted to make. The plaintiffs' newly proposed schedule essentially seeks an extended period of discovery and case

[2] For example, the Government has repeatedly requested information from the plaintiffs concerning their claim for increased spent fuel storage costs allegedly resulting from the Government's delay in spent fuel acceptance. Because this claim should include fixed, incurred costs, this information presumably should be easy for plaintiffs to obtain and provide to the Government. However, plaintiffs to date have not provided the Government with any information concerning this claimed category of costs.

Further, although the Government received documents from the plaintiffs five months ago, we still have not received a privilege log from the plaintiffs, despite the Government's multiple requests.

development for the plaintiffs, followed by an expedited case development period for the Government. Although we have not objected to the plaintiffs' requests for time to develop their case, we cannot accept that the plaintiffs, and only the plaintiffs, will have substantial time to develop their case where the Government has an extremely short period of time to study those claims and develop a complete response to them. Further, until we receive the plaintiffs' damages claims, through their expert reports, we will not be in a position to audit any incurred-cost damages and the support for those numbers. Because of the inherent inequities in the plaintiffs' request here, the fact that the Government does not anticipate that it will receive any detailed damages claims or identification of support for those claims until the plaintiffs provide the Government with their expert reports, and the amount of time that we currently anticipate would be necessary to respond fully to damages claims (once we receive them) that are developed over the course of more than 14 months, we respectfully request that the Court provide the Government with at least six months following our receipt of the plaintiffs' damages claims and expert reports to submit our responsive expert reports.[3]

---

[3] The amount of time requested for the Government's activities in response to the plaintiffs' claims is even more reasonable in light of the numerous other spent nuclear fuel case activities that are continuing at this time and that we expect will be occurring in the time period that the plaintiffs have identified for the Government to develop its response to the plaintiffs' damages claims and expert reports. At the present time, we are scheduled to participate in trials in spent nuclear fuel cases beginning September 18, 2006 (for a one-week period) in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), beginning October 23, 2006 (for an estimated four-week period) in Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.), beginning December 11, 2006 (resuming the previously commenced trial for an additional week) in System Fuels. We are also scheduled to participate in SNF trials in System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.), beginning February 12, 2007 (for a two-week period) and Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.), beginning March 27, 2007, followed by additional trials scheduled in 2007 in other SNF cases. Further, we will be required to engage in extensive discovery in other SNF cases during the three-and-a-half month period of

(continued...)

In summary, to the extent that the plaintiffs are given until September 15, 2006, within which to submit their expert reports, we respectfully request that the Government be granted until March 19, 2007, within which to submit its responsive reports. To the extent that the plaintiffs continue to object to our request, the period of time within which the plaintiffs have to submit their own damages claims, including identification of the support for their claimed damages and their submission of expert reports, should be shortened.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester. Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

February 21, 2006

[3](...continued)
time that Delmarva and Atlantic City have selected for the Government to develop its responses and responsive expert reports to the plaintiffs' damages claims.

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2006, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO RESPOND TO PLAINTIFFS' PROPOSED PRE-TRIAL SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Joshua E. Gardner