IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.04–0034C, into which has |
| v. | ) | been consolidated No. 04-0036C |
| | ) | (Judge Christine Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

DEFENDANT'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER, DATED MARCH 27, 2007

Defendant, the United States, respectfully submits this response to the Court's March 27, 2007 order to show cause.

In its March 27, 2007 order, this Court ordered the plaintiffs and defendant to show cause and "take a position on whether the court should not decline a stay unless the arbitrators will consider plaintiffs' argument concerning delay and laches and/or waiver or estoppel." Order, at 9 (Mar. 27, 2007). The basis of the Court's order to show cause was its agreement "that PSEG's delay, particularly in light of the extended time period between PSEG's initial objections and the initiation of arbitration proceedings, should be a relevant factor in the arbitration proceedings between PSEG and plaintiffs." Id. at 8. The Court indicated its disagreement with the argument "that PSEG's delay necessarily requires a denial of defendant's request to stay proceedings." Id. Further, the Court stated that it will address the issue of PSEG's delay in consideration of plaintiffs' claim, if the arbitrator fails to consider it. Id.

As discussed in our "Reply To Delmarva Power And Light Company's Response To Defendant's Motion To Consolidate Or, In The Alternative, For Issuance Of A Summons Pursuant To RCFC 14(a) And Notice Pursuant To RCFC 14(b)," filed on February 28, 2007, we

have requested consolidation of the instant case with PSEG Nuclear L.L.C. v. United States, No. 01-551 (Fed.Cl.), but do not oppose the stay requested by PSEG to initiate and purse dispute resolution that leads to binding arbitration. Gov. Reply, at 22. Notwithstanding our willingness to support a short stay in this case to allow the arbitration process to proceed, our position not to oppose PSEG's request is conditioned on both cases, Delmarva and PSEG, being stayed simultaneously and for an equal period of time. Id. However, if both cases are not stayed,[1] simultaneously and for equal periods of time, the Government requests that the Court timely confer and consolidate Delmarva and PSEG pursuant to the Government's January 5, 2007 "Motion To Consolidate Or, In The Alternative, For Issuance Of A Summons Pursuant To RCFC 14(a) And Notice Pursuant To RCFC 14(b)."

The Government's position reflects our central concern with the substantial risk of duplicative and inconsistent damage recoveries by Delmarva and PSEG should these cases remain separate. Although Delmarva claims prejudice if this case is stayed or consolidated, the greatest risk of prejudice in these cases falls on the Government where plaintiffs, in two separate actions before this Court, who were joint, concurrent owners of the same nuclear facilities throughout the vast majority of the relevant time period, may be awarded duplicative damages for the Government's delay in performance under the contracts applicable to each facility. The Government seeks consolidation of these cases because they are legally and factually intertwined, so that a consistent, uniform resolution on the assignment of claims issue can be obtained, and so that the cases do not become procedurally remote from each other to the extent that the Court declines consolidation.

---

[1/]Pursuant to the Court's March 6, 2007 order, PSEG was stayed for 90 days.

The Government's prior positions on the consolidation and assignment of claims issues have been entirely defensive because of the substantial risk involved if inconsistent decisions are made in the separate proceedings in these cases that cannot be reconciled later through the procedures of the Court and the United States Court of Appeals for the Federal Circuit where the cases, if not consolidated, will likely move forward on substantially different schedules. Further, the Government simply cannot take a conciliatory position regarding the assignment of claims issue in one of these cases while the cases remain separate. A conciliatory position in one case could be directly contradicted by an inconsistent decision or resolution in the other case, leaving the Government extremely vulnerable to the duplicative damage liability that it is attempting to avoid through its motion for consolidation. Therefore, to the extent that the Court determines that a stay is warranted in this case, the Government requests that the stay be simultaneous to, and for the same period of time as, the stay entered in PSEG. To the extent that the Court determines a stay is not warranted, the Government requests that the Court timely confer and consolidate Delmarva and PSEG, as we requested in our motion to consolidate. Any decision that results in divergent schedules in these two cases only prejudices the Government in its efforts for uniform resolution of the assignment issue, as well as other overlapping issues, in these two cases.

Regarding plaintiffs' argument on waiver of the right to arbitrate, although we do not have a direct interest in this issue, we note that "[w]aiver of a contractual right to arbitration is not favored." Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986); see also Gulf Guar. Life Ins. Co. v. Connecticut General Life Ins. Co., 304 F.3d 476, 484 (5th Cir. 2002) ("There is a strong presumption against finding that a party waived its contractual right to

arbitrate, and any doubts thereabout must be resolved in favor of arbitration"). The Supreme Court has found that the strong Federal policy in favor of arbitration is "one based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism." Fischer, 791 F.2d at 699 (Wiggins, J., concurring) (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985)). "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" Fischer, 791 F.2d at 694 (quoting Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982)).

A party seeking to prove that the right to arbitration has been waived must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Fischer, 791 F.2d at 694. "Delay in seeking arbitration does not create waiver unless it prejudices the opposing party." Leader Tex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995). Further, "[d]elay in seeking to compel arbitration does not itself constitute prejudice." Stifel, Nicolaus & Co. Inc. v. Freeman, 924 F.2d 157, 159 (8th Cir. 1991) (citing Rush v. Oppenheimer & Co.,779 F.2d 885, 887 (2d Cir. 1985)); see also Gulf Guar., 304 F.3d at 484 ("mere delay falls far short of the waiver requirements") (quoting Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999)). Further, "pretrial expense and delay-unfortunately inherent in litigation-without more, do not constitute prejudice sufficient to support a finding of waiver." Leader Tex, 67 F.3d at 26; see also Fischer, 791 F.2d at 697 (argument that party had been prejudiced by extensive discovery undertaken in the case, including nonarbitrable claims, did not constitute sufficient prejudice to establish waiver).

CONCLUSION

For the foregoing reasons, we respectfully request that the Court stay this case for the same period of time as the stay entered in PSEG. To the extent that the Court determines a stay is not warranted, we request that the Court timely confer and consolidate Delmarva and PSEG, as we requested in our motion to consolidate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Joshua E. Gardner by Stephen Finn
JOSHUA E. GARDNER
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7583
Fax: (202) 307-2503

OF COUNSEL

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

STEPHEN FINN
SCOTT R. DAMELIN
PATRICK B. BRYAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

April 6, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th of April, 2007, a copy of foregoing, response to the Court's March 27, 2007 Order, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s\Stephen Finn