# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **DELMARVA POWER & LIGHT CO.,** | * | |
| and | * | |
| **ATLANTIC CITY ELECTRIC CO.,** | * | Nos. 04-34C & -36C |
| Plaintiffs, | * | (Filed Apr. 12, 2007) |
| v. | * | |
| **THE UNITED STATES,** | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On January 5, 2007, defendant filed Defendant's Motion To Consolidate or, in the Alternative, for Issuance of a Summons Pursuant to RCFC 14(a) and Notice Pursuant to RCFC 14(b). After an extension of time, plaintiffs' corrected response was filed on January 31, 2007. On February 12, 2007, the court allowed defendant's February 9, 2007 motion to file under seal a copy of Plaintiffs' Motion To Stay Further Proceedings Pending Completion of Binding Arbitration Filed in *PSEG Nuclear L.L.C. and Public Service Electronic and Gas Company v. United States*, No. 01-551C (Fed. Cl.). After an extension of time, on February 28, 2007, defendant filed its reply to the motion to consolidate under seal. Plaintiffs' motion for leave to file a sur-reply was granted on February 27, 2007, and the reply was filed on March 12, 2007. After a review of the briefs, the court entered a show cause order on March 27, 2007, to which the parties responded on April 6, 2007. Defendant's response is non-responsive, insofar as it once again importunes consolidation. Whether the cases are consolidated, defendant will suffer no double or inconsistent recovery. However, it is not plaintiffs' fault that discovery is now more advanced in this case. Any consolidation will limit discovery so as not unduly to disadvantage plaintiffs.

The carry-over paragraph on page 8 of the March 27, 2007 order contained an incorrect statement, insofar as it stated that PSEG demanded arbitration "almost twenty-one months following filing of PSEG plaintiffs' complaints . . . ." Moreover, both plaintiffs and

defendant agree that the order failed to list Atlantic's ownership interest in the Hope Creek Nuclear Station, which also was transferred to PSEG, and failed to state that PSEG did not invoke arbitration in relation to the Peach Bottom Nuclear Station Purchase Agreements.

Accordingly,

**IT IS ORDERED**, as follows:

1. Defendant's motion to consolidate is granted, in part, and otherwise denied without prejudice to renewal consistent with the other provisions of this order.

2. A one-time stay – without prejudice to plaintiffs' position regarding delay and laches and/or waiver or estoppel in connection with PSEG Nuclear's demand for arbitration – is entered in order to coordinate proceedings when arbitration is completed.

3. The proceedings in this case shall be stayed for a period of ninety (90) days, *nunc pro tunc*, from March 6, 2007, to June 4, 2007, in order to allow for the completion of the pending binding arbitration between plaintiffs and the plaintiffs in PSEG Nuclear L.L.C. v. United States, No. 01-551C (Fed. Cl. filed Sept. 26, 2001).

4. All deadlines will be reinstated as of June 4, 2007.

5. The parties shall file a Joint Status Report by May 30, 2007, reporting with particularity the status of arbitration.

6. A copy of the March 27, 2007 corrected order is attached as Attachment 1 to this order and shall replace the original.

7. The Clerk of the Court shall serve a copy of this order on counsel for plaintiffs and defendant in PSEG Nuclear, L.L.C. v. United States, No. 01-551C (Fed. Cl. filed Jan. 26, 2001).

s/ Christine O.C. Miller

**Christine Odell Cook Miller**
Judge

cc: Sr. Judge Futey