# EXHIBIT 6

Frank Cassidy
President and COO

PSEG Power LLC
80 Park Plaza, 4th Floor, Newark, NJ 07102-4194
tel: 973-430-5687 fax: 973-242-5162

PSEG
Power LLC

October 6, 2005

By U.S. Mail

Mr. Thomas S. Shaw
President and Chief Operating Officer
Conectiv
800 King Street
Post Office Box 231
Wilmington, Delaware 19899

**Re: PSEG Nuclear, LLC's Response To Request for Access to Documents And Their Relation To *Delmarva Power & Light Co. v. United States*, Nos. 04-34C & 04-36C (Fed. Cl.)**

Dear Tom:

As you are aware, Atlantic City Electric Company ("ACE") and Delmarva Power and Light Company ("Delmarva") commenced litigation (*Delmarva Power & Light Co., Atlantic City Elec. Co. v. United States*, Nos. 04-34C & 04-36C (Fed. Cl.), under which they are making certain claims for damages allegedly suffered as a result of the failure of the U.S. government to meet its statutory and contractual obligations to pick-up and dispose of spent nuclear fuel and the effect of that failed performance on the value of your company's former interests in Salem and Hope Creek prior to the sale to PSEG Nuclear. We respectfully assert that this lawsuit constitutes a material breach of the purchase agreements between PSEG and ACE and Delmarva. PSEG immediately requests that your company cease pursuit of the *Delmarva* case and dismiss that case.

It is our understanding that the complaints in *Delmarva* and *ACE* assert causes of action that seek damages based on the Department of Energy's ("DOE") failure to begin acceptance, transportation, and disposal of spent nuclear fuel. PSEG believes that the 1999 Purchase and Sale Agreements ("PSAs") between the affected companies transferred all claims of Delmarva and ACE against DOE to PSEG (and to PECO Energy Company ("PECO"), in the case of the Peach Bottom plant).

In particular, the PSAs state that, among the purchased assets listed in Article II of the PSAs, ACE or Delmarva (each being the "Seller" in the respective agreements) transfers:

Mr. Thomas S. Shaw
September 13, 2005
Page 2

> All claims of Seller relating to or pertaining to the Department of Energy's defaults under the Department of Energy Standard Contract (including all claims for failure by the Department of Energy to take Spent Nuclear Fuel) accrued prior to, on or after the Closing Date, whether relating to periods prior to, on or after the Closing Date, and all other claims of Seller against the Department of Energy with respect to, arising out of or in connection with the Purchased Assets, other than the claims described in Section 2.2(l)
>
> . . . .

Purchase Agreement By and Between Delmarva Power & Light Company and PSEG Power LLC § 2.1(*l*)(Sept. 27, 1999); *see also* Purchase Agreement By and Among Atlantic City Electric Company, PECO Energy Company and PSEG Power LLC § 2.1(*l*) (Sept. 27, 1999); Purchase Agreement By and Between Atlantic City Electric Company and PSEG Power LLC § 2.1(*l*)(Sept. 27, 1999); Purchase Agreement By and Between Atlantic City Electric Company and PSEG Power LLC § 2.1(*l*) (Sept. 27, 1999); Purchase Agreement By and Among Delmarva Power & Light Company, PECO Energy Company and PSEG Power LLC § 2.1(*l*) (Sept. 27, 1999).[1]

PSEG believes the language in the PSAs unambiguously transferred to PSEG (and PECO, in the case of the Peach Bottom plant) the claims now pressed by ACE and Delmarva in the *Delmarva* case. ACE and Delmarva have materially breached the purchase agreements by filing and pursuing the *Delmarva* case. Therefore, consistent with their obligations under the purchase agreements, PSEG requests that ACE and Delmarva immediately dismiss the *Delmarva* case.

The language in our agreements is both broad and unambiguous. It is very clear, both from my recollection and the language of the PSAs, that it was our mutual intent to have PSEG succeed ACE and Delmarva with regard to any and all claims it had or might have in the future.

In addition, Tom, I am sure you recall there are certain indemnification obligations your companies agreed to which require ACE and Delmarva to compensate us as a result of these companies breaching certain obligations under the contract. We consider your pursuit of this litigation to be a breach of our agreements. Such breach enables us to seek recovery of our expenses from your companies. Given the fact that we have now been served with a second set of subpoenas (this latter set from your attorneys), which in most respects is duplicative of the first one, we are starting to incur significant expenses of both outside counsel and internal

[1] The excepted claims against DOE in the various PSAs involved decontamination and decommissioning fees, not spent nuclear fuel.

Mr. Thomas S. Shaw
September 13, 2005
Page 3

personnel, including myself, in our efforts to respond. I will add that we have previously provided everything that we have in our files which is responsive to the first set of requests (issued by the government). You have it all.

This letter is intended to provide official notice to you that ACE and Delmarva have breached their obligations under the 1999 PSAs, and that we will be submitting our costs and expenses to you for payment.

The PSAs also contained a provision under which, in the event of disputes after closing, an arbitration process could be commenced. I would ask you to go back and refresh your recollection on the exact nature and requirements of this process. If we are unable to reach any "informal" understanding on our issue here, we will give serious consideration to initiating this process. An unfavorable outcome in arbitration would have a very negative effect on your litigation against the federal government.

Our view is that our agreement in the PSAs clearly and unambiguously conveyed all these rights to PSEG. Perhaps the litigation is being conducted at no expense to you right now, but with the discovery requests now approaching a level of what I would call harassment, we may be forced to take other steps to deal with this matter.

We look forward to receiving notice of dismissal of the *Delmarva* case. By this letter, PSEG reserves all rights and remedies in law and equity and under the purchase agreements, should ACE and Delmarva fail to meet their obligations under the purchase agreements.

Sincerely,

Fred Cassidy

BC H. W. Borden