# APPENDIX

# ATTACHMENT 1

IN THE MATTER OF THE ARBITRATION OF:

| | |
|---|---|
| ATLANTIC CITY ELECTRIC CO. and<br>DELMARVA POWER AND LIGHT CO.,<br><br>Claimants,<br><br>v.<br><br>PSEG POWER LLC and<br>PSEG NUCLEAR LLC,<br><br>Respondents. | ) |

**AMENDED ARBITRATION DEMAND OF**
**ATLANTIC CITY ELECTRIC CO. and**
**DELMARVA POWER AND LIGHT CO.**

By an Arbitration Demand dated April 5, 2007, Respondents PSEG Power LLC and PSEG Nuclear LLC (collectively "PSEG") initiated an arbitration against Pepco Holdings, Inc., Atlantic City Electric Co. ("ACE") and Delmarva Power and Light Co. ("Delmarva") under certain Purchase Agreements ("PAs") by which ACE and Delmarva ("Claimants") sold certain nuclear power plant assets to Respondents.[1] Respondents' Demand seeks a declaration that Claimants are not entitled to pursue lawsuits they initiated against the Department of Energy

[1] The PAs at issue are: (1) the Purchase Agreement between Delmarva and PSEG Power LLC dated September 27, 1999 for Delmarva's 7.41% interest in the Salem Station; (2) the Purchase Agreement between ACE and PSEG Power LLC dated September 27, 1999 for ACE's 7.41% interest in the Salem Station; and (3) the Purchase Agreement between ACE and PSEG Power LLC dated September 27, 1999 for ACE's 5.0% interest in the Hope Creek Station. It should be noted that Pepco Holdings, Inc. is not a party to the PAs or to the litigation described in this Demand.

("DOE") in the United States Court of Federal Claims ("USCOFC") in January 2004.[2] Claimants hereby seek arbitration of their claim that Respondents are precluded from asserting a right to arbitrate this matter. Simply stated, by delaying the initiation of this arbitration by more than three years, and participating in litigation in which the very issues PSEG seeks to arbitrate are pending, PSEG has forfeited its right to arbitrate its objections to Claimants' lawsuits. In any event, Respondents' claims fall outside the scope of the PAs and are not subject to arbitration.

## I. The Dispute

ACE and Delmarva advised PSEG in December 2003 that they intended to initiate actions against DOE, alleging that DOE's failure to remove spent nuclear fuel ("SNF") from the Salem and Hope Creek Stations constituted an unconstitutional "taking" under the Fifth Amendment. Those actions were initiated on January 13, 2004. PSEG raised no objection prior to, or in the months following, the institution of the litigation.[3] That is not surprising because the "takings" claim is by law not a claim that private parties can assign or affect by mutual agreement,[4] and thus does not fall within the meaning of "claims" as that term is used in the assignment provisions of Section 2.1 of the PAs. Therefore, Respondents' dispute is not one "relating to or arising out of any provision of this Agreement" subject to the dispute resolution procedures of Section 8.3 of the PAs and accordingly is not subject to this arbitration.

[2] *Delmarva Power & Light Co. v. The United States*, USCOFC No. 04-34C and *Atlantic City Electric Co. v. The United States*, USCOFC No. 04-36C. These lawsuits, both filed on January 13, 2004, were consolidated by a January 21, 2005 Order.

[3] To the contrary, PSEG Counsel, in an April 20, 2005 letter to counsel for ACE and Delmarva, stated among other things, that "PSEG Nuclear understands that Delmarva is pursuing various legal theories, such as diminution in value, which PSEG Nuclear simply has no interest or desire to prosecute or defend."

[4] The transfer or assignment of claims against the U.S. government, including "takings" claims, is prohibited by the Anti-Assignment Act, 31 U.S.C. §3727, unless certain limited exceptions (not relevant here) apply.

In fact, it was not until almost two years after Claimants initiated the litigation against DOE, on October 6, 2005, that PSEG first alleged that those "takings" claims had been transferred by ACE and Delmarva to PSEG by, and pursuit of them was a contractual breach of, the PAs.[5] In response, ACE and Delmarva informed PSEG that their claims did not violate the PAs and that they would continue to vigorously pursue them. It was not for another 15 months that PSEG gave notice that it intended to challenge ACE and Delmarva's right to pursue their claims against DOE under the arbitration provisions of the PAs. In short, PSEG – despite its clear knowledge of, and even participation in,[6] the USCOFC litigation -- "sat" on its objections to ACE's and Delmarva's lawsuits for 37 months.

In the meantime, PSEG has also been pursuing its own claims against DOE,[7] and is now attempting to settle that litigation. It appears that DOE has suggested that PSEG must, as a condition of settlement, relieve DOE of having to litigate the ACE and Delmarva claims against DOE. See PSEG's Demand at pp. 2 and 3 ( the litigation is "interfering with PSEG's ability to resolve its claims against DOE" and "the government has refused to settle PSEG's suit without a concurrent settlement of Respondents' claims."). While discovery will shed additional light on this matter, it thus appears clear that the sudden attempt to initiate this arbitration after a 37-month delay is a function not of Respondents' view that they are entitled to arbitrate, but rather their response to inappropriate pressure from the government to make Claimants' case against DOE "go away."

---

[5] PSEG took this position only after the Government's motions for summary judgment, which were based in part on the Government's contention that ACE and Delmarva lacked standing because their claims had been assigned to PSEG under the PAs, were denied by the Court. Memorandum Opinion and Order, USCOFC Nos. 04-34C and 04-36C, July 1, 2005.

[6] *See* page 5 below.

[7] *PSEG Nuclear, L.L.C. v. United States*, USCOFC No. 01-551C (Fed. Cl. filed Jan. 26, 2001).

In fact, shortly after PSEG's notice initiating this arbitration, the government moved to stay the USCOFC litigation. ACE and Delmarva opposed the stay on the grounds that, *inter alia*, PSEG's delay in initiating the arbitration would likely result in a finding that it had forfeited its right to arbitration under the PAs. The Court observed that PSEG's delay "should be a relevant factor in the arbitration proceeding . . .particularly in light of the extended time period between PSEG's initial objections and the initiation of arbitration proceedings," and cautioned that the Court would address the issue should the arbitrators fail to do so.[8] While the Court

[8] The Court stated:

> Should the arbitrators fail to consider delay in the arbitration proceeding, the court cautions parties that it will address the issue of PSEG's delay in consideration of plaintiffs' claims, particularly in light of PSEG's active participation in prosecution of PSEG and PSEG's awareness of the proceedings in this case. "Courts may refuse to enforce arbitration agreements on a number of grounds, and federal courts have consistently held that among those grounds is a waiver of the right to arbitrate." St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co., 969 F.2d 585, 587 (7th Cir. 1992) (affirming district court's finding of implied waiver of right to arbitrate, in part, due to ten-month delay in commencing arbitration); see also Int'l Union v. Cummins, Inc., 434 F.3d 478, 486 (6th Cir. 2006) ("Laches is an equitable defense to an arbitration that is properly considered by the court rather than by the arbitrator. The laches inquiry consists of two elements: (1) whether there was unwarranted delay, and (2) whether the delay was detrimental to the party raising the defense." (internal citations omitted)); Gunn v. Veterans Admin. Med. Ctr., 892 F.2d 1036, 1040 n.4 (Fed. Cir. 1990) (noting that "the principles of laches and estoppel because of delay pertain to the initiation of a grievance or arbitration, not to delay or dilatoriness during the course of the proceedings"); Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 497 (5th Cir. 1986) ("Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."); Cornell & Co. v. Barber & Ross Co., 360 F.2d 512, 513 (D.C. Cir. 1966) ("The right to arbitration, like any other contract right, can be waived. A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with that right." (internal citations omitted)).

found that PSEG's delay did not "necessarily require[] a denial of defendant's request to stay proceedings,"[9] and ultimately granted "[a] one-time stay," it did so "without prejudice to plaintiffs' position regarding delay and laches and/or waiver or estoppel in connection with PSEG Nuclear's demand for arbitration."[10]

If PSEG is permitted to arbitrate its objections to the USCOFC litigation following this inexcusable delay, it will be to the substantial prejudice of ACE and Delmarva, who have expended considerable time, effort and resources pursuing their claims against DOE. During the 37-month period that PSEG had full knowledge of ACE's and Delmarva's claims and their intent to pursue them, ACE and Delmarva incurred in excess of $3.5 million in fees and costs in pursuing the USCOFC litigation. PSEG has unnecessarily magnified Claimants' expense by failing to cooperate in the production of essential documents. ACE and Delmarva were required to file a motion to compel PSEG to produce those documents. PSEG unsuccessfully resisted that motion, on the very ground, *inter alia*, that underlies its arbitration demand – to wit, that "[ACE] and Delmarva transferred all claims against the Department of Energy to PSEG" under the PAs.[11] PSEG went so far as to assert that the claims pending before the USCOFC were subject to the arbitration provisions of the PAs.[12] Nonetheless, Respondents elected once again not to initiate an arbitration proceeding, choosing again to wait for more than another year to do so. Claimants assert that PSEG has forfeited, and is precluded from arbitrating its objections to the

---

Order to Show Cause, March 27, 2007, *Delmarva Power & Light Co. v. The United States*, USCOFC No. 04-34C and *Atlantic City Electric Co. v. The United States*, USCOFC No. 04-36C.

[9] *Id.*

[10] Order, April 12, 2007, *Delmarva Power & Light Co. v. The United States*, USCOFC No. 04-34C and *Atlantic City Electric Co. v. The United States*, USCOFC No. 04-36C.

[11] Expedited Response of Third-Party PSEG Nuclear, LLC to Plaintiffs' Motion to Compel, January 18, 2006, at 5-6.

[12] *Id.*

litigation (a) which has been underway for more than three years and (b) in which the very issue that PSEG seeks to arbitrate – the scope of the assignment of Claimants' claims against the government to PSEG – is currently pending.

## II. Arbitration Claim

Section 8.3 of the PAs provides for arbitration of any dispute between Seller and Buyer "... relating to or arising our of any provision of this Agreement." In accordance with that provision, by letter dated March 15, 2007, ACE and Delmarva gave their Notice of Dispute to PSEG. As agreed by the parties, the March 16, 2007 meeting of executives in connection with the January 31, 2007 Notice of Dispute given by PSEG to ACE and Delmarva, also served as the meeting of executives for discussing ACE's and Delmarva's March 15, 2007 Notice of Dispute. No resolution of either dispute was reached at that meeting.

ACE's and Delmarva's claim is that PSEG's January 31, 2007 Notice of Dispute and April 5, 2007 Arbitration Demand are not valid because PSEG is barred by the doctrines of *laches* and estoppel from asserting a right to invoke arbitration and, in any event, PSEG's asserted claims are not subject to the arbitration clause of the PAs.

ACE and Delmarva expressly assert that their claim is a threshold issue that goes directly to the jurisdiction of this arbitral panel and, for this reason, must be resolved prior to any consideration by the panel of the merits of PSEG's claims. Moreover, it would be manifestly unfair to Claimants if they are required to put their full case on the merits before this arbitral panel, to the benefit of DOE and PSEG, in advance of putting that case before the USCOFC, which has retained jurisdiction of both the delay and the scope of assignment issues, and where Claimants have already invested substantial resources in discovery in preparation for the trial on the merits in that tribunal.

Accordingly, ACE and Delmarva seek:

1) the arbitral panel's consideration of ACE's and Delmarva's claim, that PSEG's January 31, 2007 Notice of Dispute and April 5, 2007 Arbitration Demand are not valid, as a threshold issue separately and in advance of any consideration of PSEG's April 5, 2007 Arbitration Demand;

2) a declaration that PSEG's January 31, 2007 Notice of Dispute and April 5, 2007 Arbitration Demand are not valid because PSEG is barred by *laches* and estopped from pursuing those arbitration claims and, in any event, PSEG's claims are not subject to the arbitration clause;

3) the dismissal of PSEG's arbitration claims set forth in its January 31, 2007 Notice of Dispute and April 5, 2007 Arbitration Demand.

Dated: April 23, 2007

Respectfully submitted,

[signature]

Frederick M. Lowther
DICKSTEIN SHAPIRO LLC
1825 Eye Street, NW
Washington, DC 20006
Tel: (202) 420-2200
Fax: (202) 420-2201

# ATTACHMENT 2

Law Office of William E. Frese
80 Park Plaza, T5D
P.O. Box 570
Newark, New Jersey 07101
(973-)430-8200
Attorney for Plaintiffs
PSEG Power, LLC and
PSEG Nuclear, LLC

| | |
|---|---|
| PSEG POWER, LLC, and<br>PSEG NUCLEAR, LLC<br><br>Plaintiffs,<br><br>Vs.<br><br>ATLANTIC CITY ELECTRIC CO.<br>And DELMARVA POWER AND<br>LIGHT CO.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION-MERCER COUNTY<br>DOCKET NO.:<br><br>**MEMORANDUM of LAW IN SUPPORT ORDER TO SHOW CAUSE** |

Plaintiffs, PSEG Power, LLC and PSEG Nuclear, LLC (hereinafter collectively referred to as "PSEG") bring this summary action pursuant to R. 4:67-2(a) and N.J.S.A. 2A(23)B-22, against the defendants, Atlantic City Electric Company and Delmarva Power and Light Company to confirm an arbitration award entered on June 20, 2007. The facts relevant to this application are set forth in the accompanying Verified Complaint and need not be repeated here.

## LEGAL ARGUMENT

PSEG now seeks to confirm the June 20, 2007 arbitration award by summary action. The New Jersey Supreme Court has repeatedly expressed a strong policy favoring arbitration as it means of resolving disputes. See, e.g. Martindale v. Sandvik, 173 N.J. 76 (2002). Most recently, in New Jersey Turnpike Authority v. Local 196, I.F.P.T.E. 190 N.J. 283 (2007), the Supreme Court stated:

> To ensure that finality, as well as to secure arbitrations "speedy [ ] and inexpensive" nature, *Scotch Plains-Fanwood Bd. Of Educ., supra,* 139 N.J. at 149, 651 *A.*2d 1018 (quotation omitted), there exits a "strong preference for judicial confirmation of arbitration awards," *Weiss vs. Carpenter, Bennett & Morrissey,* 143 *N.J.* 420, 442, 672 *A.* 2d 1132 (1996). Indeed, "the role of the courts in reviewing arbitration awards is extremely limited and an arbitrator's award is not to be set aside lightly.
> [Id. at 292.]

The procedure for confirming an arbitration award is set forth in N.J.S.A. 2A:23B-22 which provides:

> After a party to an arbitration proceeding receives notice of an award, the party may file a summary action with the court for an order confriming the award, at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 20 or 24 of this act or is vacted pursuant to section 23 of this act.

Pursuant to N.J.S.A. 2A:(23)b-22, an arbitration award must be confirmed unless it is vacated, modified or corrected. Essentially, an arbitration award maybe vacated only on the grounds of fraud, curruption, or similarly wrong doing on the part of the arbitrators. N.J.S.A. 2A:23B-23. Likewise, an arbitration award can only be corrected or modified for very specifically defined mistakes as set forth in N.J.S.A. 2A:23B-20.

In the present matter, there is no evidence of any inpropriority in the arbitration process that would warrant the Court to vacate the arbitration award. In addition, none of the mistakes

set forth in the statute which would justify the correction for modification of the award are present here.

**CONCLUSION**

For the reasons set forth in PSEG Power, LLC and PSEG Nuclear, LLC respectfully requests that the Court sign the attached Order to Show Cause and confirm the June 20, 2007 arbitration award.

Respectfully submitted,

George W. Keefer, Esq.
Law Offices of William E. Frese
Attorneys for Plaintiff,
PSEG Power, LLC and PSEG Nuclear, LLC

Law Office of William E. Frese
80 Park Plaza, T5D
P.O. Box 570
Newark, New Jersey 07101
(973-)430-8200
Attorney for Plaintiffs
PSEG Power, LLC and
PSEG Nuclear, LLC

| | |
|---|---|
| PSEG POWER, LLC, and PSEG NUCLEAR, LLC<br><br>Plaintiffs,<br><br>Vs.<br><br>ATLANTIC CITY ELECTRIC CO. And DELMARVA POWER AND LIGHT CO.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION-MERCER COUNTY<br>DOCKET NO.:<br><br>**ORDER TO SHOW CAUSE** |

**THIS MATTER** having been opened to the Court by Law Offices of William E. Frese, attorneys for the Plaintiffs, PSEG Power, LLC and PSEG Nuclear, LLC, upon the filing of a Verified Complaint ("Complaint") and request for the entry of an Order to Show Cause against the Defendants, Atlantic City Electric Company and Delmarva Power and Light Company, ("Defendants"); and the Court having considered the Complaint and the Memorandum of Law, and the arguments of counsel, and it appearing, prima facie, that the arbitration award entered on June 20, 2007 should be confirmed pursuant to 9 U.S.C. § 9 or, in the alternative, confirmed pursuant to N.J.S.A. 2A:23B-22, and it further appearing that Plaintiffs desire the Court to hear

this cause summarily pursuant to Rule 4:67-1(a) and that this action may be brought in a summary manner in accordance with N.J.S.A. 2A:23B-22;

**IT IS** on this _____ day of June, 2007:

**ORDERED** that Defendants shall on the _____ day of _________ 2007, appear in the Superior Court of New Jersey, Mercer County before The Hon. Neil H. Shuster, P.J.Ch., Chancery Division, Mercer County Courthouse, 210 South Broad Street, Trenton, New Jersey at ____ a.m./p.m. or as soon thereafter as counsel may be heard and SHOW CAUSE why an Order should not be entered: (1) confirming the arbitration award entered by the arbitration panel on June 20, 2007, pursuant to 9 U.S.C. § 9 or, in the alternative; (2) confirming the arbitration award entered by the arbitration panel on June 20, 2007, pursuant to N.J.S.A. 2A:23B-22.

**IT IS FURTHER ORDERED** that a copy of this Order to Show Cause, which shall issue in lieu of Summons, together with all supporting papers, including the Complaint, shall be hand delivered to counsel for the Defendants within _____ day(s) hereof, which service shall be deemed due and proper service under New Jersey Court Rules and Statutes; and

**IT IS FURTHER ORDERED** that any objections to the relief requested in this Order to Show Cause shall be deemed waived in the event that such objections are not filed in proper form, including affidavits and briefs, with the Court and served upon plaintiffs' counsel no later than _____ days before the return date of this Order to Show Cause; and

**IT IS FURTHER ORDERED** that plaintiff shall serve and file any reply papers in further support of its application no later than ______ days before the return date of this Order to Show Cause; and

**IT IS FURTHER ORDERED** that defendants shall serve and file their Answer(s) to the Complaint within _____ days after service of the Complaint. If Defendants fail to serve and file their Answer(s), judgment by default may be rendered against them for the relief demanded in the Complaint.

______________________________
Honorable Neil H. Shuster, P.J.Ch.

# ATTACHMENT 3

CLERK OF SUPERIOR COURT
SUPERIOR COURT OF N.J.
MERCER COUNTY
RECEIVED AND FILED

JUL 02 2007

Law Office of William E. Frese
80 Park Plaza, T5D
P.O. Box 570
Newark, New Jersey 07101
(973-)430-8200
Attorney for Plaintiffs
PSEG Power, LLC and
PSEG Nuclear, LLC

| | |
|---|---|
| PSEG POWER, LLC, and PSEG NUCLEAR, LLC. | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION-MERCER COUNTY – GENERAL EQUITY PART |
| Plaintiffs, | DOCKET NO.: C-59-07 |
| Vs. | ORDER TO SHOW CAUSE |
| ATLANTIC CITY ELECTRIC CO. And DELMARVA POWER AND LIGHT CO. | |
| Defendants. | |

**THIS MATTER** having been opened to the Court by Law Offices of William E. Frese, attorneys for the Plaintiffs, PSEG Power, LLC and PSEG Nuclear, LLC, seeking relief by way of summary action pursuant to *R.* 4:67-1(a), based upon the facts set forth in the verified complaint filed herewith; and the Court having determined that this matter may be commenced by order to show cause as a summary proceeding pursuant to N.J.S.A. 2A:23B-22 and for good cause shown,

IT IS on this 2nd day of ~~June~~ JULY, 2007, ***ORDERED*** that Defendants, Atlantic City Electric Company and Delmarva Power and Light Company, appear and show cause on the

9th day of AUGUST, 2007 before the Superior Court at the Mercer County Courthouse in Trenton, New Jersey at 2 P.M. o'clock in the after noon, or as soon thereafter as counsel can be heard, why judgment should not be entered:

A. Confirming the arbitration award entered by the arbitration panel on June 20, 2007, pursuant to 9 U.S.C. § 9 or, in the alternative;

B. Confirming the arbitration award entered by the arbitration panel on June 20, 2007, pursuant to N.J.S.A. 2A:23B-22.

C. Granting such other relief as the court deems equitable and just;

And it is further ***ORDERED***

1. A copy of this order to show cause, verified complaint and all supporting affidavits or certifications be served upon the defendants personally within SEVEN (7) days of the date hereof, in accordance with *R.* 4:4-3 and *R.*4:4-4, this being original process.

2. The plaintiffs must file with the court their proof of service of the pleadings on the defendants no later than three (3) days before the return date.

3. Defendants shall file and serve a written answer and any opposition including brief to this order to show cause and the relief requested in the verified complaint and proof of service of the same by JULY 23, 2007. The answer and opposition must be filed with the Clerk of the Superior Court in the county listed above and a copy of the papers must be sent directly to the chambers of Honorable Neil H. Shuster, P.J.Ch..

*STREET ADDRESS:
210 South Broad St.
5th Floor
Trenton NJ

MAILING ADDRESS:
P.O. BOX 8068,
TRENTON NJ
08650

and brief

4. The plaintiffs must file and serve any written reply to the defendant's order to show cause opposition by JULY 30, 2007. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent to the chambers Honorable Neil H. Shuster, P.J.Ch.

5. If defendants do not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the plaintiff files a proof of service and a proposed form of order at least three days prior to the return date.

6. If the plaintiff has not already done so, a proposed form of order and addressing the relief sough on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

7. Defendants take notice that the plaintiffs have filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of this lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer, answering affidavit or a motion returnable on the return date to the order to show cause and proof of service before the return date of the order to show cause.

These documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. Include a $ 135.— filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your answer and opposition to the plaintiffs' attorney whose name and address appear

above, or to the plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your answer, answering affidavit or motion (with the fee) or judgment may be entered against you by default.

8. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

8. The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary not later than ______ days before the return date.

Honorable Neil H. Shuster, P.J.Ch.

# ATTACHMENT 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | ) | |
| ENTERGY NUCLEAR GENERATION CO., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

JOINT STIPULATIONS

Pursuant to paragraph 17 of Appendix A of the Rules of the Court of Federal Claims, the parties respectfully submit the following joint stipulations.

1. On June 17, 1983, the United States Department of Energy ("Department of Energy") and Boston Edison Company ("Boston Edison") entered into contract # DE-CR01-83NE44368 for the Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste. This contract is also known as the "Standard Contract."

2. On September 21, 1993, September 20, 1994, September 26, 1995, and September 29, 1998, Boston Edison submitted Delivery Commitment Schedules to the Department of Energy.

3. On November 18, 1998, Entergy Nuclear Generation Company ("Entergy") and Boston Edison executed the Purchase and Sale Agreement for the Pilgrim Nuclear Power Station ("Pilgrim").

4. On April 29, 1999, the United States Nuclear Regulatory Commission approved the transfer of Pilgrim's operating license from Boston Edison to Entergy.

5. On July 13, 1999, Entergy and Boston Edison completed the sale of Pilgrim.

6. The Government is unaware that Boston Edison failed to meet any of its obligations under the Standard Contract.

7. Pursuant to the Standard Contract, Boston Edison paid the one-time fee in the amount of $40,582,782 on June 27, 1985. Boston Edison also paid all one mil/KWh fees ("One Mil Fee") required under the Standard Contract, in an amount in excess of $48,500,000.

8. Boston Edison agrees to dismiss with prejudice, Count III (Uncompensated Taking) of it Amended Complaint.

Respectfully submitted,

s/Richard J. Conway by Stephen Finn
RICHARD J. CONWAY
Dickstein Shapiro Morin & Orshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037
Tel: 202-828-2235
Fax: 202-887-0689

Counsel for Plaintiff Boston Edison Company

s/L. Jager Smith, Jr. by Stephen Finn
L. JAGER SMITH, JR.
Wise Carter Child & Caraway, P.A.
1340 Echelon Parkway
Jackson, NS 39213

Counsel for Plaintiff Entergy Nuclear Generation Company

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Alan J. Lo Re by Stephen Finn
ALAN J. LO RE
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-307-0226
Fax: 202-307-2503

OF COUNSEL:
JOSHUA E. GARDNER
Trial Attorney
Civil Division
Department of Justice
1100 L Street, NW
Washington, D.C. 20530

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

Counsel for Defendant

June 4, 2007

CERTIFICATE OF FILING

I hereby certify that on this 4th day of June, 2007, a copy of foregoing "JOINT STIPULATIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Stephen Finn

# ATTACHMENT 5

DICKSTEINSHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

February 15, 2007

**VIA FACSIMILE AND U.S. MAIL:**

Alan J. LoRe
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)

Dear Mr. LoRe:

We are writing in response to your January 30, 2007 Rule 30(b)(6) Notice of Deposition ("Notice") to Boston Edison Company ("Boston Edison") in the above-referenced matter. Each of the topics identified in the Government's Notice relate to Boston Edison's Fifth Amendment Takings Claim (Count III of the Amended Complaint). Please be advised that Boston Edison is hereby electing to pursue exclusively its breach claims (Counts I and II of the Amended Complaint), will not be pursuing Count III at trial, and will conform its evidence in this matter as such. Accordingly, we believe that the issue of a Rule 30(b)(6) deposition on Count III-related issues to be unnecessary. As always, should you have any questions, please do not hesitate to contact us.

Sincerely,

Richard J. Conway
(202) 420-2235
(202) 420-2201 (Fax)
conwayr@dicksteinshapiro.com

cc: (via facsimile)
Jager Smith, Esq.