**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically filed on July 19, 2007)

| | |
|---|---|
| **DELMARVA POWER & LIGHT COMPANY**,<br><br>And<br><br>**ATLANTIC CITY ELECTRIC COMPANY**,<br><br>Plaintiffs,<br><br>v.<br><br>**THE UNITED STATES**,<br><br>Defendant. | No. 04-34C and No. 04-36C<br>(Judge Christine O.C. Miller) |

**MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD**

Third Parties PSEG Nuclear, LLC and Public Service Electric and Gas Company (collectively "PSEG"), by and through the undersigned counsel, hereby move pursuant to RCFC 24(a)(2), for intervention into this matter for the limited purpose of opposing the Motion to Vacate Arbitration Ruling ("Motion to Vacate") filed on July 2, 2007, by Plaintiffs Delmarva Power and Light Company and Atlantic City Electric Company (collectively "Plaintiffs").[1]

Granting PSEG leave to intervene for the limited purpose of opposing Plaintiffs' Motion to Vacate is appropriate because Plaintiffs' Motion to Vacate seeks to invalidate an arbitration award entered in favor of PSEG. Plaintiffs' Motion to Vacate also asks the Court to permit Plaintiffs to proceed with certain claims made in this litigation in contravention to PSEG's contractual rights as determined by the arbitrators. If the Court grants PSEG limited intervention, PSEG will be in a position to oppose Plaintiffs' collateral attack on the arbitration

[1] Because PSEG seeks intervention for a limited purposes, it respectfully requests that the Court waive the requirement that PSEG provide a responsive pleading under RCFC 24(c).

award and protect its contractual rights. Absent intervention, PSEG would otherwise be unable to protect its interests in these proceedings because they are not adequately represented by any other party to these proceedings.[2]

## I. INTRODUCTION

In 1999, PSEG bought the minority interests of Plaintiffs in the Hope Creek and Salem nuclear generating stations. The purchase was made pursuant to certain agreements ("Purchase Agreements" or "PAs") whereby Plaintiffs transferred and surrendered to PSEG any and all interests in the claims relating to the failure of the U.S. Department of Energy ("DOE") to begin removing spent nuclear fuel ("SNF").

Notwithstanding these provisions, Plaintiffs initiated litigation in this Court asserting causes of action they had assigned to PSEG. When Plaintiffs repeatedly refused to dismiss these claims and after the dispute resolution process under the PAs failed to resolve the dispute, PSEG initiated arbitration proceedings pursuant to Section 8.3 of the PAs.

The instant litigation was stayed by order of this Court dated April 12, 2007 "in order to allow for completion of the … binding arbitration" between PSEG and Plaintiffs. (April 12, 2007 Order at 2.) An arbitration hearing was held on May 24, 2007.

On June 20, 2007, the arbitration panel issued an opinion and order ("June 20 Award"). The June 20 Award held that Plaintiffs "assigned the takings claims at issue here to PSEG, and that ACE/Delmarva's initiation of its taking litigation and its refusal to dismiss that litigation breached the PAs." (June 20 Award at 24.)

---

[2] As described below, PSEG commenced suit in New Jersey Superior Court on June 25, 2007 to confirm the arbitration award.

PSEG filed a complaint in the Superior Court of New Jersey, Mercer County, on June 25, 2007 ("PSEG's Complaint"). PSEG's Complaint asks for confirmation of the June 20 Award.

On July 2, 2007, the Superior Court of New Jersey, Mercer County, issued an order to show cause why the June 20 Award should not be confirmed and set a briefing schedule for the parties to respond to the show cause order.

Plaintiffs filed their Motion to Vacate in this Court on July 2, 2007, asking that the Court set aside the June 20 Award and find that PSEG waived its right to enforce its rights under the PAs. Plaintiffs ask that they be able to proceed as if the arbitration never occurred and as if their contracts with PSEG did not exist.

On July 12, 2007, Plaintiffs filed a motion in the state court proceedings asking the court to stay those proceedings in favor of the instant motion. On July 17, 2007, the New Jersey court issued an order permitting Plaintiffs to include their stay arguments in their response to the already issued order to show cause. The New Jersey court set a hearing on the order to show cause for August 9, 2007, but asked to be informed as to the status of these proceedings on August 1, 2007. The New Jersey court declined to hear the stay issue separately or as an initial matter as requested by Plaintiffs.

## II. ARGUMENT

Under RCFC 24(a)(2), intervention shall be granted:

> When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a)(2).

When considering a motion to intervene, "the Court must construe the requirements for intervention in favor of intervention." *Armour of Am. v. United States*, 70 Fed. Cl. 240, 243 (2006) (*citing Am. Maritime Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). RCFC 24(a)(2) is to be construed liberally. "Because Rule 24(a)(2) is triggered when an applicant 'claims an interest' that 'may as a practical matter' be impaired or impeded, a motion to intervene 'is in essence a question of standing,' in that it only requires the movant to make well-plead allegations." *Northrop Grumman Information Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006) (*quoting United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980)).

PSEG meets the standard for intervention, as a matter of right, and the Court should allow PSEG to intervene for the limited purpose of opposing Plaintiffs' Motion to Vacate.

As stated more fully in PSEG's memorandum in opposition to Plaintiffs' Motion to Vacate[3], Plaintiffs' motion asks the Court to set aside the June 20 Award and find that PSEG waived its right to arbitrate. Plaintiffs also ask the Court to allow Plaintiffs to continue to prosecute the claims found by the Panel to have been assigned to PSEG under the PAs.

In such circumstances, PSEG has stated a legally cognizable interest for RCFC 24(a)(2) purposes. *See Northrop*, 74 Fed. Cl. at 414 (granting intervention for a limited purpose and commenting that the "interest" showing necessary for Rule 24(a)(2) "is not a very high barrier … [and that] courts have defined the term liberally to include property or other interests directly affected by any ruling of the trial court, rather than solely applying to disposition of the case as a whole."). It is also clear that Plaintiffs' Motion to Vacate directly threatens PSEG's interests by

---

3 PSEG's Opposition to Plaintiffs' Motion to Vacate is attached hereto as Exhibit 1. The accompanying exhibits to PSEG's Opposition are attached hereto as Exhibit 2.

seeking to upset an arbitration award in PSEG's favor and thereby invalidate provisions of the Purchase Agreements. *See Am. Maritime Transp., Inc.*, 870 F.2d at 1561 (Intervention is proper "to protect those interests which are of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment.") (internal citations and quotations omitted) (emphasis in the original). Granting Plaintiffs' Motion to Vacate would have a direct and immediate effect on PSEG's legal rights, and PSEG should be heard on this issue.

PSEG is also not adequately represented by any other party to this litigation. The only party to this litigation aside from Plaintiffs is the United States. The United States is not a party to the PAs, was not a party to the arbitration, and does not stand in the same position as PSEG. The United States cannot adequately represent PSEG's interests. *See Armour*, 70 Fed. Cl. at 245 (granting intervention for a limited purpose and holding that "intervention shall be allowed when 'there is a serious possibility that the absentee's interest may not be adequately represented by any existing party.'") (*quoting Am. Tel. & Tel. Co.*, 642 F.2d at 1293)).

## III. CONCLUSION

For the foregoing reasons, PSEG respectfully requests that the Court grant PSEG the right to intervene for the limited purpose of opposing Plaintiffs' Motion to Vacate. PSEG does not seek to otherwise become a party to these proceedings and asks that the Court limit its intervention to issues relating to the arbitration with Plaintiffs. PSEG also requests that its opposition memorandum, Exhibit 1 hereto, be considered by the Court as PSEG's written opposition to Plaintiffs' Motion to Vacate.

Dated: July 19, 2007

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for
PSEG Nuclear, L.L.C. and
Public Service Electric and Gas Company

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)