IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04–0034C, into which has |
| v. | ) | been consolidated No. 04-0036C |
| | ) | (Judge Christine Miller) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PSEG NUCLEAR LLC'S
AND PUBLIC SERVICE ELECTRIC AND GAS COMPANY'S
MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE
OF OPPOSING PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD

Pursuant to the Court's July 20, 2007 order, defendant, the United States, respectfully responds to the motion to intervene filed by PSEG LLC and Public Service Electric and Gas Company (collectively, "PSEG"), for "the limited purpose of opposing plaintiffs' motion to vacate arbitration award," filed on July 19, 2007.

DISCUSSION

PSEG, referring to itself as a "third party," requests that the Court allow it to intervene in this case, pursuant to Rule 24(a)(2) of the Rules of the Court of Federal ("RCFC"), for the "limited purpose" of opposing the motion to vacate the private arbitration award filed by Delmarva Power & Light Company and Atlantic City Electric Company (collectively, "plaintiffs"). PSEG Mot. 1.[1] Although we do not oppose PSEG's motion for leave to file a response to plaintiffs' motion to vacate the arbitration decision, we do not believe that PSEG's motion is necessary in light of this Court's April 12, 2007 order holding that "Defendant's

[1] "PSEG Mot. __" refers to the July 19, 2007 motion for leave to intervene filed by PSEG. "Pl. Mot. ___" refers to the plaintiffs' motion to vacate, dated July 2, 2007.

motion to consolidate is granted, in part, and otherwise denied without prejudice to renewal consistent with other provisions of this order." Given this Court's prior order, it appears that PSEG is already a party to this litigation. Consequently, there is no need for PSEG to move to intervene in this case pursuant to RCFC 24(a)(2).

However, because there appears to be some confusion amongst the parties as to whether, and the extent to which, plaintiffs' and PSEG's cases are consolidated, we respectfully request that the Court clarify its April 12, 2007 order consolidating, in part, these two cases. In our motion to consolidate, dated January 5, 2007, we requested that plaintiffs' lawsuit and PSEG's lawsuit be consolidated because they involved the buyer and seller of the same power plant, the same contract, and many of the same and overlapping operative facts. However, the Court's general consolidation order, dated April 12, 2007, which granted our motion in <u>part</u>, did not specifically define the scope of the partial consolidation in these cases. Indeed, plaintiffs stated in their July 2, 2007 motion to vacate:

> Third, there is a motion pending before the Court to consolidate PSEG's and Plaintiffs' cases or to require that PSEG and Plaintiffs each participate in each other's cases. To the extent that the Court granted that motion "in part," PSEG may in fact be a party to this case; to the extent that this is not already so, this Court has the authority and discretion to act now to join PSEG as a party or to consolidate these cases.

Pl. Mot. 10.[2]

In fact, plaintiffs readily concede the intertwined nature of their claims and PSEG's claims, noting that "Plaintiffs' claims for diminished value and excess funding of the

---

[2] Similarly, the arbitration panel expressed confusion over which aspects of these cases the Court had consolidated. <u>See</u> Arbitration Decision, at 8 n.6.

decommissioning trust caused by the Government's conduct – damages to Plaintiffs (the sellers) which were in fact direct benefits to PSEG (the buyer, which paid the reduced price and has possession of the excess decommissioning trust funds)." Pl. Mot. 4 (emphasis added).[3] Because there appears to be some confusion as to the extent to which the Court consolidated plaintiffs' case with PSEG, we respectfully request that the Court clarify its April 12, 2007 order.[4]

## CONCLUSION

For the foregoing reasons, the Government does not oppose PSEG's motion for leave to intervene, but respectfully requests that the Court clarify its April 12, 2007 order with respect to the extent to which plaintiffs' and PSEG's cases are consolidated.

---

[3] With respect to plaintiffs' claim of "excess decomissioning trust funds," this contention appears to be directly contradicted by plaintiffs' amended complaints. See Delmarva Amend. Compl. ¶ 58 ("The PSEG and PECO offers did not require Delmarva to top-off its decommissioning trusts. As a result of this (and other factors), Delmarva determined to suspend the auction process and entered into exclusive negotiations with PSEG and PECO for the sale of the Nuclear Stations."); Atlantic City Compl. ¶ 58 (same).

[4] To the extent that the Court concludes that plaintiffs do not have a viable takings claim, as we discussed in our July 19, 2007 response to plaintiffs' motion to vacate, the issue of the scope to which PSEG's and plaintiffs' cases should consolidated would be moot.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
SCOTT R. DAMELIN
STEPHEN FINN
Trial Attorneys

July 25, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2007, a copy of foregoing "DEFENDANT'S RESPONSE TO PSEG NUCLEAR LLC'S AND PUBLIC SERVICE ELECTRIC AND GAS COMPANY'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Joshua E. Gardner