# EXHIBIT

# B

Frank Cassidy
President and COO

PSEG Power LLC
80 Park Plaza, 4th Floor, Newark, NJ 07102-4194
tel: 973-430-5687 fax: 973-242-5162

PSEG
Power LLC

January 31, 2007

VIA FEDERAL EXPRESS

Thomas S. Shaw
Executive Vice President and
Chief Operating Officer
Pepco Holdings, Inc.
800 King Street
Post Office Box 231
Wilmington, Delaware 19899

**Re PSEG's purchase of assets from Delmarva Power & Light Company and Atlantic City Electric Company relating to the Salem and Hope Creek nuclear plants, and the actions brought by DP&L and ACE in the U.S. Court of Federal Claims.**

Dear Tom:

As you are aware from our earlier correspondence, PSEG objects to litigation brought by Delmarva Power and Light Company ("DP&L") and Atlantic City Electric Company ("ACE") in the United Stated Court of Federal Claims ("COFC") entitled *Delmarva Power & Light Co., v. United States*, Nos. 04-34C & 04-36C (*"Delmarva"*). That litigation asserts claims that are grounded on the U.S. Department of Energy's ("DOE's") breach of the Standard Contract for removal of Spent Nuclear Fuel ("SNF"). We previously advised you that these actions violated the Purchase Agreements ("PAs") between PSEG and DP&L and ACE. We asked that you dismiss the *Delmarva* case, but you have declined to do so.

**Notice of Dispute**

This is PSEG's written notice that a dispute exists relating to and arising out of the PAs between PSEG and DP&L and ACE.[1] PSEG is now formally invoking the dispute resolution procedures of Section 8.3 of the PAs. *See* Section 8.3(a). The disputes procedures provide for binding arbitration of this dispute, in the event we are unable to resolve it through the meeting of executives specified in Section 8.3(b) and proposed below. We intend to invoke binding arbitration if that meeting is unsuccessful.

**PSEG's Statement of Facts and Position**

[1] The PAs addressed by this notice are (1) the Purchase Agreement by and between Delmarva Power and Light Company (Seller) and PSEG Power LLC (Buyer), dated as of September 27, 1999 for DP&L's 7.41% interest in the Salem Station, (2) the Purchase Agreement by and between Atlantic City Electric Company (Seller) and PSEG Power LLC (Buyer), dated as of September 27, 1999 for ACE's 7.41% interest in the Salem Station, (3) the Purchase Agreement by and between Atlantic City Electric Company (Seller) and PSEG Power LLC (Buyer), dated as of September 27, 1999 for ACE's 5.00% interest in the Hope Creek Station.

Under the PAs between PSEG and both DP&L and ACE, PSEG acquired, as one of the "Purchased Assets" listed in Article II, Section 2.1 of the PAs, all claims of DP&L and ACE relating in any way to DOE's defaults under the Standard Contract and all other claims against DOE, except for one immaterial exception.[2] Section 2.1(l) of each PA states that DP&L and ACE transferred:

> All claims of Seller relating to or pertaining to the Department of Energy's defaults under the Department of Energy Standard Contract (including all claims for failure by the Department of Energy to take Spent Nuclear Fuel) accrued prior to, on or after the Closing Date, whether relating to periods prior to, on or after the Closing Date, and all other claims of Seller against the Department of Energy with respect to, arising out of or in connection with the Purchased Assets, other than the claims described in Section 2.2(l);

PAs Section 2.1(l). Additionally, PSEG acquired all claims and causes of action against any third parties relating to the Purchased Assets other than those constituting "Excluded Assets" or "Excluded Liabilities." Under Section 2.1(m) of the PAs, DP&L and ACE transferred to PSEG:

> The rights of Seller in, to and under all causes of action against third parties with respect to, arising out of or in connection with Seller's rights, title and interests in and to the Purchased Assets or the Assumed Liabilities, or any portion thereof, whether accruing prior to, on or after the Closing Date, other than any such causes of action as constitute Excluded Assets or Excluded Liabilities, whether received as payment or credit against future liabilities, in each case, relating to any period prior to, on or after the Closing Date, other than the claims described in Section 2.2(m).

PAs Section 2.1(m). Neither Section 2.2 (Excluded Assets) nor 2.4 (Excluded Liabilities) authorizes the *Delmarva* litigation. In the broadest possible language, DP&L and ACE expressly and unambiguously transferred to PSEG upon the PAs' Closing Dates in 2000 and 2001 all rights relating to claims arising out of, or connected in any way to, DOE's failure to timely remove SNF. After the Closing Dates, PSEG was "entitled exclusively to control, defend and settle any suit, action or proceeding, and any investigation arising out of or related to any Purchased Assets or Assumed Liabilities . . ." PAs Section 2.5(b). Additionally, Section 2.6 of the PAs provided that, effective with the Closing Dates, PSEG "shall have all rights of recovery from third parties and the Department of Energy relating to, arising from or in connection with the Department of Energy's failure to take Spent Nuclear Fuel." Notwithstanding these provisions, DP&L and ACE commenced the *Delmarva* litigation in 2004 based wholly on claims that they were injured by DOE's breach of the Standard Contract when DOE failed to timely commence removal of SNF as required.

---

[2] The immaterial exception deals with "Department of Energy Decommissioning or Decontamination Fees." Section 2.2(l) of the PAs excepted as an "Excluded Asset" all claims of DP&L or ACE relating or pertaining to any refund or credit of Department of Energy Decommissioning or Decontamination Fees (defined in Section 1.1 (44) as fees related to DOE's special assessment of utilities, in order to decontaminate and decommission DOE's gaseous diffusion enrichment facilities). The DOE Decommissioning and Decontamination Fees have no relation to SNF claims.

As we previously advised you, PSEG contends that DP&L's and ACE's actions plainly violate the terms of the PAs and the initiation of the *Delmarva* litigation is a material breach of those PAs. We previously requested your dismissal of the litigation, which you have declined to do. Since the *Delmarva* litigation is now interfering with PSEG's rights under the PAs, we insist on your compliance with the terms of the PAs. If we are unable to resolve this issue by agreement in the meeting we propose below, we have determined to invoke the binding arbitration procedures of Section 8.3 to establish our respective rights.

Our claim is presently a nonmonetary one for interpretation of the PAs. If our interpretation is upheld, however, this is also notice that future monetary claims may be asserted under provisions of the PAs providing for indemnification and recovery of damages for breach of warranty, nondisclosures, and failure to cooperate. (*E.g.*, Sections 8.1 and 2.5; Article VI.)

**PSEG's Proposed Arrangements for the Meeting of Executives**

In accordance with Section 8.3(a) of the PAs, PSEG proposes the following arrangements for a meeting to attempt to resolve the dispute described in this notice. PSEG proposes to meet approximately 44 days after the date of this letter (approximately two weeks after receiving your response to our notice above). PSEG proposes, pursuant to Section 8.3(b) of the PAs, that the meeting be held between the chief operating officers of PSEG Power and Pepco Holdings, Inc., at 10 am on March 16, 2007, at the principal offices of Pepco Holdings, Inc., 800 King Street in Wilmington, Delaware, unless otherwise agreed, but in no event later than 60 days following this notice.

Unless the parties resolve the dispute at the meeting proposed above, PSEG intends to have this dispute submitted to binding arbitration, with arbitrators to be selected within 30 days after the meeting described above, and with the arbitration to commence within 60 days after the meeting, as set forth in Section 8.3(c) of the PAs.

We look forward to your written response to our notice within 30 days, along with your acceptance of, or proposed alternative to, the meeting arrangements set forth above.

Sincerely,