# EXHIBIT

# D

Pepco Holdings Inc

701 Ninth Street NW
Washington, DC 20068

202 872-2157
302 429-3221

Thomas E. Shaw
Executive Vice President
Chief Operating Officer

March 15, 2007

<u>Via Facsimile: 973-242-5162 and U.S. Mail</u>

Mr. Frank Cassidy
President and COO
PSEG Power LLC
80 Park Place – 4th Floor
Newark, NJ 07102-4194

**Re: PSEG's Purchase of Assets From Delmarva Power & Light Company and Atlantic City Electric Company Relating to Salem and Hope Creek Nuclear Plants – NOTICE OF DISPUTE**

Dear Frank:

This NOTICE OF DISPUTE is given pursuant to Section 8.3(a) of the Purchase Agreements which are listed in footnote 1 of your letter to me dated January 31, 2007 and Section 9.3(a) of the Purchase Agreement By and Among Atlantic City Electric Company, PECO Energy and PSEG Power LLC, dated as of September 27, 1999.[1] The dispute noticed hereby is whether the Notice of Dispute given by PSEG in your letter of January 31, 2007 (to which I responded on February 22, 2007) is valid, or whether PSEG (i) has forfeited or is otherwise precluded from asserting a right to invoke arbitration or (ii) is precluded from such arbitration by the adverse determinations of the Court in *Delmarva Power & Light Co. v. The United States*, No. 04-34C and *Atlantic City Electric Co. v. The United States*, No. 04-36C (USCOFC) relating to the issues raised by your Notice of Dispute.

The facts and the positions of Delmarva Power & Light ("Delmarva") and Atlantic City Electric Company ("ACE") are as follows:

Delmarva and ACE advised PSEG in December 2003 that actions against the United States relating to disposal of spent nuclear fuel would be commenced in January 2004. The legal basis for those actions was given to PSEG representatives.[2] No objections were heard from PSEG and

---

[1] We assume that the omission of reference to the latter Purchase Agreement was unintentional on your part.

[2] PSEG's recognition of the basis for the Delmarva and ACE actions was expressly stated in a, April 20, 2005 letter from PSEG counsel to counsel for ACE and Delmarva, in which PSEG counsel stated, among other things: "PSEG Nuclear understands that Delmarva is pursuing various legal theories, such as diminution in value, which PSEG Nuclear simply has no interest or desire to prosecute or defend."

the actions were duly filed in January 2004. The cases have been actively litigated against the Government from commencement. On July 1, 2005, the Court denied the Government's motions for summary judgment, expressly considering and rejecting the Government's claim that Delmarva and ACE lacked standing to bring the actions because of a prior assignment to PSEG. On October 6, 2005, you sent a letter to me demanding that the actions (which had just been sustained by the Court) be withdrawn. I responded to your demand on October 14, 2005 and you responded further on November 4, 2005, purporting to reserve your rights (but not requesting arbitration). The litigation against DOE continued without interruption, complicated in part by PSEG's refusal to cooperate in the production of essential documents. As noted below, PSEG's resistance has been the subject of action by the Court. Fifteen months after your November 2005 letter, on January 31, 2007, you provided your Notice of Dispute, proposing to arbitrate issues which already been resolved by the Court more than one year earlier. It is our position that, by waiting more than three years to give notice of a dispute in the face of your clear knowledge of the pending litigation and in light of the clear prejudice to Delmarva and ACE (in terms, for example, of the cost of litigation and the burden of litigating in multiple forums), PSEG is guilty of *laches* and has forfeited or is otherwise precluded from asserting its right to arbitration.

Further, by refusing to abide by its obligation to cooperate with Delmarva and ACE, PSEG forced Delmarva and ACE to seek the Court's assistance to compel production of critical documents. PSEG resisted such production before the Court in part on grounds encompassed within your Notice of Dispute. The Court ruled against PSEG on January 27, 2006.[3] PSEG is bound by that ruling and is precluded from reasserting the same claims in a second forum.

In accordance with Sections 8.3(b) and 9.3(b) of the Purchase Agreements, we are requesting a meeting of executives to address this NOTICE OF DISPUTE. Since we have already agreed to such a meeting on March 16, 2007 in connection with your Notice of Dispute, we propose that that meeting also serve as the meeting for discussion of this NOTICE OF DISPUTE. Please advise me at your earliest convenience that you agree to include the issues raised herein in the March 16, 2007 meeting of executives.

This NOTICE OF DISPUTE is without prejudice to Delmarva's and ACE's rights to pursue other rights and remedies which they may have at law or in equity, including the pursuit of rights and remedies in a judicial forum.

Very truly yours,

Thomas S. Shaw

[3] The Court's January 27, 2006 ruling is consistent with its July 1, 2005 ruling denying the Government's motion for summary judgment.