# EXHIBIT

# I

**SUPPLEMENTAL ARBITRATION AGREEMENT**
**in the matters of**
**PSEG POWER LLC and PSEG NUCLEAR LLC ("PSEG")**
**and**
**ATLANTIC CITY ELECTRIC CO. and DELMARVA POWER AND LIGHT CO.**
**("ACE/Delmarva")**

PSEG and ACE/Delmarva (individually "Party" and collectively "Parties") hereby agree this 3rd day of May 2007 as follows:

I. ARBITRATION

A. This Agreement is intended to supplement the Parties' arbitration agreement in Section 8.3 of the Purchase Agreements.[1] Nothing in this Agreement should be construed as waiving or modifying Section 8.3 unless expressly so stated.

B. These arbitration proceedings ("Arbitration") arise from the following:

1. The Arbitration Demand dated April 5, 2007 in the matter of the arbitration of PSEG Power LLC and PSEG Nuclear LLC, Claimants, v. Pepco Holdings, Inc., Atlantic City Electric Co. and Delmarva Power and Light Co., Respondents.

2. The Amended Arbitration Demand dated April 23, 2007 in the matter of the arbitration of Atlantic City Electric Co. and Delmarva Power and Light Co., Claimants, v. PSEG Power LLC and PSEG Nuclear LLC, Respondents.

C. Pursuant to Section 8.3(c) of the Purchase Agreements, the Arbitration shall be conducted pursuant to the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). Notwithstanding the Parties' agreement that the AAA Commercial Arbitration Rules govern the Arbitration, the Parties agree that AAA will not be utilized to administer the Arbitration.

D. The Parties waive the provision of Section 8.3(c) of the Purchase Agreements that the arbitration venue be Wilmington, Delaware. The hearing shall be held at a neutral site in Washington, DC/New York City.

[1] The Purchase Agreements are: (1) the Purchase Agreement between Delmarva and PSEG Power LLC dated September 27, 1999 for Delmarva's 7.41% interest in the Salem Station; (2) the Purchase Agreement between ACE and PSEG Power LLC dated September 27, 1999 for ACE's 7.41% interest in the Salem Station; and (3) the Purchase Agreement between ACE and PSEG Power LLC dated September 27, 1999 for ACE's 5.0% interest in the Hope Creek Station.

## II. ARBITRAL PANEL

A. The Arbitrators will be John D. Aldock, C. Michael Loftus and Judge Michael B. Mukasey (Chair).

B. From and after the commencement of the initial pre-hearing conference (see Article III), no Arbitrator shall have any contact or other communication, whether direct or indirect, with any party except through the formal proceedings of the Arbitration.

## III. PRE-HEARING CONFERENCE

An initial pre-hearing conference of the Arbitrators and the Parties shall be held on May 9, 2007 for the purpose of discussing the procedures to be followed in this Arbitration, the schedule of the Arbitration, the logistics of the Arbitration and all other matters necessary to ensure the efficient progress and completion of the Arbitration.

## IV. ARBITRATION PROCEDURES

A. Each Party will have the right to submit interrogatories and document requests related to the matters in Arbitration to the other Party. Each Party reserves the right to seek discovery from third parties. Neither Party intends to place in issue, or seek discovery regarding, the drafting and negotiation of the Purchase Agreements.

B. The Parties will cooperate and use reasonable efforts to endeavor to prepare an agreed statement of facts in advance of the simultaneous filing of the Parties' initial briefs.

C. The Parties will cooperate and use reasonable efforts to endeavor to prepare an agreed compendium of the record documents to date, as well as other relevant documents, in advance of the simultaneous filing of the Parties' initial briefs.

D. The Parties will submit simultaneous initial briefs and simultaneous reply briefs in advance of the hearing.

E. The Arbitrators will convene a hearing to be scheduled.

F. The Arbitrators shall issue a reasoned decision as promptly as reasonable after the conclusion of the hearing.

V. ARBITRATION SCHEDULE

The Parties will use all reasonable efforts to adhere to the following Arbitration Schedule[2]:

A. Interrogatories and Document Requests: April 26, 2007

B. Discovery Responses and Production: May 4, 2007

C. Requests for Third-Party Discovery, if needed: May 7, 2007.

D. Pre-Hearing Conference: May 9, 2007

E. Simultaneous Initial Briefs, maximum length to be 25 pages: date TBD at PHC

F. Simultaneous Reply Briefs, maximum length to be 20 pages: date TBD at PHC

G. Hearing: date TBD at PHC

H. Decision: requested before date TBD at PHC

VI. CONFIDENTIALITY

A. All information disclosed by a Party ("Disclosing Party") to the other Party ("Recipient")during the course of the Arbitration shall be considered Confidential Information to be used only in connection with the Arbitration and will give rise to an obligation upon the Recipient to protect the Confidential Information by using the same degree of care as the Recipient uses to protect its own confidential information of a like nature, provided, however, that information will not be considered Confidential Information if such information was in Recipient's possession before receipt from the Disclosing Party, was independently developed by Recipient without use of the Confidential Information, is or becomes a matter of public knowledge through no fault of Recipient, is rightfully received by the Recipient from a third party without the third-party's imposition of a duty of confidentiality, is disclosed with the Disclosing Party's prior written approval or by operation of law(provided the Disclosing Party is given notice and the opportunity to exhaust all reasonable legal means to maintain the confidentiality).

B. The Recipient may make Confidential Information available to its officers, employees, counsel and consultants only on a need-to-know basis, and only upon making any such persons aware of the terms governing such

[2] The Parties agree that the schedule set forth in Section V of this Agreement substantially conforms with and satisfies the mandate in Section 8.3(c) of the Purchase Agreements providing that the Arbitration shall commence within 60 days of the March 16, 2007 meeting between the Parties.

Confidential Information and obtaining from them undertakings to hold such Confidential Information in confidence in the same manner as Recipient is required to do.

C. Upon the expiration for the period for challenges to the decision of the arbitral panel in this Arbitration or upon the termination of this Arbitration by agreement of the Parties, Recipient shall return the originals and all copies of written Confidential Information so marked. Confidential Information will continue to be subject to confidentiality for a period of two years following the foregoing events.

VII. NOTICES

A. All written communications to be served upon the Parties in this Arbitration shall be delivered to:

Counsel for ACE/Delmarva:

Frederick M. Lowther, Esq.
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 420-2208
Facsimile: (202) 420-2201
E-mail: lowtherf@dicksteinshapiro.com

Counsel for PSEG:

Jack McKay, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC 20037
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
E-mail: jack.mckay@pillsburylaw.com

B. All written communications to be served upon the Arbitrators in this Arbitration shall be delivered to:

John D. Aldock, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240
Facsimile: (202) 346-4444
E-mail: jaldock@goodwinprocter.com

C. Michael Loftus, Esq.
Slover & Loftus
1224 Seventeenth Street, N.W.
Washington, DC 20036
Telephone: (202) 347-7170
Facsimile: (202) 347-3619
E-mail: cml@sloverandloftus.com

The Honorable Michael B. Mukasey
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2900
Facsimile: (212) 336-1219
E-mail: mbmukasey@pbwt.com

C. All written communications shall be deemed to have been given on the day delivered by email, by facsimile or by courier provided that such written communications are received before 5 p.m. Eastern on such day.

DICKSTEIN SHAPIRO LLP

Per *Frederick M. Lowther*
Frederick M. Lowther
Attorneys for Atlantic City Electric Co. and Delmarva Power and Light Co.

PILLSBURY WINTHROP SHAW PITTMAN LLP

Per ______________________
Jack McKay
Attorneys for PSEG Power LLC and PSEG Nuclear LLC