**DICKSTEIN SHAPIRO LLP**
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

**FLORIO PERRUCCI STEINHARDT & FADER, L.L.C.**
218 Rt. 17 North, Suite 300
Rochelle Park, New Jersey 07662
(201) 843-5858

Attorneys for Defendants Atlantic City Electric Co. and
Delmarva Power & Light Co.

MERCER COUNTY
RECEIVED AND FILED

AUG 20 2007

| | |
|---|---|
| PSEG POWER, LLC and<br>PSEG NUCLEAR, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>ATLANTIC CITY ELECTRIC CO. and DELMARVA POWER & LIGHT CO.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION – MERCER COUNTY<br>GENERAL EQUITY PART<br>DOCKET NO.: C-59-07<br><br>ORDER ~~ENTERING~~ DENYING A STAY |

WHEREAS, Defendants Atlantic City Electric Co. and Delmarva Power & Light Co. ("Defendants") moved for the entry of a stay of all pending proceedings in this matter; and Dickstein Shapiro LLP having appeared on behalf of Defendants, and the Law Office of William E. Frese having appeared on behalf of Plaintiffs PSEG Power, LLC and PSEG Nuclear, LLC ("Plaintiffs"), and the Court having considered the papers submitted thereby and having heard oral argument hereby finds that good cause has been shown, and whereas, for the reasons attached to this Order;

IT is on this 20th day of AUGUST, 2007,

ORDERED BY THIS COURT THAT:

1. Defendants' motion for the entry of stay as to all proceedings in this matter is hereby DENIED; ~~GRANTED~~; and it is further Ordered

2. That the Court will set a date for argument on the "Order to Show Cause to confirm the Arbitration sometime in September, 2007. ~~The stay granted herein shall remain in effect until such time as Judge Christine O. C. Miller of the United States Court of Federal Claims rules on Defendants' Motion to Vacate Arbitration Ruling and all such appeal periods have run~~; and it is further Ordered

3. Upon receipt, Counsel for Defendants, shall serve an executed copy of this Order upon Plaintiffs' counsel within 3 days of the date of this Order.

Hon. Neil H. Shuster, J.S.C.

PSEG POWER, LLC and PSEG NUCLEAR, LLC

Plaintiffs,

v.

ATLANTIC CITY ELECTRIC CO. and DELMARVA POWER & LIGHT CO.,

Defendants.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
GENERAL EQUITY PART
MERCER COUNTY

DOCKET NO. C-59-07

## DEFENDANTS' MOTION TO STAY PLAINTIFFS' ORDER TO SHOW CAUSE TO CONFIRM AN ARBITRATION AWARD

This matter arises from a verified complaint and order to show cause to proceed summarily filed by Plaintiffs, PSEG Power, LLC and PSEG Nuclear, LLC ("Plaintiffs"), against Defendants, Atlantic City Electric Co. and Delmarva Power and Light Co. ("Defendants"), seeking to confirm, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and the New Jersey Arbitration and Arbitration Procedures Act, N.J.S.A. 2A:23B-22, an arbitration award entered on June 20, 2007. On July 2, 2007, the Court signed Plaintiffs' order to show cause to proceed summarily to confirm the arbitration award. On July 11, 2007, Defendants cross-motioned to stay Plaintiffs' order to show cause pending the outcome of a motion by Defendants currently pending before the United States Court of Federal Claims to vacate the June 20, 2007 arbitration award. On July 24, 2007, Defendants filed an answer, counterclaim and affirmative defenses.

According to Plaintiffs, they are the operator and sole owner of the Hope Creek Nuclear Generating Station ("Hope Creek") and the Salem Nuclear Generating Station ("Salem"). In and around 1999, Plaintiffs purchased Defendants' minority interests in

both Hope Creek and Salem. In connection with the purchase, the parties executed purchase agreements (the "Agreements"). According to Plaintiffs, the Agreements memorialized all aspects of Defendants' agreement to sell its minority interests to Plaintiffs, including all claims related to the assets being sold. Also, Plaintiffs assert that the Agreement grants Plaintiffs the right to control any litigation related to the assets sold, along with assigning any right to any recovery associated.

Specifically, Section 2.6 of the Agreements provides that Plaintiffs "shall have all rights of recovery from third parties and the Department of Energy relating to, arising from or in connection with the Department of Energy's failure to take Spent Nuclear Fuel." Similarly, Section 2.1(l) of the Agreements provides:

> All claims of [Defendants] relating to or pertaining to the Department of Energy's defaults under the Department of Energy Standard Contract (including all claims for failure by the Department of Energy to take Spent Nuclear Fuel) accrued prior to, on or after the Closing Date, and all other claims of Seller against the Department of Energy with respect to, arising out of or in connection with the Purchased Assets.

Section 2.1(m) adds:

> The rights of [Defendants] in, to and under all causes of action against third parties with respect to, arising out of or in connection with Seller's rights, title and interests in and to the Purchased Assets or the Assumed Liabilities, or any portion thereof, whether accruing prior to, on or after the Closing Date, other than any such causes of action as constitute Excluded Assets or Excluded Liabilities.

Additionally, pursuant to Section 2.5 of the Agreements, Plaintiffs obtained the right to "exclusively . . . control, defend, and settle any suit, action or proceeding, and any investigation arising out of or related to any Purchased Assets or Assumed Liabilities."



SUPERIOR COURT OF NJ Fax:609-989-6589 Aug 20 2007 14:51 P.07

Briefly, the arbitration award Plaintiffs presently seek to have confirmed arises out of separate actions filed by Plaintiffs and Defendants against the Department of Energy in the United States Court of Federal Claims. Plaintiffs' action concerned its right to recover for, among other things, the Department of Energy's purported breach of contract in failing to remove Spent Nuclear Fuel at Hope Creek and Salem by 1998. Additionally, Plaintiffs sought to recover compensation for a "taking", based on the Department of Energy's purported failure under a contract to take Spent Nuclear Fuel from Hope Creek and Salem. Defendants' action concerned the Department of Energy's failure to provide just compensation pursuant to the Fifth Amendment of the United States Constitution in exchange for the "taking" that resulted from its failure to take Spent Nuclear Fuel from Hope Creek and Salem. The United States Court of Federal Claims denied the Department of Energy's motion for summary judgment on Defendants' "takings" claim. Additionally, despite Plaintiffs objections, the United States Court of Federal Claims granted a motion by Defendants seeking to subpoena documents from Plaintiffs.

Subsequently, on April 5, 2007, Plaintiffs filed an arbitration demand essentially seeking a declaration that Defendants assigned to Plaintiffs all relevant claims against the Department of Energy, including the "takings" claims, that Plaintiffs hold the right to control any litigation concerning Spent Nuclear Fuel, including the "takings" claims, that Defendants breached the Agreements by not giving Plaintiffs pre-closing notice of the existence of the "takings" claims, that Defendants breached the Agreements by failing to get the Government's consent to assign the "takings" claims to Plaintiffs, and that Defendants are required to dismiss their litigation in the Court of Federal Claims at

Plaintiffs' request. On April 16, 2007, Defendants filed their own separate arbitration demand. On April 23, 2007, Defendants filed an amended arbitration demand. Defendants' arbitration demand sought to invalidate Plaintiffs' arbitration demand, declare Plaintiffs' arbitration demand to contain claims not subject to arbitration under the Agreements, and to dismiss Plaintiffs' claims.

On June 20, 2007, the arbitration panel entered an award in favor of Plaintiffs. Pertinent to the present matter, the arbitration panel found Defendants' argument that the arbitration panel did not have jurisdiction to determine whether the "takings" claim could be assigned from Defendants to Plaintiffs without prior consent of the Department of Energy to be "without merit". (See Verified Complaint, Exh. "4".)

The present order to show cause concerns whether the June 20, 2007 arbitration award should be confirmed or vacated. Defendants have filed a motion to stay the Court's determination of that issue pending the outcome of their motion currently pending before the United States Court of Federal Claims to have the June 20, 2007 arbitration award vacated. Plaintiffs, on the other hand, contend that its order to show cause should not be stayed, as this Court is the only court with proper jurisdiction under the Agreements to determine the validity of the arbitration award.

Section 8.3(a) of the PAs provides, in pertinent part, "[I]n the event of any dispute between [Defendants] and [Plaintiffs] arising after the Closing . . . and relating to or arising out of any provision of this agreement, the sole remedy available to either Party is the dispute resolution process set forth in this Section 8.3." Moreover, Section 8.3(c) provides, in pertinent part, "The decision, judgment and order of the arbitration tribunal



SUPERIOR COURT OF NJ Fax:609-989-6589 Aug 20 2007 14:51 P.09

shall be final, binding and conclusive as to the Parties involved in such dispute, and their respective Representatives, and may be entered in [a] court of competent jurisdiction."

Additionally, Section 10.10 of the PAs provides some guidance as to the "court of competent jurisdiction". Specifically, Section 10.10 of the PAs provides, in pertinent part:

> This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey . . . as to all matters, including validity, construction, effect, performance and remedies. Venue in any and all suits, actions and proceedings related to the subject matter of this Agreement shall be in the state and federal courts located in and for the State of New Jersey . . . , which shall have exclusive jurisdiction for such purpose, and the Parties hereby irrevocably submit to the exclusive jurisdiction of such Courts and irrevocably waive the defense of an inconvenient forum to the maintenance of any such suit, action or proceeding

Therefore, Plaintiffs assert that the Court has proper jurisdiction to entertain its verified complaint and order to show cause. The Court agrees, as the issue is not really one of comity, but rather jurisdiction in the first instance.

Specifically, the Agreements clearly provide that exclusive jurisdiction rests within the courts of the State of New Jersey. While the Court understands the practicalities of the situation, in that the United States Court of Federal Claims is intimately familiar with the issues involved, the Court finds that the United States Court of Federal Claims does not have the appropriate jurisdiction to even entertain Defendants' motion to vacate. Specifically, the United States Court of Federal Claims is a court of limited jurisdiction, with the power to only hear claims against the United States for monetary relief. See 28 U.S.C. § 1491. Moreover, the Federal Arbitration Act appears to vest exclusive jurisdiction in the district courts to hear motions to vacate



SUPERIOR COURT OF NJ Fax:609-989-6589 Aug 20 2007 14:52 P.10

arbitration awards. See 9 U.S.C. § 10. Consequently, the Court declines to stay Plaintiffs' order to show cause pending a final determination of Defendants' motion to vacate the June 20, 2007 arbitration award by the United States Court of Federal Claims.

Therefore, for the reasons set forth above, Defendants' motion for a stay is DENIED. The Court will set a date for argument on the Order to Show Cause.