IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DELMARVA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No.04–0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

DEFENDANT'S NOTICE REGARDING THE ASSIGNMENT
OF PLAINTIFFS' CLAIMS, IN RESPONSE TO THE
COURT'S INQUIRIES DURING THE PARTIES' HEARING ON AUGUST 22, 2007

In response to the Court's inquiry at today's hearing, defendant, the United States, clarifies its position with regard to the assignments of rights that the plaintiffs provided to PSEG Nuclear, LLC ("PSEG Nuclear"), and Exelon Generation Company ("Exelon").

As an initial matter, as we previously explained in prior briefing, it is clear that the Assignment of Claims Act was enacted for the protection of the Government, see In re Ideal Mercantile Corp., 244 F.2d 828, 832 (2d Cir. 1957), United States v. Shannon, 342 U.S. 288, 291-92 (1955), and that only the Government may assert its protections. See Martin v. National Surety Co., 300 U.S. 588, 594-95 (1937); McKenzie v. Irving Trust Co., 323 U.S. 365 (1945). Because the Assignment of Claims Act works exclusively for the Government's protection, it is well-established that the Government may waive those protections or otherwise recognize an assignment. Tuftco Corp. v. United States, 222 Ct. Cl. 277, 614 F.2d 740, 745 (1980); see Vermont Yankee Nuclear Power Corp. v. United States, 73 Fed. Cl. 236, 241 (2006) ("an assignment of claims is permissible where the assignment occurs by operation of law, or where the government chooses to 'recognize' the assignment of a claim"); Riviera Fin. of Texas, Inc. v. United States, 58 Fed. Cl. 528, 530 (2003) ("It is well established in the case law of this circuit

that the Government can waive coverage of the Anti-Assignment Acts, as the Government concedes in this case"); Maffia v. United States, 143 Ct. Cl. 198, 163 F. Supp. 859, 862 (1958) ("the Government, if it chooses to do so, may recognize an assignment") (cited in Riviera Fin., 58 Fed. Cl. at 530).

As we previously explained in our response to the plaintiffs' motion to vacate the arbitration decision, which we filed on July 19, 2007, the United States Supreme Court has tied the prohibition against the assignment of takings claims to the Assignment of Claims Act. United States v. Dow, 357 U.S. 17, 20 (1958). The plaintiffs have identified no valid reason that the same rule regarding waiver of the Assignment of Claims Act as they apply to contract claims is somehow different as they apply to takings claims.

With regard to the plaintiffs' assignments to Exelon at issue in this case, the Court is aware that we previously settled our disputes with Exelon amicably. Through that settlement, the Government understood that it was resolving all claims arising under the Standard Contracts to which Exelon was a party or had an interest and that all litigation relating to those contracts would be at an end, a settlement that also included Exelon's takings claims against the Government. As part of that settlement, the Government fully understood that it included any and all assignments that Exelon had received associated with its Standard Contracts and/or relating to its nuclear reactors, as well as all claims associated with rights relating to those reactors. As a result, the Government accepted the assignments that the plaintiffs provided to Exelon, and they were incorporated into the settlement agreement between Exelon and the Government, extinguishing those claims. Given that the United States resolved all assignments associated with the Exelon contracts and reactors as part of the settlement with Exelon, the

plaintiffs' contract and takings claims here, which they assigned to Exelon prior to the Government's settlement with Exelon, should be barred.

With regard to the PSEG Nuclear assignments, we are not aware of any notice to the Department of Energy ("DOE") of those assignments outside of this litigation, as required by the Standard Contract. Nevertheless, we have never affirmatively challenged those assignments in these cases. The claims that the plaintiffs have asserted before this Court, which relate to or arise from ownership interests or the sale of ownership interests in PSEG Nuclear's nuclear reactors, were all purportedly assigned to PSEG Nuclear. Those claims involve allegations that PSEG Nuclear was the beneficiary of a reduction in the purchase price for the plaintiffs' interests in the PSEG Nuclear reactors, and any such claims would be offset by the benefits that PSEG Nuclear obtained through such a price reduction. Accordingly, the Government is exercising its sole discretion to accept the assignments of those claims that the plaintiffs purported to make to PSEG Nuclear, to the extent that we have been made aware of those claims through the plaintiffs' complaint in this action and through the assignment provisions in the purchase and sale agreements that have been included in the appendices to some of the briefing in this case.

With this clarification, and for the reasons set forth in the Government's prior briefing, we respectfully request that the Court dismiss the plaintiffs' claims here.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

August 22, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of August, 2007, a copy of foregoing "DEFENDANT'S NOTICE REGARDING THE ASSIGNMENT OF PLAINTIFFS' CLAIMS, IN RESPONSE TO THE COURT'S INQUIRIES DURING THE PARTIES' HEARING ON AUGUST 22, 2007," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.