# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DELMARVA POWER & LIGHT CO., and ATLANTIC CITY ELECTRIC CO.,** *

Plaintiffs, *

v. * Nos. 04-34C & -36C

**THE UNITED STATES,** * (Filed Aug. 30, 2007)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On January 5, 2007, defendant filed Defendant's Motion To Consolidate or, in the Alternative, for Issuance of a Summons Pursuant to RCFC 14(a) and Notice Pursuant to RCFC 14(b). After an extension of time, plaintiffs' corrected response was filed on January 31, 2007. On February 12, 2007, the court allowed defendant's February 9, 2007 motion to file under seal a copy of Plaintiffs' Motion To Stay Further Proceedings Pending Completion of Binding Arbitration Filed in PSEG Nuclear L.L.C. and Public Service Electronic and Gas Company v. United States, No. 01-551C (Fed. Cl. filed Sept. 26, 2001). After an extension of time, on February 28, 2007, defendant filed its reply to the motion to consolidate under seal. Plaintiffs' motion for leave to file a sur-reply was granted on February 27, 2007, and the reply was filed on March 12, 2007. After a review of the briefs, the court entered a show cause order on March 27, 2007, to which the parties responded on April 6, 2007. On April 12, 2007, this court entered a temporary stay order pending binding arbitration between plaintiffs and the plaintiffs in PSEG Nuclear L.L.C. v. United States, No. 01-551C (Fed. Cl. filed Sept. 26, 2001) ("PSEG"), and consolidating the cases in part for the limited purpose of resolving the arbitrability of the transfer of claim and the effect of an arbitration award and for no other purpose. On June 20, 2007, two members of the arbitration panel (with the third member dissenting) determined that plaintiffs assigned any takings claims that may exist to PSEG under the Purchase Agreements ("PAs") between them. See PSEG Power, LLC & PSEG Nuclear, LLC v. Pepco Holdings, Inc., Atlantic City Elec. Co. & Delmarva Power & Light Co., Atlantic City Elec. Co. & Delmarva Power & Light Co. v. PSEG Power, LLC & PSEG Nuclear, LLC, slip op. at 24 (Arb. June 20, 2007) (Mukasey, Loftus, & Aldock, Arbs.).

On July 2, 2007 plaintiffs filed Plaintiffs' Motion To Vacate Arbitration Ruling. */ Defendant, on July 17, 2007, filed Defendant's Response to Plaintiffs' Motion To Vacate Arbitration Ruling. On July 30, 2007, the court granted PSEG's Motion To Intervene for the Limited Purpose of Opposing Plaintiffs' Motion To Vacate Arbitration Award. On August 8, 2007, PSEG filed its Opposition of Third-Parties PSEG Nuclear LLC and Public Service Electric and Gas Company to Plaintiffs' Motion To Vacate Arbitration Ruling. Plaintiffs responded on August 17, 2007, with a Reply in Support of Plaintiffs' Motion To Vacate Arbitration Ruling. On August 20, 2007, the court granted plaintiffs' motion to file a corrected copy of their Reply in Support of Plaintiffs' Motion To Vacate Arbitration Ruling.

On August 22, 2007, the court held argument on Plaintiffs' Motion To Vacate Arbitration Ruling. Following argument, the court determined to defer entry of an order. Later, on August 22, 2007, Defendant filed Defendant's Notice Regarding the Assignment of Plaintiffs' Claims, in Response to the Court's Inquiries During the Parties' Hearing on August 22, 2007, setting forth a purported formal acceptance of the assignment of claims that plaintiffs allegedly made to PSEG under the PAs. On August 24, 2007, plaintiffs responded seeking guidance from the court regarding further proceedings.

Plaintiffs' arguments to support their request to vacate the arbitration award center on the United States Court of Appeals for the Third Circuit's decision, issued April 6, 2007, in Ehleiter v. Grapetree Shores Inc., 482 F.3d 207 (3d Cir. 2006). Ehleiter held "that waiver of the right to arbitrate based on litigation conduct remains presumptively an issue for the court to decide." Id. at 221. While not bound by the precedent of the Third Circuit, this court would have addressed the considered opinion in Ehleiter had it been brought to the court's attention prior to the April 12, 2006 order to stay proceedings. When this court issued its April 6, 2007 order to show cause, this court had jurisdiction to determine whether a party properly was before the court in a suit against the Government, or whether that party should have to submit to arbitration proceedings with a third-party – proceedings that were initiated with considerable delay and perhaps constituted a waiver by litigation conduct of the right to arbitrate disputes. The posture of this case is now quite different, and the question before the court has changed.

---

*/ On June 22, 2007, PSEG filed its request with the Superior Court of New Jersey Chancery Division, Mercer County, to confirm the arbitration panel award. PSEG Power, LLC & PSEG Nuclear, LLC v. Atlantic City Elec. Co. & Delmarva Power & Light Co., No. C-59-07 (N.J. Super. Ct. Ch. Div. June 22, 2007). Judge Neil H. Shuster, P.J.Ch., presiding over those proceedings, has monitored the proceedings in this court.

The United States Court of Federal Claims lacks jurisdiction to entertain disputes between private parties. United States v. Sherwood, 312 U.S. 584, 588 (1941) (confining Court of Claims' "jurisdiction . . . to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court" (citations omitted)); Berkeley v. United States, 276 F.2d 9, 12 (Ct. Cl. 1960) (stating that controversy "between private parties and not between the plaintiff and the United States . . . would embrace a claim without the jurisdiction of this court"); National City Bank of Evansville v. United States, 163 F. Supp 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." (footnotes omitted)). The jurisdiction of the Court of Federal Claims is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2000). Plaintiffs request a ruling "that it [this court] is the proper forum to determine, and so determine, that PSEG has waived its right to arbitrate by its litigation conduct and, on that basis, vacate the arbitration ruling." Pl.'s Br. filed July 2, 2007, at 15. Because plaintiffs' motion makes no claim to money damages against the United States, but, instead, seeks resolution of a dispute between private parties, this court is without jurisdiction to rule on the motion. See Portland Elec. Co. v. United States, 1 Cl. Ct. 232, 234 (1982).

Regardless of the arbitration panel's June 20, 2007 decision regarding the rights as between plaintiffs and PSEG under the PAs and any ultimate determination as to that decision's validity by the New Jersey Superior Court, the Court of Federal Claims retains jurisdiction to determine the underlying issue in this litigation of whether plaintiffs can maintain a takings claim against the Government. The arbitration award did not presume to determine this issue, as it could not. See PSEG Power, LLC & PSEG Nuclear, LLC v. Pepco Holdings, Inc., Atlantic City Elec. Co. & Delmarva Power & light Co., Atlantic City Electric Co. & Delmarva Power & Light Co. v. PSEG Power, LLC & PSEG Nuclear, LLC, slip op. at 23-24 (Arb. June 20, 2007) (Mukasey, Loftus, & Aldock, Arbs.) (deciding only that under language of PAs, plaintiffs assigned takings claims, but recognizing that "[i]t is also uncertain whether the takings theory under which the claims are being brought will prove to be viable"). The arbitration panel limited itself to resolving what claims were purportedly assigned by the language of the contract and did not determine, in the first instance, whether such claims are cognizable under the law. Given defendant's notice that it formally accepts the assignments made by plaintiffs to PSEG, a matter not before the arbitration panel, this issue is now ripe for consideration by the court.

With regard to the underlying claims arising under the Takings Clause, the court is ordering supplemental briefing in light of the Government's acceptance of plaintiffs' assignment of claims to PSEG as effected in Defendant's Notice Regarding the Assignment of Plaintiffs' Claims, in Response to the Court's Inquiries During the Parties' Hearing on August 22, 2007. Aware that Judge Shuster has calendared his hearing for September 7, 2007, the court will attempt to resolve expeditiously the status of plaintiffs' claims for takings. Accordingly,

**IT IS ORDERED**, as follows:

1. By September 12, 2007, plaintiffs, defendant, and PSEG shall file Supplemental Briefs addressing the following issues:

- If the PAs transferred all extant claims as of September 27, 1999, were plaintiffs' takings claims in existence at the effective date of transfer?

- What effect does defendant's notice formally accepting plaintiffs' assignment of claims to PSEG have on plaintiffs' maintenance of a suit under a theory of retained takings claims?

- Can an independent takings claim be maintained concurrently with a breach of contract claim pursuant to the Standard Contract? If not, how can a takings claim be maintained separately by bifurcating the claims through an assignment of the contract claims to a third-party?

- If the court enters an order ruling that plaintiffs have no takings claims because the source of their claims was a viable contract at the time that the putative takings claim arose, see Detroit Edison v. United States, 56 Fed. Cl. 299, 302 (2003), can any takings claims survive?

- If the source of the takings claims is independent from the Standard Contract and/or arises from a statute or regulation, see Boston Edison, 64 Fed. Cl. 167, 187 (2005), what precisely is that source? Can the source of the right be resolved as a matter of law? If such an independent source exists, on what date did each takings claim arise?

- If the court cannot resolve plaintiffs' takings claims at this juncture, should plaintiffs's case be consolidated with PSEG's earlier-filed case? See Vt. Yankee Nuclear Power Corp. v. United States, 73 Fed. Cl. 236, 242 (2006).

2. Defendant should state for the record whether it renews its motion to dismiss filed May 12, 2004, for purposes of the court's final ruling.

3. The Clerk of the Court shall serve a copy of this order on counsel for plaintiffs and defendant in PSEG Nuclear, L.L.C. v. United States, No. 01-551C (Fed. Cl. filed Jan. 26, 2001).

s/ Christine O.C. Miller

______________________________________

**Christine Odell Cook Miller**
Judge